IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. _____ |
| AVADEL CNS PHARMACEUTICALS, LLC, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Jazz Pharmaceuticals, Inc. ("Jazz Pharmaceuticals" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant Avadel CNS Pharmaceuticals, LLC ("Avadel" or "Defendant"), alleges as follows:

**Nature of the Action**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §100, *et seq.*, arising from Avadel's filing of a New Drug Application ("NDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market a version of Jazz Pharmaceuticals' XYREM® drug product prior to the expiration of United States Patent No. 8,731,963 (the "'963 patent" or "the patent-in-suit") owned by Jazz Pharmaceuticals.

**The Parties**

2. Plaintiff Jazz Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3170 Porter Drive, Palo Alto, California 94304.

3. On information and belief, Defendant Avadel CNS Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having

a principal place of business at 16640 Chesterfield Grove Road, Suite 200, Chesterfield, Missouri 63005.

4.      On information and belief, following any FDA approval of NDA No. 214755, Defendant Avadel will make, use, offer to sell, and/or sell the products that are the subject of NDA No. 214755 throughout the United States, and/or import those products into the United States.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      On information and belief, Avadel is subject to personal jurisdiction in Delaware because Avadel has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court in Delaware.  Avadel is a limited liability company organized and existing under the laws of the State of Delaware.  On information and belief, Avadel manufactures, markets, imports, offers for sale, and/or sells drug products throughout the United States, including within the State of Delaware and, therefore, transacts business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

7.      On information and belief, Avadel is registered to do business in Delaware (business identification number 7734658) and has appointed Corporate Creations Network Inc., located at 3411 Silverside Road, Tatnall, Building, Suite 104, Wilmington, Delaware 19810, as its registered agent for the receipt of service of process.

8.      On information and belief, by virtue of, *inter alia*, Defendant's continuous and systematic contacts with Delaware, and Defendant's actions in connection with NDA No. 214755,

this Court has personal jurisdiction over Defendant. These activities satisfy due process and confer personal jurisdiction over Defendant consistent with Delaware law.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b).

## The Patent-In-Suit

10. On May 20, 2014, the USPTO duly and lawfully issued the '963 patent entitled, "Sensitive Drug Distribution System and Method." A copy of the '963 patent is attached hereto as Exhibit A.

## The XYREM® Drug Product

11. Jazz Pharmaceuticals holds an approved NDA under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for sodium oxybate oral solution (NDA No. 21-196), which it sells under the trade name XYREM®. The claims of the patent-in-suit cover, *inter alia*, methods of use of sodium oxybate. Jazz Pharmaceuticals owns the patent-in-suit.

12. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patent-in-suit is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to XYREM®.

## Acts Giving Rise to This Suit

13. Pursuant to Section 505 of the FFDCA, Avadel filed NDA No. 214755 ("Avadel's NDA") seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of 4.5 g, 6 g, 7.5 g, and 9 g packets of sodium oxybate oral solution ("Avadel's Proposed Product"), before the patent-in-suit expires.

14. On information and belief, in connection with the filing of its NDA as described in the preceding paragraph, Avadel has provided a written certification to the FDA, as called for by

Section 505 of the FFDCA, 21 U.S.C. § 355(b)(2)(A)(iv) ("Avadel's Paragraph IV Certification"), alleging that the claims of the patent-in-suit are invalid, unenforceable, and/or will not be infringed by the activities described in Avadel's NDA.

15. No earlier than June 7, 2022, Jazz Pharmaceuticals received written notice of Avadel's Paragraph IV Certification ("Avadel's Notice Letter") pursuant to 21 U.S.C. § 355(b)(3). Avadel's Notice Letter alleged that the claims of the patent-in-suit are invalid and/or will not be infringed by the activities described in Avadel's NDA. Avadel's Notice Letter also informed Jazz Pharmaceuticals that Avadel seeks approval to market Avadel's Proposed Product before the patent-in-suit expires.

## Count for Infringement of the '963 Patent

16. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

17. Avadel's submission of its NDA to obtain approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '963 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

18. There is a justiciable controversy between the parties hereto as to the infringement of the '963 patent.

19. Unless enjoined by this Court, upon FDA approval of Avadel's NDA, Avadel will infringe the '963 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Avadel's Proposed Product in the United States.

20. Unless enjoined by this Court, upon FDA approval of Avadel's NDA, Avadel will induce infringement of the '963 patent under 35 U.S.C. § 271(b) by making, using, offering to sell,

importing, and/or selling Avadel's Proposed Product in the United States. On information and belief, upon FDA approval of Avadel's NDA, Avadel will intentionally encourage acts of direct infringement with knowledge of the '963 patent and knowledge that its acts are encouraging infringement.

21. Unless enjoined by this Court, upon FDA approval of Avadel's NDA, Avadel will contributorily infringe the '963 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Avadel's Proposed Product in the United States. On information and belief, Avadel has had, and continues to have, knowledge that Avadel's Proposed Product is especially adapted for a use that infringes the '963 patent and that there is no substantial non-infringing use for Avadel's Proposed Product.

22. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Avadel's infringement of the '963 patent is not enjoined.

23. Jazz Pharmaceuticals does not have an adequate remedy at law.

24. This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

(A) A judgment that Avadel has infringed the patent-in-suit by submitting NDA No. 214755;

(B) A judgment that Avadel has infringed the patent-in-suit, and that Avadel's making, using, selling, offering to sell, or importing Avadel's Proposed Product will infringe one or more claims of the patent-in-suit;

(C)     An order that the effective date of FDA approval of NDA No. 214755 be a date no earlier than the later of the expiration of the patent-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(D)     Preliminary and permanent injunctions enjoining Avadel and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from making, using, selling, offering to sell, or importing Avadel's Proposed Product until after the expiration of the patent-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(E)     A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Avadel, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from practicing any methods as claimed in the patent-in-suit, or from actively inducing or contributing to the infringement of any claim of the patent-in-suit, until after the expiration of the patent-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(F)     A declaration that the commercial manufacture, use, sale, or offer for sale, or importation into the United States of Avadel's Proposed Product will directly infringe, induce, and/or contribute to infringement of the patent-in-suit;

(G)     To the extent that Avadel has committed any acts of infringement with respect to the methods claimed in the patent-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), that Plaintiff be awarded damages for such acts;

(H)     If Avadel engages in the commercial manufacture, use, sale, or offer for sale, or importation into the United States of Avadel's Proposed Product prior to the expiration of the patent-in-suit, a judgment awarding damages to Plaintiff resulting from such infringement, together with interest;

(I) Attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

(J) Costs and expenses in this action; and

(K) Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

July 15, 2022

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff*
*Jazz Pharmaceuticals, Inc.*