# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

————

302 658 9200
302 658 3989 FAX

JEREMY A. TIGAN
(302) 351-9106
jtigan@morrisnichols.com

March 15, 2024

The Honorable Gregory B. Williams                    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

        Re:    *Jazz Pharmaceuticals, Inc. v. Avadel CNS Pharmaceuticals LLC*;
            C.A. No. 22-941 (GBW)

Dear Judge Williams:

        Plaintiff and Counterclaim-Defendant Jazz Pharmaceuticals, Inc. writes to request a status conference to discuss the status of the above-captioned matter in light of the jury's verdict in the related patent case that claim 24 of Jazz's '782 patent is valid. C.A. No. 21-691, D.I. 579.

        Avadel's antitrust counterclaims allege that Jazz delayed the launch of Avadel's LUMRYZ product by improperly listing the '963 patent in the Orange Book. Jazz moved to dismiss Avadel's counterclaims on December 9, 2022. D.I. 21. On June 29, 2023, Jazz moved for leave to file a supplemental brief in support of its motion to dismiss (D.I. 48) and moved to stay the case (D.I. 49) after the FDA publicly released documents showing that on August 30, 2021, the Division of Neurology 1 found that LUMRYZ was not clinically superior to XYREM or XYWAV. Accordingly, Jazz's Orphan Drug Exclusivity for XYWAV (and XYREM before it) was an independent regulatory bar to the FDA approving LUMRYZ until May 1, 2023—months after the '963 patent was delisted from the Orange Book and over a year after Avadel's April 2022 but-for launch date.

        Now, the jury's verdict finding claim 24 of Jazz's '782 patent valid (along with Avadel's stipulation that LUMRYZ infringes that asserted claim) makes it impossible for Avadel to demonstrate that its hypothetical, earlier launch of LUMRYZ "would have been legal," a requirement under black-letter antitrust law. *In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class*, 868 F.3d 132, 165 (3d Cir. 2017). Jazz therefore filed a supplemental motion to stay the case at least until resolution of post-trial briefing and the appeal, if any, of the jury's verdict finding claim 24 of the '782 patent valid. D.I. 80.

The Honorable Gregory B. Williams
March 15, 2024
Page 2


       Under the current case schedule, the fact discovery cut off is June 20, 2024, and initial expert disclosures and reports are due on August 2, 2024.  D.I. 78.  Despite the jury's verdict, at a minimum, raising very serious doubts about the viability of Avadel's antitrust counterclaims, Avadel opposes Jazz's motion to stay.  Jazz, on the other hand, believes that Your Honor should resolve the implications of the jury's verdict before the parties resume discovery and spend millions of dollars on depositions and expert reports that will likely prove to be unnecessary.

       Jazz respectfully requests a status conference be set to address this issue at the Court's earliest convenience.  Avadel does not oppose this request, on the condition that the status conference occur after Jazz's supplemental motion to stay is fully briefed on April 3, 2024.

       Respectfully,

       */s/ Jeremy A. Tigan*

       Jeremy A. Tigan (#5239)

JAT/lo
cc:     Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)