# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JEREMY A. TIGAN
(302) 351-9106
jtigan@morrisnichols.com

April 2, 2024

The Honorable Gregory B. Williams                                              *VIA ELECTRONIC FILING*
United States District Court
　for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

　　　　Re:　　*Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC;* C.A. No. 22-941 (GBW)

Dear Judge Williams:

　　　　Briefing on Counterclaim-Defendant Jazz Pharmaceuticals, Inc.'s Supplemental Motion to Stay (D.I. 80) is now complete. Pursuant to D. Del. LR 7.1.4, Jazz respectfully requests oral argument on its stay motion at the Court's earliest convenience.

　　　　Jazz urgently needs a stay, as Avadel is trying to force Jazz to incur huge expenses by plunging into up to 200 hours of deposition time, in less than three months, even though ongoing proceedings in the related patent case are likely dispositive of Avadel's claims. Jazz has not yet answered Avadel's counterclaims, and both parties have motions pending before the Court that may still change the scope of discovery when resolved. Nonetheless, without a stay, the parties' deadline to complete fact discovery is June 20, 2024. D.I. 78. The parties have not yet noticed or taken any depositions, and meeting this deadline would require the parties to prepare for and take approximately two dozen depositions across the country. The parties will also need to rapidly proceed with expert discovery, with initial expert disclosures and reports due on August 2, 2024. *Id.* All of this discovery will cost the parties millions of dollars.

　　　　Meanwhile, as the Court is aware, a jury recently found that Jazz's asserted claim 24 of U.S. Patent No. 11,147,782 is valid, and Avadel stipulated that it infringes that asserted claim. C.A. No. 21-691, D.I. 579 (jury verdict), D.I. 550 (stipulation). Under binding Third Circuit law, if the jury's verdict stands, ***Avadel necessarily lacks antitrust standing to bring its counterclaims in this case***, because Avadel will not be able to prove, as it must, that its hypothetical earlier launch of LUMRYZ "would have been legal." *In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class*, 868 F.3d 132, 165 (3d Cir. 2017). Resolution of any appeal of the jury's verdict will therefore greatly simplify the issues in this case, likely by ending this case entirely. *See Apotex*,

The Honorable Gregory B. Williams
April 2, 2024
Page 2

*Inc. v. Senju Pharm. Co.*, 921 F. Supp. 2d 308, 314 (D. Del. 2013).  Jazz thus respectfully requests the opportunity to address this pending motion at oral argument at the Court's earliest convenience.

                                                                     Respectfully,

                                                                     */s/ Jeremy A. Tigan*

                                                                     Jeremy A. Tigan (#5239)

JAT/lo
cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)