

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

April 3, 2024

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Gregory B. Williams
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Jazz Pharms., Inc., et al. v. Avadel CNS Pharms., LLC*,
C.A. No. 22-941-GBW

Dear Judge Williams:

Jazz Pharmaceuticals, Inc.'s April 2, 2024, letter improperly argues the merits of its Supplemental Motion to Stay (D.I. 80). D. Del. L.R. 7.1.2(b) ("Except for the citation of subsequent authorities, no additional papers shall be filed absent Court approval."). Avadel clarifies the record with this short response.

Jazz has desperately tried to evade accountability for its efforts to delay competition from Avadel's superior, once-nightly drug. It has filed one motion after another in this antitrust case, most recently making a remarkable, *second* request for a stay near the close of fact discovery. As Avadel explained in its opposition, Jazz's attempts to stay this case are without merit. D.I. 82. Although Avadel does not oppose Jazz's request for oral argument, Avadel does not believe that it is necessary—Jazz's latest motion is facially defective and ought to be summarily denied.

Regardless, the Court should reject Jazz's efforts to manufacture false urgency in this case. Jazz's reply (D.I. 84) confirms that Jazz is seeking early summary judgment in the guise of a discovery stay, without seeking leave of the Court to do so. D.I. 82, p. 9 ("*Voith Paper GMBH & Co. KG v. Johnsonfoils, Inc*., No. 07-226, 2008 WL 874311, at *2 (D. Del. Mar. 31, 2008) (denying stay and motion for leave to file early summary judgment motion pending PTO reexamination proceedings); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 226 (D.N.H. 2004) ("A defendant's confidence that it will prevail on a dispositive motion does not in and of itself justify holding discovery in abeyance."); *White Knuckle, IP, LLC v. Elec. Arts Inc*., No. 15- 00036, 2015 WL 5022579, at *2 (D. Utah Aug. 24, 2015) ("A party is not entitled to a stay by merely filing a dispositive motion and then claiming it is 'highly likely' the motion will be successful.").")."). And, as Avadel explained in opposition, *Wellbutrin* does not support Jazz's position. D.I. 82.

Avadel has spent three years litigating against Jazz's claims at great expense—including against Jazz's improper listing of the '963 patent at issue in this case. Now that it is Avadel's turn to advance its affirmative claims, Jazz continues its efforts to resist discovery and delay resolution

of Avadel's claims.  Jazz does not dispute that it agreed to the current discovery schedule on January 23, 2024 (D.I. 79).  That schedule remains in place, and discovery should proceed pursuant to that agreed-upon and Court-ordered schedule.

Respectfully submitted,

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)

cc:     All counsel of record (via CM/ECF and E-Mail)