# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Jeremy A. Tigan
(302) 351-9106
jtigan@morrisnichols.com

April 25, 2024

The Honorable Gregory B. Williams  *VIA ELECTRONIC FILING*
United States District Court
 for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:   *Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC;* C.A. No. 22-941 (GBW)

Dear Judge Williams:

Jazz respectfully submits this letter in response to Avadel's improper attempt at a sur-reply. D.I. 89. Avadel purports to alert the Court to "subsequent developments" (*id*. at 1) that Avadel contends undercut Jazz's stay motion, which is based on the recent jury verdict finding that Avadel's sales of LUMRYZ infringe a valid Jazz patent. D.I. 80, 84. Avadel's arguments are meritless and legally unsupported, and they continue to highlight why this case should be stayed pending resolution of post-trial briefing and appeal, if any, of the jury's verdict in C.A. No. 21-691.

Avadel asserts that it has antitrust standing because Jazz allegedly delayed Avadel in making "lawful sales" of LUMRYZ. D.I. 89 at 1. Avadel is wrong. As the Third Circuit has held, Avadel must show that its hypothetical earlier launch of LUMRYZ "would have been legal" to sustain its claims. *In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class*, 868 F.3d 132, 165 (3d Cir. 2017). But Avadel stipulated that LUMRYZ infringes claim 24 of U.S. Patent No. 11,147,782, and the jury found that claim 24 is valid. C.A. No. 21-691, D.I. 550 (stipulation); D.I. 579 (jury verdict). Thus, if Avadel had launched LUMRYZ in April 2022 (Avadel's alleged but-for entry date), the launch would have been ***illegal*** because it would have infringed the '782 patent. And thus Avadel cannot show that there was "a single lawful sale" (D.I. 89 at 2) that Jazz allegedly delayed. Indeed, every sale Avadel has made since launch has been unlawful. Accordingly, the jury's verdict deprives Avadel of antitrust standing, and it makes no sense to undertake costly discovery over such futile claims. As Jazz has shown, ***not a single case*** has permitted delayed-entry antitrust claims like Avadel's to proceed where the alleged earlier entry would have infringed a valid patent. *See* D.I. 84.

The Honorable Gregory B. Williams
April 25, 2024
Page 2

      Avadel's "subsequent development[]" that it now says revives its claims is that, in seeking an equitable remedy for Avadel's ongoing, unlawful conduct, Jazz has not moved to enjoin every last sale of LUMRYZ.  D.I. 89 at 1.  Rather, Jazz seeks to enjoin Avadel from providing LUMRYZ to the patients who are not already prescribed it as of the time of the injunction, and asks the Court to impose an ongoing royalty to the extent Avadel makes infringing LUMRYZ sales outside that injunction.  C.A. No. 21-691, D.I. 587.  But the precise relief that Jazz seeks now has no relevance to the fundamental (and currently dispositive) problem with Avadel's claims arising from the jury's verdict—Avadel could not have launched LUMRYZ lawfully (*i.e.*, without violating Jazz's patent rights) ***in April 2022***.

      Whether Jazz now seeks an injunction, an ongoing royalty, or a combination of the two does not change the fact that Avadel's hypothetical earlier launch of LUMRYZ would have been unlawful, and is thus not actionable under the antitrust laws.  A vandal's decision to deface a storefront is not "lawful" because he later is ordered to pay a fine for his act rather than being enjoined from further vandalism.  Similarly, Avadel's hypothetical earlier launch of LUMRYZ would not have been "lawful" merely because Jazz is seeking an ongoing royalty instead of an injunction for some of the illegal acts Avadel is undertaking in violation of Jazz's patent rights.

      Avadel's counterclaims must fail if the jury's verdict stands.  Therefore, Jazz respectfully requests that the Court grant its motion to stay further proceedings—including extremely burdensome deposition and expert discovery—until Avadel's appeal of the jury verdict is resolved.

      Respectfully,

      */s/ Jeremy A. Tigan*

      Jeremy A. Tigan (#5239)

JAT/lo
cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via CM/ECF and e-mail)