IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-941 (GBW) |
| | ) |
| AVADEL CNS PHARMACEUTICALS LLC, | ) |
| | ) |
| Defendant. | ) |

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY RELATED TO TESTIFYING EXPERTS**

Plaintiff-Counterclaim Defendant Jazz Pharmaceuticals, Inc. ("Jazz") and Defendant-Counterclaim Plaintiff Avadel CNS Pharmaceuticals LLC ("Avadel"), each a "Party" and together the "Parties," through their undersigned counsel, hereby stipulate and agree to the following regarding expert discovery and testimony in this Action (the "Order"):

1. This Order supplements all other discovery rules and orders.

2. This Order should be read in conjunction with, and using the same definitions as, the Stipulated Protective Order in this matter.

3. The Parties agree that the provisions of Fed. R. Civ. P. 26(b)(4)(C), as modified or limited herein, will apply to expert discovery in this Action. Discovery of expert materials shall be limited to final expert reports and materials relied upon in connection with those reports.

4. For the avoidance of doubt, the following non-exhaustive categories of data, information, documents or materials need not be produced by any Party, and are not subject to discovery in this matter, even if an expert witness reviewed or considered them, if the expert witness did not rely on them in forming his or her disclosed opinion(s) or other testimony. Thus, the term "considered" as used in Fed. R. Civ. P. 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this section. For the avoidance of doubt, materials that

are considered but not relied upon by an expert shall not be discoverable notwithstanding any language to the contrary in Fed. R. Civ. P. 26(a)(2)(B)(ii):

    4.1. non-final versions of any expert witness's reports, opinions, written testimony or work papers prepared in connection with this Action; preliminary calculations, computations, modeling or data runs prepared in connection with this Action; or other preliminary or draft materials prepared by, for, or at the direction of an expert witness;

    4.2. any notes taken or other writings prepared by or for an expert witness in connection with this Action, including correspondence or memos to or from, and notes of conversations with, the expert witness's assistants, employees, agents, clerical and support staff and/or supporting firms ("Staff"), other expert witnesses or non-testifying expert consultants, or attorneys for the Party offering the testimony of such expert witness; and

    4.3. information or communications, written or otherwise exchanged, recounted, or memorialized among or between: (i) counsel and the expert witness and/or the expert witness's Staff; (ii) counsel and any non-testifying expert consultant and/or the consultant's Staff; (iii) the expert witness and other expert witnesses and/or other non-testifying expert consultants; (iv) expert witnesses and their Staff; (v) non-testifying expert consultants and their Staffs; (vi) the respective Staffs of expert witnesses or non-testifying expert consultants and the Staffs of other expert witnesses or non-testifying expert consultants.

5.     This Stipulation and Order does not impose any independent obligation to retain the information covered by Paragraph 4 herein.

6. Within four (4) days of disclosing any expert testimony, including written reports, the Parties that engaged the expert shall produce to all Parties all facts, data and other information that the expert witness relied upon in forming his or her opinion(s); provided, however, that to comply with this Paragraph, a Party need not produce, but may simply identify in writing, (i) the Bates ranges of documents or other information produced in this Action; (ii) the deponent names and dates for transcripts of depositions taken in this Action; (iii) the exhibit numbers of all exhibits from such depositions; and (iv) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other sources, not including materials that are available for purchase but not publicly accessible otherwise (e.g., articles subject to a paywall, book chapters, etc.). To the extent the disclosures required by this Order describe or include exhibits, information, or data results generated, processed, or modeled by computer at the direction of a disclosed expert witness and relied upon in forming his or her opinions, machine-readable copies of the input data along with the appropriate computer program(s) and instructions sufficient to replicate such exhibits, information, and data results shall be produced to all Parties. All input data, computer program code, and instructions used to generate the exhibits, information, or data results relied upon by an expert witness to form his or her opinion(s) shall be produced, except no Party need produce computer programs that are reasonably and readily commercially available. If a Party's expert witness intends to rely upon data available for purchase, the Party offering the expert witness shall undertake reasonable efforts to secure rights to produce said data in discovery. If a Party's expert witness relies on data available for purchase that cannot be produced due to licensing or other legal restrictions, the Party offering the expert witness will notify opposing counsel of its expert witness's intentions to rely on such data at least 21 days before the deadline for serving expert disclosures so that the opposing party will have an opportunity to obtain the data in question by

the time of the relevant expert disclosure. For avoidance of doubt, the disclosure requirement in this paragraph does not apply to any demonstratives that a party may create for future court hearings or trial. The use and disclosure of expert demonstratives at trial will be governed by a pre-trial stipulation or order.

