IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-941 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS, LLC, | ) | |
| | ) | |
| Counterclaim-Plaintiff. | ) | |

**JAZZ'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO CERTIFY
AN APPEAL UNDER 28 U.S.C. § 1292(b)**

<table>
<tr>
<td></td>
<td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Counterclaim-Defendant
Jazz Pharmaceuticals, Inc.*
</td>
</tr>
</table>

OF COUNSEL:

F. Dominic Cerrito
Steig D. Olson
Gabriel P. Brier
Frank C. Calvosa
Avi Grunfeld
Nicolas Siebert
Andrew Faisman
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

William R. Sears
Lynette Lim
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000

July 12, 2024

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.     JAZZ'S REQUEST IS PROCEDURALLY VALID...........................................................2

II.    ALL RELEVANT FACTORS FAVOR CERTIFYING AN APPEAL .............................2

    A.    Whether Avadel Has Antitrust Standing Is A Controlling Issue Of Law................2

    B.    There Is Substantial Ground For Difference Of Opinion With The Court's
         Determination That *Wellbutrin* Is Not Controlling...................................................4

         1.    Avadel's Argument That An Injunction Might Not Have Been
               Granted Was Fully Considered, And Rejected, In *Wellbutrin*....................4

         2.    An Ongoing Royalty Award Does Not Make Past Infringement
               Legal ...........................................................................................................8

    C.    Resolution Of The Appeal Will Materially Advance The Case ...........................10

III.   CONCLUSION............................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
    809 F.3d 633 (Fed. Cir. 2015)...................................................................................8

*Arista Networks, Inc. v. Cisco Systems, Inc.*,
    2018 WL 11606358 (N.D. Cal. Feb. 14, 2018) .....................................................8

*AstraZeneca AB v. Glenmark Generics Ltd.*,
    2014 WL 5366050 (D. Del. Oct. 9, 2014) ...........................................................3

*Baychar, Inc. v. Salomon N. Am.*,
    2006 WL 2061400 (D. Me. July 19, 2006)...........................................................9

*Bell v. City of Philadelphia*,
    275 F. App'x 157 (3d Cir. 2008) ..........................................................................4

*In re Broadstripe, LLC*,
    2009 WL 774401 (D. Del. Mar. 26, 2009) ...........................................................8

*Brotech Corp. v. White Eagle Int'l Techs. Grp., Inc.*,
    2004 WL 1427136 (E.D. Pa. June 21, 2004) .......................................................3

*Cordis Corp. v. Bos. Sci. Corp.*,
    2010 WL 331792 (D. Del. Jan. 28, 2010)...........................................................10

*Eagle Pharms., Inc. v. Eli Lilly & Co.*,
    2018 WL 6201704 (D. Del. Nov. 27, 2018) .........................................................7

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)..............................................................................................8

*Handgards, Inc. v. Ethicon, Inc.*,
    743 F.2d 1282 (9th Cir. 1984) .........................................................................3, 4

*Hynix Semiconductor Inc. v. Rambus, Inc.*,
    527 F. Supp. 2d 1084 (N.D. Cal. 2007) ...............................................................3

*Itron, Inc. v. Benghiat*,
    2003 WL 22037710 (D. Minn. Aug. 29, 2003) ...................................................9

*John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*,
    119 F.3d 1070 (3d Cir. 1997)................................................................................3

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974)..................................................................................2

*King Instrument Corp. v. Otari Corp.*,
   814 F.2d 1560 (Fed. Cir. 1987)............................................................................9

*Paice LLC v. Toyota Motor Corp.*,
   504 F.3d 1293 (Fed. Cir. 2007)............................................................................9

*Polara Eng'g, Inc. v. Campbell Co.*,
   237 F. Supp. 3d 956 (C.D. Cal. Feb. 27, 2017) ...................................................9

*Premier Electrical Construction Co. v. National Electrical Contractors Ass'n*,
   814 F.2d 358 (7th Cir. 1987) ...............................................................................3

