**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-941-GBW |
| v. | ) | |
| | ) | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| AVADEL CNS PHARMACEUTICALS, LLC, | ) | |
| | ) | REDACTED PUBLIC VERSION |
| | ) | FILED SEPTEMBER 26, 2024 |
| Defendant. | ) | |
| | ) | |

**AVADEL CNS PHARMACEUTICALS, LLC'S LETTER TO THE HONORABLE
GREGORY B. WILLIAMS REGARDING AVADEL'S OPPOSITION TO JAZZ'S
<u>MOTION TO COMPEL EMAIL SUPPLEMENTATION</u>**

Dear Judge Williams,

With its most recent motion (D.I. 158), Jazz stakes out an extraordinary position. It seeks a one-sided discovery order that would impose on Avadel, alone, the burden of a supplemental production of *custodial* documents, simultaneously depriving Avadel of reciprocal, probative discovery on the very same topics and providing Jazz with an unfair litigation advantage. The Federal Rules do not countenance such asymmetric discovery, least of all when founded on the indefensible proposition that only one party's documents are relevant. *Id.* at 3. Moreover, Jazz waited until the eve of the close of fact discovery to file this motion—in yet another apparent effort to delay resolution of this case. The Court should deny Jazz's motion or, in the alternative, direct *both* parties to make supplemental productions in the form of non-custodial "go-get" documents.

**I.      Background**

Avadel launched its once-nightly narcolepsy drug, LUMRYZ, in June 2023, approximately eight months after Avadel filed its counterclaims in this case on October 21, 2022. D.I. 14. The launch of LUMRYZ was no secret to Jazz, which did almost everything it could to prevent LUMRYZ from coming to market.

Fact discovery closes next week, and discovery has been underway for the past eighteen months. On January 22, 2024, Avadel completed its custodial productions, which cut off in June 2023. Months later, on April 22, 2024, the parties jointly submitted a Stipulation and Proposed Order to move the fact discovery cut-off date to September 27, 2024, and set September 20, 2024, as the deadline for refreshing structured transactional and financial data. D.I. 88. No date was set or otherwise discussed for the production of post-launch custodial documents from either party. The Court entered that order the next day.

Jazz has long known (1) about LUMRYZ's launch and (2) that Avadel's custodial productions did not encompass post-launch communications. Despite this, Jazz waited until more than a year after the launch of LUMRYZ—July 19, 2024—to request that Avadel supplement its production with post-launch documents. *See* D.I. 158-1, Ex. 3 at 2. Initially, Jazz requested a narrow set of documents. *Id.* ("[P]lease supplement your production to include documents, through the present, on the effect of authorized generic and multi-source generic competition on Avadel's pricing for LUMRYZ and Avadel's sales of LUMRYZ."). The parties discussed this request during an August 13, 2024 meet and confer. During that call, Jazz agreed to consider a reciprocal production and identify "specific categories of documents" for collection or a limited set of search terms that would "*narrow* the scope of the request." *Id.* Ex. 4 at 1-2 (emphasis added).

Instead of narrowing its request, Jazz did the very opposite. On August 30, 2024, mere days after this Court denied Jazz's requested permanent injunction for narcolepsy in the related patent case, *see* C.A. No. 21-691-GBW, D.I. 665, and less than a month before the fact discovery cut-off, Jazz refused, point blank, to agree to a reciprocal production and demanded a far broader set of "post-launch" documents than the parties had ever discussed before. D.I. 158-1, Exs. 4, 5. So eager was Jazz to bring this dispute before the Court that it did not even wait for Avadel's response to its August 30, 2024, letter, which Avadel said was forthcoming, before declaring that the parties were "at impasse." Ex. A. A meet and confer between the parties occurred on

1

September 10 at Avadel's urging. *Id.* Avadel proposed a *reciprocal* production of "go-get" documents. D.I. 158-1, Ex. 5. Jazz insisted on a one-sided custodial production, despite Avadel's best efforts to find a middle ground. *Id.* Ex. 6 at 1-8. Jazz then filed the instant motion.

