IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAZZ PHARMACEUTICALS, INC.,

Counterclaim-Defendant,

v.

AVADEL CNS PHARMACEUTICALS LLC,

Counterclaim-Plaintiff.

C.A. No. 22-941 (GBW)

**PUBLIC VERSION**

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM JEREMY A. TIGAN REGARDING JAZZ'S OPPOSITION TO AVADEL'S MOTION TO COMPEL**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Jazz Pharmaceuticals, Inc.*

OF COUNSEL:

F. Dominic Cerrito
Steig D. Olson
Gabriel P. Brier
Frank C. Calvosa
Avi Grunfeld
Nicolas Siebert
Andrew Faisman
Maxwell Hawley
Kevin Adams
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

William R. Sears
Monika Hara
Lynette Lim
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Confidential Version Filed: September 19, 2024
Public Version Filed: September 26, 2024

Dear Judge Williams:

The Court should deny Avadel's request that Jazz produce an overbroad and irrelevant set of documents postdating the June 2023 launch of LUMRYZ.

***First***, Avadel incorrectly argues that Jazz's post-June 2023 documents are just as relevant as Avadel's own post-launch custodial documents. As Jazz already explained in its letter regarding Jazz's motion to compel email supplementation (D.I. 158), that is not so. Avadel's post-launch custodial documents are uniquely probative to Avadel's claims of causation and damages because they are essential to understanding how LUMRYZ is performing in the market and whether factors other than Jazz's 2014 listing of the '963 patent in the Orange Book affected the launch and sales of LUMRYZ.[1] Avadel baselessly claims (D.I. 159 at 2) that Jazz's documents are just as relevant to the parties' damages calculations, but it notably does not—and cannot—explain ***why***. Jazz's post-June 2023 documents have minimal relevance, at best, to Avadel's purported damages claims, since those claims are based on ***its*** lost sales as a result of its allegedly delayed entry. Avadel's claims against Jazz revolve around conduct that occurred over a decade ago—namely, the 2014 Orange Book listing—regarding which Jazz has already produced voluminous discovery. Indeed, to the extent any of Avadel's accusations extend beyond 2014, they all end before Avadel's June 2023 launch of LUMRYZ.

Avadel barely even attempts to show that Jazz's post-June 2023 documents are proportional to the needs of the case, instead arguing "what is good for the goose is good for the gander." Avadel contends that because Jazz requested Avadel's post-June 2023 materials, Jazz should have to produce post-June 2023 materials too. D.I. 159 at 1. But this mistakes the Federal Rules of Civil Procedure's proportionality requirement for one of reciprocity. Discovery is "not conducted on a tit-for-tat basis." *Lindell v. Synthes USA*, 2013 WL 3146806, at *4 (E.D. Cal. June 18, 2013) (cleaned up). And here, as Jazz explained in its letter (D.I. 158), Jazz's post-June 2023 documents are not remotely as relevant as Avadel's post-launch documents. Avadel argues "[t]here is no principled basis for requiring lopsided discovery from one market participant and not the other." D.I. 159 at 3. But Avadel does not cite a single case saying that both sides need to produce the same type of documents, especially in a delayed-entry case where the plaintiff actually entered the market, and its reception in the market is critical to damages and causation.

***Second***, Avadel's request rests on the incorrect accusation that Jazz "refused" to agree to produce "go-get" documents in "easily obtainable" centralized repositories. D.I. 159 at 1. As an initial matter, the documents Avadel seeks are minimally relevant, at best, and therefore production is not proportional to the needs of the case. *See* Fed. R. Civ. Pro. 26(b)(1). By contrast, Avadel's current productions are incomplete without post-launch custodial productions, and therefore must be supplemented. *See* Fed R. Civ. Pro. 26(e); *Gorzynski v. JetBlue Airways Corp.*, 2012 WL

[1] Avadel notes (D.I. 159 at 1) that it has now produced its Quarterly Business Review documents, but these are plainly insufficient. As Jazz explained (D.I. 158 at 2), Avadel needs to produce ***custodial*** documents because they will provide insight into how Avadel analyzed LUMRYZ's post-launch performance. In any event, Avadel omits that it only produced these documents on September 13, ***after*** the parties alerted the Court of this dispute, perhaps hoping the meager production would get it off the hook for satisfying its obligation to supplement under Rule 26(e). D.I. 154. Not so.

712067, at *1, 4 (W.D.N.Y. Mar. 5, 2012). However, in the spirit of compromise, ***Jazz*** proposed that, if Avadel produced relevant post-launch documents (including certain custodial emails), Jazz would "collect[], review[], and produce 'go-get' documents." Ex. 6 at 8 (9/11/2024 Email from N. Siebert to C. Greeley).[2] It was ***Avadel*** that rejected this proposed framework. And Jazz stands by its proposal: if Avadel produces the post-launch documents requested by Jazz and detailed in Jazz's September 17 letter, Jazz will produce go-get documents post-dating the launch of LUMRYZ. *Id.*

Thus, the only points in dispute are: (1) whether Avadel will produce the post-launch custodial documents Jazz has requested; and (2) if so, what types of "go-get" materials Jazz has to produce. On the first point, Jazz has already explained in its September 17 letter (D.I. 158) why Avadel's post-launch documents are critically relevant and should be produced, regardless of what Jazz does. On the second point, contrary to Avadel's accusations in its letter, Jazz committed that, if Avadel agreed to produce custodial documents and "go-gets," Jazz would "produce responsive documents from non-custodial sources." Ex. 6 at 5 (9/11/2024 Email from N. Siebert to C. Greeley). But Jazz reasonably caveated that "the precise collection is something that will require detailed consultation with Jazz personnel." *Id.* That is because, as Jazz has explained to Avadel, "some of Avadel's categories are not 'go-get' searches at all, but would instead require search terms and potentially custodial document review." Ex. 6 at 8. Accordingly, there is no real disagreement that, in the event Avadel produces the post-launch documents Jazz has requested, Jazz will produce, at most, certain categories of non-custodial documents that are "easily obtainable" from central repositories. D.I. 159 at 1.

To the extent Avadel seeks documents that are not "go-gets" available in centralized repositories or otherwise "easily obtainable," they are outside the scope of what Avadel claims to be asking for. For example, Avadel claims it wants "[m]arket research presentations on patient and prescriber preferences and behavior post-LUMRYZ," but Jazz does not keep all such documents in non-custodial sources. Jazz would likely have to collect, process, and review custodial data to produce this information. By its own terms, Avadel seeks only Jazz's documents "that can be easily retrieved from non-custodial sources." D.I. 159 at 3. Having clearly limited its request for Jazz's post-launch documents that are "easily obtainable," Avadel cannot now demand that Jazz produce a far broader and more burdensome set of documents that have no relevance to its claims.

Accordingly, the Court should deny Avadel's request that Jazz produce "go-gets" as moot. But if the Court grants Avadel's request for Jazz to produce post-June 2023 documents, it should order Jazz to produce only "go-get" documents that "can be easily retrieved from non-custodial sources." D.I. 159 at 3.

---

[2] Exhibit numbers refer to exhibits filed with Jazz's letter regarding Jazz's motion to compel email supplementation. D.I. 158.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
cc: Clerk of the Court (via hand delivery)
All Counsel of Record (via e-mail)