7.  All electronic data, together with program(s) and instructions described in Paragraph 6, shall be made available within the four (4) day period described therein, and shall be delivered by hand, overnight express, or electronic means (*e.g.*, FTP) to counsel for each Party. Any physical materials sent to Jazz shall be sent to Quinn Emanuel Urquhart & Sullivan's New York Office, attn: Steig Olson, Frank Calvosa, Gabriel Brier. Any physical materials sent to Avadel shall be sent to Latham & Watkins's Washington, DC office, attn: Alan Devlin, Anna Rathbun.

8.  Notwithstanding any other provision in this Stipulation and Order, this Stipulation and Order does not preclude or limit discovery regarding expert work, data, calculations, or other material filed with or otherwise submitted to the Court outside of written expert witness reports or disclosed expert testimony. Depositions of expert witnesses shall not count towards the 100 hour deposition total set out in Paragraph 3.e.i. of the Scheduling Order (D.I. No. 44).

9.  For the avoidance of doubt, no expert or party is required to produce or describe on a privilege log and no party may seek discovery, by any method (including by deposition), of the following, except to the extent that it constitutes factual information that the expert relied upon in forming his or her opinion: (i) any form of communication or work product between an expert (including his or her Staff) and a party or parties offering the testimony of such expert and/or a party that holds a common interest privilege or joint defense privilege with the party or parties offering the testimony of such expert (including such party or parties' Staff and counsel, and

counsel's employees or agents); (ii) any form of communication or work product between an expert and his or her Staff; (iii) any form of communication or work product between or among an expert (including his or her Staff) and a consulting expert (including his or her Staff) retained by or on behalf of the same party or parties; (iv) drafts of any report, exhibit, study, work paper, computation, calculation, compilation, or any other material prepared by, for, or at the direction of an expert, regardless of the form in which the draft is recorded; or (v) any notes or other writings made by, for, or at the direction of an expert.  Nothing in this paragraph relieves an expert or party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions.

10. This Stipulation and Order also does not preclude reasonable questions at deposition related to an expert witness's compensation, or to the number of hours the expert witness expended in preparing his or her opinion(s).

11. Further, nothing herein shall be construed to prevent deposition questions relating to the substance of the expert witness's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the expert witness may not have relied upon in formulating his or her opinions).  Thus, notwithstanding anything to the contrary herein, an expert witness may be presented at deposition, hearing, or trial with documents, testimony, or other materials not contained in his or her expert report and questioned about whether the expert witness relied or did not rely on such documents, testimony, or other materials in formulating his or her opinion(s), and whether such documents, testimony, or other materials would cause the expert witness to alter her or his opinion(s) in any respect.

12. Nothing herein shall limit or waive any Party's right to object to the admission into evidence of any opposing Party's expert witness report or opinion(s) or other materials, or to the qualification of any person to serve as an expert witness.

13. This Stipulation may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

14. All deadlines and time periods in this Stipulation and Order will be computed pursuant to Fed. R. Civ. P. 6(a).

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MCCARTER & ENGLISH, LLP |
| */s/ Jeremy A. Tigan* | */s/ Alexandra M. Joyce* |
| Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com | Daniel M. Silver (#4758)<br>Alexandra M. Joyce (#6423)<br>Renaissance Centre<br>405 North King Street, 8th Floor<br>Wilmington, DE  19801<br>(302) 984-6300<br>dsilver@mccarter.com<br>ajoyce@mccarter.com |
| *Attorneys for Plaintiff Jazz Pharmaceuticals, Inc.* | *Attorneys for Defendant Avadel CNS Pharmaceuticals LLC* |

July 1, 2024

It is SO ORDERED this _____ day of _____, 2024.

_____
UNITED STATES DISTRICT COURT JUDGE