*In re Quorum Health Corp.*,
   2024 WL 2271892 (D. Del. May 20, 2024)..........................................................8

*Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*,
   758 F.2d 613 (Fed. Cir. 1985)........................................................................9, 10

*Skolnick v. Comm'r of Internal Revenue*,
   62 F.4th 95 (3d Cir. 2023) ...................................................................................3

*Travelers Indem. Co. v. ADT Sec. Sys., Inc.*,
   2010 WL 423930 (E.D. Pa. Jan. 29, 2010) ..........................................................2

*United States ex rel. Brown v. Pfizer, Inc.*,
   2017 WL 2691927 (E.D. Pa. June 22, 2017) ......................................................10

*In re Wellbutrin XL Antitrust Litigation*,
   133 F. Supp. 3d 734 (E.D. Pa. 2015), *aff'd*, 868 F.3d 132 ..................................5

*In re Wellbutrin XL Antitrust Litigation Indirect Purchaser Class*,
   868 F.3d 132 (3d Cir. 2017)............................................................................1, 7

*Whitserve, LLC v. Computer Packages, Inc.*,
   694 F.3d 10 (Fed. Cir. 2012)................................................................................9

## Statutes

28 U.S.C. § 1292(b) ......................................................................................1, 2, 10

35 U.S.C. § 283 .......................................................................................................9

35 U.S.C. § 284 .......................................................................................................9

## Other Authorities

Wright & Miller, *Federal Practice and Procedure* (3d ed.).........................................2

Jazz respectfully submits this reply in support of its request that the Court certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if it does not grant Jazz's request for reargument on a dispositive question of antitrust law.

As Jazz has demonstrated, this Court's holding that Avadel may pursue its delayed-entry antitrust claims is an outlier.  No other court has ever allowed such claims to proceed when the alleged earlier entry would have infringed a valid patent.  Moreover, there is substantial ground for difference of opinion with this Court's ruling that *In re Wellbutrin XL Antitrust Litigation Indirect Purchaser Class*, 868 F.3d 132 (3d Cir. 2017) is distinguishable and does not bar Avadel's claims.  Specifically, the Court erred in accepting Avadel's claim that the Third Circuit did not have the opportunity to consider Avadel's argument that a delayed-entry claim can be viable even when the alleged earlier entry would have infringed a valid patent, unless an injunction would have completely blocked the infringing product from being sold.  As Jazz has demonstrated, that exact argument was made by the plaintiffs in *Wellbutrin*, addressed by both the defendant and two separate *amici*, and squarely rejected by the Third Circuit.

Thus, if the Court does not grant reargument, it should certify an interlocutory appeal on the question of whether an alleged earlier entry that infringed a valid patent may be deemed legal and serve as the basis for antitrust standing if the antitrust plaintiff "adequately alleg[es] that (1) an injunction would not have issued against the plaintiff's infringement, and (2) the plaintiff would have entered the relevant market even if it had to pay a hypothetical damages award for its infringement."  D.I. 94 ("Opinion" or "Op.") at 21.  All relevant factors support certifying an appeal:  This is a controlling issue of law; there is substantial ground for difference of opinion with the Court's Opinion; and resolution of this appeal will significantly advance the resolution of this dispute, because a decision in Jazz's favor will ***end*** this case.  As shown below, Avadel's

1

arguments against certification lack merit and rest on blatant distortions of well-settled law and the *Wellbutrin* record.

## I.       JAZZ'S REQUEST IS PROCEDURALLY VALID

Avadel's argument (D.I. 108 at 10-11) that Jazz's request is procedurally improper is incorrect and elevates form over substance.  The Court's order regarding Jazz's supplemental motion to stay is an "order" within the meaning of Section 1292(b), which simply requires that the Court decide the question for appeal (which it has) before certifying the appeal.  Wright & Miller, *Federal Practice and Procedure* § 3930 (3d ed.).  It is immaterial that the Court did not issue a final ruling on Jazz's stay request.  Unless the Court reconsiders its ruling that *Wellbutrin* does not govern here, there is no reason to defer certification of this case-dispositive issue.