## II. Argument

Jazz's effort to force Avadel to undertake a *second* costly and time-consuming custodial production of documents is highly unusual. Supplemental productions, if any, normally take the form of go-gets. *See, e.g.*, *Promotional Mktg. Insights, Inc., v. Affiliated Comput. Servs., Inc.*, 2012 WL 13028115, at *3-4 (D. Minn. Sept. 19, 2012) (holding that a "blanket request for supplementation of all responsive documents . . . is not sufficiently targeted"). Jazz's eleventh-hour request—made right on the cusp of the close of fact discovery and well over a year after LUMRYZ was launched—appears calculated to bring pressure to bear on the schedule in the hopes of pushing next year's trial date. The Court should not countenance such transparent gamesmanship. And while Jazz now tells the Court that any production of post-launch custodial documents will not "necessitate new depositions, as Jazz will agree not to seek any additional depositions based on document supplementation," D.I. 158 at 3, that squarely contradicts what Jazz wrote to Avadel just last week. D.I. 158-1, Ex. 6 at 5 ("Jazz **will not agree** not to seek additional fact depositions based on supplemental productions." (emphasis added)). Jazz also side-stepped Avadel's question about whether Jazz would agree not to seek any modification of the existing case schedule if Avadel agreed to a custodial request. *Id.* at 5-6.

Jazz's motion is more remarkable still because it rests on such a faulty premise. The claim that only Avadel has relevant, discoverable information is implausible on its face. And yet that bold assertion is the centerpiece of Jazz's motion, which insists that "Jazz's post-June 2023 communications do not bear on any claim or defense in this case." D.I. 158 at 1. That is wrong.

Jazz had an oxybate monopoly from 2005 until 2023, when the first authorized generic of XYREM arrived on the market and Jazz was finally forced to delist the '963 patent, thus allowing LUMRYZ to launch. D.I. 14 ¶ 41-58. How Jazz reacted to that competition is of self-evident importance to this case. Any evidence that Jazz responded to LUMRYZ's entry by decreasing prices, increasing rebates, fretting about market disruption, or strategizing about how to protect its oxybate patient base would bear on, at the very least, market definition and the harm to competition and consumers resulting from LUMRYZ's delayed entry. Jazz's post-launch efforts to quantify or project cannibalization of XYREM and XYWAV sales by LUMRYZ would be probative of antitrust damages.

Documents post-dating the launch of LUMRYZ are also relevant to Jazz's defenses. For example, Jazz has pleaded an affirmative defense that "Jazz lacks monopoly power in the relevant product market(s) and geographic market(s)" because "[n]arcolepsy treatments other than oxybate (including, without limitation, stimulants, depressants, and Monoamine Oxidaise Inhibitors) are reasonably interchangeable with oxybate[.]" D.I. 99 at 65. That defense would be further laid bare by emails or other documents written after the launch of LUMRYZ suggesting that Avadel's once-nightly drug or recently launched authorized generics of XYREM fill a medical need or create market demand that is different from non-oxybate drugs.

2

The fact that both parties have relevant post-launch documents counsels in favor of, at most, "go-get" productions. There is certainly no basis for more custodial productions.

***First***, emails are far from necessary to reveal LUMRYZ's actual market performance. Actual sales data are, by far, the best evidence. That is why the parties agreed to a supplemental production of transactional data in April 2024. Tomorrow, Avadel will produce data through August 31, 2024. D.I. 88; Ex. B. Avadel also recently produced post-launch Quarterly Business Review documents spanning October 2023 to July 2024. These documents provide information about discontinuation rates, post-launch financial information, and overarching summaries of the state of Avadel's business. Far from "shield[ing]" evidence from discovery, D.I. 158 at 2, Avadel has repeatedly offered, and remains willing, to produce targeted, post-launch data and documents that actually bear on LUMRYZ's market performance. Targeted, reciprocal go-get productions would give both parties the information they need, while keeping this case on track. D.I. 158-1, Ex. 5 at 2-4; D.I. 159. The cases Jazz cites for the proposition that Avadel must make a custodial production are inapposite. *Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220 (3d Cir. 2017), for example, does not even involve a discovery dispute. The quotation Jazz pulls from this case is part of a discussion of how courts should evaluate secondary meaning in a trademark litigation. *Id*. at 235. Similarly, in *Cook v. Meta Platforms, Inc.*, 2024 WL 3834188, at *1 (N.D. Cal. Aug. 14, 2024), the court granted a motion to compel where the *defendant* in a *copyright* action refused to produce custodial documents in response to requests for production on the basis that "the evidence in this case does not show that [it] has committed copyright infringement."

***Second***, Jazz's request is extremely burdensome and disproportionate to the needs of the case. Jazz seeks more than a year's worth of custodial files from five Avadel employees, which likely amounts to thousands[1] of documents that will need to be reviewed for responsiveness and privilege. This will require Avadel to onboard and train a new review team and incur significant vendor expenses. And the belated nature of Jazz's motion would also force Avadel to undertake this laborious exercise on an extremely tight timeline in order to maintain the current case schedule.