Avadel also argues that certification is not warranted to appeal the Court's "initial views *of a single cited case*."  D.I. 108 at 11.  But the "single" case in question is ***binding Third Circuit authority*** that addresses the viability of the exact claim Avadel brought here.  This is precisely the situation that an interlocutory appeal under Section 1292(b) is intended for, as an appeal will avoid "a wasted protracted trial if it could early be determined that there might be no liability."  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974); *see also Travelers Indem. Co. v. ADT Sec. Sys., Inc.*, 2010 WL 423930, at *2 (E.D. Pa. Jan. 29, 2010) (certifying an appeal under §1292(b) where the court's decision may conflict with binding Third Circuit authority).

## II.      ALL RELEVANT FACTORS FAVOR CERTIFYING AN APPEAL

### A.      Whether Avadel Has Antitrust Standing Is A Controlling Issue Of Law

*Wellbutrin*'s applicability to this case is a controlling issue of law.  Avadel resists this conclusion by positing two alternative theories of antitrust standing, claiming this case would continue even if the Third Circuit confirms that Avadel does not have antitrust standing to the extent its alleged earlier entry would have infringed Jazz's valid patent.  Both theories fail.

*First*, Avadel asserts that it "suffered antitrust injury beyond harm from its delayed entry . . . in the form of attorneys' fees and costs" related to delisting the '963 patent.[1] D.I. 108 at 11-12. But Avadel's attorneys' fees and costs are not harm to competition.  "An antitrust plaintiff must show that the allegedly anticompetitive conduct harmed 'the competitive landscape.'" *Brotech Corp. v. White Eagle Int'l Techs. Grp., Inc.*, 2004 WL 1427136 at \*7 (E.D. Pa. June 21, 2004). Because *Wellbutrin* prevents Avadel from making an independent showing of harm to competition in the form of delayed entry of LUMRYZ, any "harm in having to defend [the] patent [] lawsuit is purely personal and cannot establish an antitrust injury on its own." *AstraZeneca AB v. Glenmark Generics Ltd.*, 2014 WL 5366050, at \*1 (D. Del. Oct. 9, 2014).

Avadel's out-of-circuit cases (D.I. 82 at 10 n.3; D.I. 108 at 13) are inapposite.  None of them hold (or even suggest) that attorneys' fees can establish antitrust injury on their own, absent harm to competition. *Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084 (N.D. Cal. 2007) and *Premier Electrical Construction Co. v. National Electrical Contractors Ass'n*, 814 F.2d 358 (7th Cir. 1987) address only when attorneys' fees and costs can be recovered as antitrust ***damages*** when there is a separate antitrust violation, independent of the lawsuit, that causes antitrust ***injury***. *Hynix,* 527 F. Supp. 2d at 1097 (attorneys' fees can be recoverable when "other aspects of the scheme independently produce anticompetitive harms"); *Premier Elec.*, 814 F.2d at 371-73, 376 (allowing recovery of attorneys' fees for lawsuits seeking to enforce "a private price-fixing agreement" that was "the [antitrust] violation").  And in *Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282 (9th Cir. 1984), the court allowed the recovery of attorneys' fees where the plaintiff

---

[1]  Avadel claims (D.I. 108 at 13) that Jazz waived its response to this argument, but Avadel itself previously "forfeited this argument by only raising it in a footnote."  *Skolnick v. Comm'r of Internal Revenue*, 62 F.4th 95, 108 (3d Cir. 2023); *see also John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.").

claimed the defendant harmed competition through bad faith prosecution of patent infringement suits. *Id.* at 1297-98. Here, Avadel does not claim that Jazz's infringement suit harmed competition other than by allegedly delaying Avadel's alleged earlier entry—the delayed-entry claim that Avadel lacks antitrust standing to assert under *Wellbutrin*.