***Third***, Jazz's citation to *Bayer AG v. Sony Electronics, Inc.*, 202 F.R.D. 404, 407 (D. Del. 2001) is inapposite. *Bayer* is not an antitrust case. Moreover, it does *not* state that parties cannot condition discovery responses on "mutual supplementation." D.I. 158 at 3. Instead, the court held that defendants could not condition their response to a document request they did not contest on an agreement to make mutual productions on the same date. *Bayer*, 202 F.R.D. at 407.

***Finally***, Jazz's claim that it has "bent over backwards to accommodate Avadel's own requests" for documents dating back to 2010 is overstated at best. On August 23, 2024, Jazz produced *seventeen* targeted documents that predated January 1, 2014 and related to the change in the '730 patent use code.

For these reasons, Avadel requests that Jazz's motion to compel an asymmetric production of email communications be denied.

---

[1] Avadel is currently working with its document vendor to run a hit report. Given that hundreds of gigabytes of data have to be collected and processed, this is taking some time.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 19, 2024 | By: */s/ Daniel M. Silver*_____ |

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King Street, 8th Floor
Wilmington, DE 19801
MCCARTER & ENGLISH, LLP
(302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

Kenneth G. Schuler
Marc N. Zubick
Sarah W. Wang
Alex Grabowski
LATHAM & WATKINS LLP
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: kenneth.schuler@lw.com
Email: marc.zubick@lw.com
Email: sarah.wang@lw.com
Email: alex.grabowski@lw.com

Herman H. Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Ian R. Conner
Alan J. Devlin
Anna Rathbun
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Washington, D.C. 20004
(202) 637-2200
Ian.Conner@lw.com
Alan.Devlin@lw.com
Anna.Rathbun@lw.com

Daralyn J. Durie
Eliot A. Adelson
Helen He
Margaret A. Webb
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
eadelson@mofo.com
hhe@mofo.com
mwebb@mofo.com

Kira A. Davis
W. Henry Huttinger
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
hhuttinger@mofo.com

Alexander Okuliar
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037, USA
(202) 887-1500
aokuliar@mofo.com

*Attorneys for Defendant*

# EXHIBIT A

| | |
|---|---|
| **From:** | Greeley, Christine (Bay Area) |
| **To:** | Avi Grunfeld; Jillian Farley; HHe@mofo.com; HHuttinger@mofo.com; MoFo-Avadel-Jazz@mofo.com; #C-M AVADEL ANTITRUST - LW TEAM; #C-M JAZZ PATENT LITIGATION - LW TEAM; DSilver@McCarter.com; ajoyce@mccarter.com; ajoyce@mccarter.com |
| **Cc:** | Jazz Avadel Antitrust; JTigan@morrisnichols.com; Nicolas Siebert; Jack Blumenfeld |
| **Subject:** | RE: Jazz v. Avadel - Avadel Supplementation |
| **Date:** | Friday, September 6, 2024 4:43:42 PM |

Hi Avi,

We do not agree that the parties are at an impasse. We will be responding to your letter in writing on Monday, September 9 and will be available to confer promptly thereafter. To that end, please provide us with your availability for a call next week.

Best,
Christie

**Christine Greeley**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8836

---

**From:** Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Sent:** Friday, September 6, 2024 11:04 AM
**To:** Greeley, Christine (Bay Area) <Christine.Greeley@lw.com>; Jillian Farley <jillianfarley@quinnemanuel.com>; HHe@mofo.com; HHuttinger@mofo.com; MoFo-Avadel-Jazz@mofo.com; #C-M AVADEL ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>; #C-M JAZZ PATENT LITIGATION - LW TEAM <jazzpatentlitigation.lwteam@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com; ajoyce@mccarter.com
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JTigan@morrisnichols.com; Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Jazz v. Avadel - Avadel Supplementation

Hi Christie,

The parties are clearly at impasse here. In fact, during the parties' August 13 meet-and-confer, Avadel already confirmed that we were at impasse with respect to Jazz's request that Avadel supplement its productions to include post-launch documents without Jazz also supplementing its productions to include its own irrelevant post-June 2023 documents. There is no basis for Avadel to need any more time to respond. We would like to file the attached letter today. Please fill in the portion on who attended the August 13 meet-and-confer for Avadel and let us know if you have any proposed edits.