*Second*, Avadel's assertion (D.I 108 at 12) that its claims could still proceed if discovery "revealed that the parties would likely have negotiated a voluntary license" in the but-for world is baseless. This theory is even more implausible than the speculative licensing argument rejected by the Third Circuit in *Wellbutrin*. D.I. 100 at 7-9. Unlike the plaintiffs in *Wellbutrin*, Avadel **did not even plead** that it would have obtained a license from Jazz by the time of its alleged earlier launch.[2] Even now, Avadel does not offer any support for this argument, because there is none.

### B. There Is Substantial Ground For Difference Of Opinion With The Court's Determination That *Wellbutrin* Is Not Controlling

#### 1. Avadel's Argument That An Injunction Might Not Have Been Granted Was Fully Considered, And Rejected, In *Wellbutrin*

Avadel does not credibly dispute that there is "a substantial ground for difference of opinion" with the Court's Opinion. As Jazz showed in its opening brief, the *Wellbutrin* record disproves that the plaintiffs in that case argued only that "the patent . . . was invalid or not infringed," and that the Third Circuit thus did not "have the opportunity to address" the possibility that an earlier launch would have occurred (and would not have been enjoined) despite infringing a valid patent. Op. at 19. In fact, this argument was presented by the plaintiffs, addressed by both the defendant and two separate *amici*, and flatly rejected by the Third Circuit.

---

[2]  Nor would Avadel be able rely on this argument to survive summary judgment without properly amending its complaint to plausibly plead this theory. *See Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008).

Avadel claims that the parties in *Wellbutrin* "treated injunctive relief as being synonymous with a finding of infringement of a valid patent—the former inevitably flowed from the latter." D.I. 108 at 6.  But Avadel simply cherry-picks portions of the parties' briefing in *Wellbutrin* while omitting critical context.  In the language in the plaintiffs' briefing that Avadel points to (D.I. 108 at 7), the plaintiffs argued that Andrx would not have been able to obtain an injunction because it would not have demonstrated a high enough likelihood of success on the merits—which is just **one** of the necessary elements (but not alone sufficient) to obtain an injunction.  *See, e.g.*, D.I. 108-1 Ex. A at 83 ("Andrx needed an injunction:  it would have to show, *inter alia*, its likelihood of success on the merits" in the patent litigation).  And in the language in GSK's (the defendant's) brief that Avadel points to (D.I. 108 at 7-8), GSK indicated only that an injunction **could** follow from a finding of infringement, not that it would follow.  *See, e.g.*, D.I 108-2 Ex. B at 83 ("**If, for example**, Andrx had succeeded in obtaining an injunction . . . Anchen's product would have been removed from the market for the remaining 15 years of the patent." (emphasis added)).  Contrary to Avadel's argument, nothing in the briefing suggests that the parties believed injunctive relief would "inevitably flow[]" from a finding of likelihood of success on the merits.  D.I. 108 at 6.

Meanwhile, Avadel ignores that the district court's decision squarely addressed the possibility that an earlier launch might have infringed a valid patent without being enjoined, but held that an infringing "at risk" launch—the same type of launch Avadel alleges it could have made earlier here—cannot be a predicate to antitrust standing because "an 'at risk' launch is unlawful absent a later finding of patent invalidity or non-infringement."  *In re Wellbutrin XL Antitrust Litig.*, 133 F. Supp. 3d 734, 764-65 (E.D. Pa. 2015), *aff'd*, 868 F.3d 132.  This holding was then extensively addressed by the parties and *amici* on appeal to the Third Circuit.