Thank you,

**Avi Grunfeld**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7124 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
avigrunfeld@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Christine.Greeley@lw.com <Christine.Greeley@lw.com>
**Sent:** Thursday, September 5, 2024 7:02 PM
**To:** Jillian Farley <jillianfarley@quinnemanuel.com>; HHe@mofo.com; HHuttinger@mofo.com; MoFo-Avadel-Jazz@mofo.com; avadelantitrust.lwteam@lw.com; jazzpatentlitigation.lwteam@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; ajoyce@mccarter.com
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JTigan@morrisnichols.com; Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Jazz v. Avadel - Avadel Supplementation

**[EXTERNAL EMAIL from christine.greeley@lw.com]**

Hi Jillian,

We do not appreciate Jazz's attempts to impose arbitrary deadlines, especially when Jazz itself has declined to provide responses to Avadel's correspondence by the requested date, *see, e.g.,* 8/13/24 Ltr. from A. Thorson to N. Siebert, and waited more than two weeks to respond to Avadel's August 13 request that Jazz agree to a reciprocal production of post-launch documents. We are reviewing your August 30 letter, including its mystifying suggestion that the parties should engage in asymmetric discovery because somehow only Avadel's post-launch documents are relevant. We are nevertheless evaluating your letter and will respond next week.

Best,
Christie

**Christine Greeley**
Pronouns: She/Her/Hers

**LATHAM & WATKINS** LLP

505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8836

---

**From:** Jillian Farley <jillianfarley@quinnemanuel.com>
**Sent:** Thursday, September 5, 2024 2:39 PM
**To:** Greeley, Christine (Bay Area) <Christine.Greeley@lw.com>; HHe@mofo.com; HHuttinger@mofo.com; MoFo-Avadel-Jazz@mofo.com; #C-M AVADEL ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>; #C-M JAZZ PATENT LITIGATION - LW TEAM <jazzpatentlitigation.lwteam@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com; ajoyce@mccarter.com
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JTigan@morrisnichols.com; Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** RE: Jazz v. Avadel - Avadel Supplementation

Counsel,

We write to follow up regarding our correspondence from August 30, 2024.  Please confirm whether Avadel will supplement its productions with post-launch documents by COB today.

Thank you,
Jillian

**Jillian Farley**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7446 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
jillianfarley@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, August 30, 2024 6:25 PM
**To:** Christine.Greeley@lw.com; HHe@mofo.com; HHuttinger@mofo.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** MoFo-Avadel-Jazz@mofo.com; avadelantitrust.lwteam@lw.com; jazzpatentlitigation.lwteam@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JTigan@morrisnichols.com
**Subject:** Jazz v. Avadel - Avadel Supplementation

Counsel,

Please see attached.

Regards,

**Nic Siebert**
he/him
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7326 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT B

| | |
|---|---|
| **From:** | Thorson, Anne (CC) |
| **To:** | Nicolas Siebert; Jillian Farley; Avi Grunfeld |
| **Cc:** | #C-M AVADEL ANTITRUST - LW TEAM; MoFo-Avadel-Antitrust@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; Jazz Avadel Antitrust |
| **Subject:** | RE: Jazz v. Avadel - Jazz Supplementation |
| **Date:** | Tuesday, September 17, 2024 12:01:16 PM |

Counsel,

Avadel will supplement its data production—including financial reporting packages, trial balance sheets, and sales data—through August 31, 2024.  We ask that Jazz provide its data in a reciprocal production through August 31, 2024.  If Jazz intends to produce rebate and Medigap data that excludes time periods through August 31, 2024, we ask Jazz provide us with a reason for doing so in writing.

Best,
Anne

**Anne Nicole Thorson***
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5591
Email: anne.thorson@lw.com
https://www.lw.com

*Not admitted to practice in California.  Admitted in Illinois and DC.

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, September 13, 2024 2:04 PM
**To:** Thorson, Anne (CC) <Anne.Thorson@lw.com>; Jillian Farley <jillianfarley@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Cc:** #C-M AVADEL ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>; MoFo-Avadel-Antitrust@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Jazz v. Avadel - Jazz Supplementation

Hey Anne,

Avadel asked on the call what the date cutoff was for Jazz's supplemental data productions.  With respect to the Invoice Data, the data runs through the end of August 2024.  With respect to the Rebate Data, the data run through the end of July 2024.  With respect to the Medigap data, the data run through Q2 2024.  Please let us know the end points for Avadel's supplemental data production as well.

Thanks,

**Nic Siebert**
he/him
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7326 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Anne.Thorson@lw.com <Anne.Thorson@lw.com>
**Sent:** Thursday, September 12, 2024 2:36 PM
**To:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Jillian Farley <jillianfarley@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Cc:** avadelantitrust.lwteam@lw.com; MoFo-Avadel-Antitrust@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Jazz v. Avadel - Jazz Supplementation

**[EXTERNAL EMAIL from anne.thorson@lw.com]**

---

That works for us. I will circulate a Zoom invitation. Thanks, Nic.