For example, as Jazz has explained, the *Wellbutrin* plaintiffs expressly argued to the Third Circuit that the district court erred because it was necessary to consider not only whether the alleged earlier launch would have infringed a valid patent, but also whether the patentholder would have obtained an injunction.  D.I. 100 at 5-6.  The plaintiffs claimed that the district court had erred by failing to recognize that, to prevent the launch, "***Andrx needed an injunction***."  D.I. 108-1 Ex. A at 83 (emphasis added).  Avadel ignores this, while making the same argument here—that "Jazz would need to prove that . . . [it] would have successfully obtained an injunction . . . completely blocking LUMRYZ from the market."  D.I. 82 at 5.  Avadel likewise ignores that GSK directly responded to this argument, arguing that "[t]here could be no antitrust injury from hypothetical generic sales made 'at risk' because, absent proof that Anchen would have prevailed in the patent litigation, 'at risk' sales would have been unlawful and thus could not inflict antitrust injury."  D.I. 108-2 Ex. B at 93.  GSK's discussion of "hypothetical generic sales made 'at risk'" is a reference to infringing sales that were not enjoined—precisely what Avadel claims was not addressed in *Wellbutrin*.  D.I. 108 at 6-7.

Avadel also ignores that the relevance of a potential injunction was discussed in two separate *amicus* briefs that major trade organizations submitted to the Third Circuit.  D.I. 100 at 6. Both of these *amicus* briefs explained why the argument Avadel is pressing here fails under settled law.  Generic Pharm. Ass'n Amicus Br. at 23-24, *Wellbutrin*, No. 15-3559 (3d Cir. May 10, 2016) ("[The district court's] analysis properly refused to let [the plaintiffs] use the possibility of an at-risk launch to circumvent their obligation to prove that, in the but-for world, the generic product could have been on the market without infringing the brand patents."); Pharm. Research and Mfrs. of Am. Amicus Br. at 15, *Wellbutrin*, No. 15-3559 (3d Cir. May 10, 2016) ("Plaintiffs argue . . . that . . . evidence that Anchen/Teva would have launched at risk satisfies the causation

requirement. . . . However, the district court was clearly correct to require proof that any at-risk entry would have been noninfringing, meaning that the generic would have prevailed in the relevant patent suits.").

In affirming the district court, the Third Circuit agreed with GSK and the *amici*, and rejected the plaintiffs' argument, which is the same argument that Avadel is making here. As Jazz pointed out but Avadel again ignores, the Third Circuit in *Wellbutrin* specifically noted that "the District Court found that ***there was at least a question of fact as to whether Anchen would have launched the drug in June 2007***." 868 F.3d at 165 (emphasis added); D.I. 100 at 6. Thus, the Third Circuit agreed that the drug might have launched earlier despite infringing a valid patent— meaning the launch would not have been prevented by an injunction—and explained why that possibility did not matter. The Third Circuit held that the plaintiffs would still lack antitrust standing because they could not "***show that the launch would have been legal***." 868 F.3d at 165 (emphasis added).

Nor can Avadel dispute that this Court's interpretation of *Wellbutrin* is an outlier. No other court has let delayed-entry claims proceed where the alleged earlier entry would have infringed a valid patent, and no other court has held that whether the alleged earlier entry would have been enjoined matters. D.I. 84. As this Court recognized, cases applying *Wellbutrin* support Jazz's position. Op. at 18-19 (collecting cases); *see also* D.I. 80 at 4 n.2, 7; D.I. 100-1 at 213-15. Avadel suggests (D.I. 108 at 5) that reverse-payment settlements are "distinguishable," but it provides no reason why, and there is none. *Wellbutrin*'s black-letter rule of antitrust standing applies to all delayed-entry cases. *See Eagle Pharms., Inc. v. Eli Lilly & Co.*, 2018 WL 6201704, at *2 (D. Del. Nov. 27, 2018) (applying *Wellbutrin* to claim alleging improper Orange Book use code).

These cases are consistent with the decades-old principle that a patent confers a lawful monopoly. Avadel's argument (D.I. 108 at 8-9) that *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) overturned that principle is misguided. As *eBay* held, "the creation of a right is distinct from the provision of remedies for violations of that right." 547 U.S. at 392. Thus, courts following *eBay* continue to recognize that a patent confers a lawful monopoly to the patentholder as a matter of right, regardless of what remedy the patentholder seeks or obtains for infringement of its patent. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 638-39 (Fed. Cir. 2015). Countless authorities confirm that patentholders have the right to exclude others from using their valid patents free from antitrust liability. *See* D.I. 80 at 5; D.I. 100 at 7.