**Anne Nicole Thorson\***
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5591
Email: anne.thorson@lw.com
https://www.lw.com

*Not admitted to practice in California. Admitted in Illinois and DC.

---

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Thursday, September 12, 2024 10:54 AM
**To:** Thorson, Anne (CC) <Anne.Thorson@lw.com>; Jillian Farley <jillianfarley@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Cc:** #C-M AVADEL ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>; MoFo-Avadel-Antitrust@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Jazz v. Avadel - Jazz Supplementation

Hey Anne,

We can do 1 PT/4 ET tomorrow.  Please circulate a Zoom if that works for y'all.

Nic

---

**From:** Anne.Thorson@lw.com <Anne.Thorson@lw.com>
**Sent:** Thursday, September 12, 2024 1:05 PM
**To:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Jillian Farley <jillianfarley@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Cc:** avadelantitrust.lwteam@lw.com; MoFo-Avadel-Antitrust@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Jazz v. Avadel - Jazz Supplementation

**[EXTERNAL EMAIL from anne.thorson@lw.com]**

Nic,

Circling back on your team's availability to meet and confer regarding the below issues.  Please provide us with a day and time you are available.  Thank you.

Best,
Anne


**Anne Nicole Thorson***
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5591
Email: anne.thorson@lw.com
https://www.lw.com

*Not admitted to practice in California.  Admitted in Illinois and DC.

---

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Wednesday, September 11, 2024 7:16 AM
**To:** Thorson, Anne (CC) <Anne.Thorson@lw.com>; Jillian Farley <jillianfarley@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Cc:** #C-M AVADEL ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>; MoFo-Avadel-Antitrust@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; avadelantitrust@quinnemanuel.com; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>

**Subject:** RE: Jazz v. Avadel - Jazz Supplementation

Anne,

We'll get back to you on scheduling.  Please copy the full Quinn Emanuel team (jazzavadelantitrust@quinnemanuel.com) going forward.

Thanks,

Nic

**From:** Anne.Thorson@lw.com <Anne.Thorson@lw.com>
**Sent:** Wednesday, September 11, 2024 10:10 AM
**To:** Jillian Farley <jillianfarley@quinnemanuel.com>; Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Cc:** avadelantitrust.lwteam@lw.com; MoFo-Avadel-Antitrust@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; avadelantitrust@quinnemanuel.com
**Subject:** Jazz v. Avadel - Jazz Supplementation

**[EXTERNAL EMAIL from anne.thorson@lw.com]**

Counsel,

We would like to discuss Jazz's refusal to produce pre-April 2022 financial data.  As you know, Jazz has produced structured financial and transaction data only from April 2022 through December 2023.  Avadel has attempted to negotiate with Jazz for production of Jazz's financial and transaction data prior to April 2022 because it is probative of critical issues in this litigation, such as the relevant market and the extent of Jazz's monopoly power in it.  *See* July 3, 2024 Ltr. from K. Wu to N. Siebert; August 13, 2024 Ltr. from A. Thorson to N. Siebert, at 4.  When Jazz asserted that production of such data would be burdensome, Avadel offered to consider other data production options that would ease Jazz's alleged burden, such as accepting already-produced data from *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, Case No. 3:20-md-02966-RS-SVK.  *See* July 3, 2024 Ltr. from K. Wu to N. Siebert; August 13, 2024 Ltr. from A. Thorson to N. Siebert, at 4.  Avadel's offer has gone unaccepted and unanswered.

Additionally, Avadel would like to discuss Jazz's responses and objections to the topics set forth in Avadel's supplemental 30(b)(6) notice.

Please provide Jazz's availability to meet and confer regarding these outstanding issues on Thursday, September 12 at 8am, 10am-1:30pm, or 2pm-3pm ET.

Best,

**Anne Nicole Thorson\***
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5591
Email: anne.thorson@lw.com
https://www.lw.com

*Not admitted to practice in California.  Admitted in Illinois and DC.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on September 19, 2024 on the following counsel in the manner indicated below.

## **VIA EMAIL:**

Jack B. Blumenfeld
Jeremy Tigan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

William R. Sears
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Willsears@quinnemanuel.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Steig D. Olson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
steigolson@quinnemanuel.com

*Attorneys for Plaintiff Jazz Pharmaceuticals, Inc.*

ME1 50057522v.1

Dated: September 19, 2024                                          */s/ Daniel M. Silver*
                                                                  Daniel M. Silver (#4758)