Contrary to Avadel's assertion, there are no cases that "go against Jazz." D.I. 108 at 7. Even *Arista Networks, Inc. v. Cisco Systems, Inc.*, 2018 WL 11606358 (N.D. Cal. Feb. 14, 2018), which is not a delayed-entry case, explained that delayed-entry plaintiffs lack antitrust standing when their earlier entry would have infringed valid patents. D.I. 84 at 5-6. It is therefore Avadel, not Jazz, that is "positing an extreme and incorrect legal position." D.I. 108 at 12.

Avadel's argument is that there is a "lack of controlling precedent." D.I. 108 at 103. Although that is not correct, a lack of controlling precedent would still favor certifying an appeal. Contrary to Avadel's assertion (D.I. 208 at 12-13), the absence of controlling precedent is sufficient grounds for finding a substantial ground for difference of opinion. *See, e.g.*, *In re Quorum Health Corp.*, 2024 WL 2271892, at *4 (D. Del. May 20, 2024); *In re Broadstripe, LLC*, 2009 WL 774401, at *2 (D. Del. Mar. 26, 2009).

2.     **An Ongoing Royalty Award Does Not Make Past Infringement Legal**

Avadel also attempts to distinguish *Wellbutrin* by arguing that "when a court denies an injunction and instead awards a reasonable royalty, the court grants an implied license for both *past* and future infringing sales." D.I. 108 at 10. This argument muddles the distinction between

legal damages for past infringement, which are granted under 35 U.S.C. § 284, and equitable ongoing royalties awards to address future infringement, which are granted under 35 U.S.C. § 283 and are a form of **injunctive** relief.  *Compare Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 35 (Fed. Cir. 2012) ("The jury was instructed to award 'damages,' which by definition covers only past harm.") *with Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1313-14 (Fed. Cir. 2007) (holding that courts may "award[] an ongoing royalty for patent infringement in lieu of an injunction" under § 283, which gives courts authority to "grant injunctions").

Avadel claims that an ongoing royalty award to address future infringement retroactively makes past infringing sales lawful, but the cases it cites say nothing of the sort.  D.I. 108 at 9-10. These cases all concern the sufficiency of damages awards for past infringement, and provide no support for Avadel's claim that an ongoing royalty award to address *future* infringement can somehow have "retroactive effect" that renders past infringement legal.[3]

A prospective remedies determination does not affect the legality of past infringement.  In Avadel's previous briefing to this Court, it argued only that a compulsory license affects the legality of future sales.  D.I. 82 at 14-15.  Even if an ongoing royalty award could create a compulsory license, it would do so only for future infringing sales.[4]  *See, e.g.*, *Shatterproof Glass*

---

[3]   *See King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560, 1564 (Fed. Cir. 1987) (enjoining future infringing sales, while allowing the sale of unpatented spare parts attributable to repair of previously sold infringing devices because the infringer paid a sufficient damages award);  *Itron, Inc. v. Benghiat*, 2003 WL 22037710, at *14 (D. Minn. Aug. 29, 2003) (similar); *Polara Eng'g, Inc. v. Campbell Co.*, 237 F. Supp. 3d 956, 991 (C.D. Cal. Feb. 27, 2017) (similar); *Baychar, Inc. v. Salomon N. Am.*, 2006 WL 2061400, at *6-9 (D. Me. July 19, 2006) (holding that a settlement agreement from prior litigation fully compensated the patentholder for the allegedly infringing pre-suit sales).

[4]   Jazz has not conceded that an ongoing royalty award creates a compulsory license, contrary to Avadel's claims.  D.I. 108 at 1, 9.  Rather, Jazz noted that, even under the Court's reasoning that an ongoing royalty award operates as a compulsory license, Avadel **still** lacks antitrust standing because it cannot show that it would have been able to obtain a compulsory license by its alleged earlier launch in April 2022.  D.I. 100 at 7-9.

*Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 616 (Fed. Cir. 1985) (describing an ongoing royalty award as "a compulsory license to permit *future* practice" (emphasis added)); *Cordis Corp. v. Bos. Sci. Corp.*, 2010 WL 331792, at *3 (D. Del. Jan. 28, 2010) ("[A]n 'ongoing royalty' determination should be made by the court and apply only to *future* infringing sales." (emphasis added)). Thus, even if the Court were to grant an ongoing royalty for Avadel's future infringement, that would not retroactively affect the legality of Avadel's use of the '782 patent.

Avadel does not contest Jazz's point that such a court determination could not possibly have been made before its April 2022 alleged earlier entry date. D.I. 100 at 7-9. Therefore, under *Wellbutrin*, even if the Court grants the contemplated ongoing-royalty remedy following the 2024 jury verdict, Avadel's alleged earlier entry cannot serve as a predicate to antitrust standing.

### C.     Resolution Of The Appeal Will Materially Advance The Case

Finally, Avadel's claim that the resolution of the appeal would not materially advance the case is also incorrect. If the Third Circuit confirms that Avadel does not have antitrust standing on the basis of its alleged earlier entry, this litigation will end. As explained above, *supra* Section II.A, the alternative theories of antitrust standing that Avadel is now positing are meritless. But even if Avadel's case could survive in some limited way based on its alternate theories, a holding that Avadel lacks antitrust standing to assert its delayed-entry claims would unquestionably advance the ultimate termination of this litigation because it would "clarify at least one complex issue," and would therefore narrow the issues for discovery and trial. *United States ex rel. Brown v. Pfizer, Inc.*, 2017 WL 2691927, at *5 (E.D. Pa. June 22, 2017) (collecting cases).

## III.     CONCLUSION

For the reasons stated above and those set forth in Jazz's opening brief (D.I. 100), if the Court does not grant Jazz's request for reargument, it should certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Counterclaim-Defendant*
*Jazz Pharmaceuticals, Inc.*

OF COUNSEL:

F. Dominic Cerrito
Steig D. Olson
Gabriel P. Brier
Frank C. Calvosa
Avi Grunfeld
Nicolas Siebert
Andrew Faisman
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

William R. Sears
Lynette Lim
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
(213) 443-3000

July 12, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 12, 2024, upon the following in the manner indicated:

Daniel M. Silver, Esquire                                    *VIA ELECTRONIC MAIL*
Alexandra M. Joyce, Esquire
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Kenneth G. Schuler, Esquire                                  *VIA ELECTRONIC MAIL*
Marc N. Zubick, Esquire
Alex Grabowski, Esquire
Sarah W. Wang, Esquire
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Herman H. Yue, Esquire                                       *VIA ELECTRONIC MAIL*
Franco Benyamin, Esquire
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY  10020
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Alan J. Devlin, Esquire                                      *VIA ELECTRONIC MAIL*
Ian Conner, Esquire
Anna M. Rathbun, Esquire
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Daralyn J. Durie, Esquire                         *VIA ELECTRONIC MAIL*
Eric P. Berger, Esquire
Rebecca E. Weires, Esquire
Tannyr Pasvantis, Esquire
Eliot A. Adelson, Esquire
Helen He, Esquire
Margaret A. Webb, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Kira A. Davis, Esquire                            *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Katherine E. McNutt, Esquire
Rose S. Lee, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

David F. McGowan, Esquire                         *VIA ELECTRONIC MAIL*
David F. Kowalski, Esquire
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Andrew T. Jones, Esquire                          *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C.  20037
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Stacy Cline Amin, Esquire                         *VIA ELECTRONIC MAIL*
Haydn Forrest, Esquire
Alexander Okuliar, Esquire
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C.  20037
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Matthew C. Hans, Esquire                                    *VIA ELECTRONIC MAIL*
Polsinelli PC
100 S. Fourth Street, Suite 1000
St. Louis, MO  63102
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*


/s/ *Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)