# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAZZ PHARMACEUTICALS, INC., )
)
              Plaintiff, )
)    C.A. No. 22-941-GBW
       v. )
)
AVADEL CNS PHARMACEUTICALS, )
LLC, )
)    REDACTED PUBLIC VERSION
            Defendant. )    FILED NOVEMBER 5, 2024
)

**AVADEL CNS PHARMACEUTICALS, LLC'S LETTER TO THE HONORABLE
GREGORY B. WILLIAMS IN OPPOSITION TO JAZZ'S MOTION TO COMPEL**

Dear Judge Williams:

      Avadel has worked with Jazz in good faith throughout the discovery process, has nothing to hide, and has fully complied with its Rule 26(b)(5) obligations.  Contrary to Jazz's misleading representations, discovery has confirmed that Jazz's '963 patent listing bogged down the FDA's review, delaying the agency's resolution of ODE and labeling issues—even before Jazz triggered an automatic stay.  Avadel witnesses have confirmed that, absent Jazz's improper conduct, Avadel would have launched LUMRYZ in April 2022.  *See, e.g.*, Ex. 1, G. Divis Dep. Tr. 174:15-175:22 ████████████████████████████████████████████████████████████████; Ex. 2, B. Werner Dep. Tr. 27:7-9 ██████████████████████████████████████████████; Ex. 3, J. Gudeman Dep. Tr. 36:10-19████; Ex.4, T. McHugh Dep. Tr. 51:18-20 █████████████████████.

      Avadel has produced thousands of documents in this litigation, and Jazz challenges only 73.[1]  The declaration of Jerad G. Seurer, Avadel's General Counsel, establishes that all of these documents were properly withheld or redacted.  The Court need not conduct an in-camera review in light of this evidence. *See Renfield Corp. v. E. Remy Martin & Co.*, 98 F.R.D. 442, 445 (D. Del. 1982) ("no right to an in camera inspection of documents where his or her opponent files an [unrebutted] affidavit setting forth facts sufficient to justify a claim of privilege"); *see also Manchester v. Drug Enforcement Admin*, 823 F. Supp. 1259, 1269 (E.D. Pa. 1993) ("the Court is not required to conduct an in camera review . . . when, as here, the affidavits . . . satisfy the court that any factual information is incidental to, and bound with, privileged [information].").  However, even if the Court considered the documents, it should deny Jazz's motion.

**Background**:  Avadel produced its initial privilege log on January 22, 2024.  In the following months, both parties produced downgrades.[2]  ***Nine months later***, Jazz challenged the documents at issue here.   Jazz first challenged the three presentations at issue, which Avadel promptly reviewed and confirmed were properly redacted. Ex. 5, Sep. 25, 2024 Email from M. Yin.  On September 27, 2024, Avadel produced 13 downgraded Greenleaf documents.  Ex 6, Sep. 27, 2024 Email from H. He.  On October 19, 2024, Avadel produced 14 downgraded ProPharma documents.  Ex. 7, Oct. 19, 2024 Email from C. Greeley.   Avadel determined that the remaining communications challenged by Jazz contained privileged material.

      **Legal Standard**:  Privilege protects a document from compelled disclosure if it is: "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *WebXchange, Inc. v. Dell Inc.*, 264 F.R.D. 123, 126 (D. Del. 2010) (citation omitted).  "The client, the attorneys, and any of their agents that

---

[1] Many of these challenged documents are family members and near-duplications of the same privileged email chains.  In total, Jazz challenges three presentations, 23 unique ProPharma communications, and 18 distinct Greenleaf communications.

[2] Though Jazz attempts to cast doubt on the quality of Avadel's privilege review due to 27 downgrades, Jazz itself has downgraded 4,551 documents to date.

help facilitate attorney-client communications or legal representation are included within 'privilege[d] persons.'" *Id.; see also Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991) ("courts have held that the client may allow disclosure to an 'agent' assisting the attorney in giving legal advice to the client without waiving the privilege"). A consultant communicating for the purpose of obtaining or informing legal advice qualifies as an agent protected by the attorney-client privilege. *U.S. v. Kovel*, 296 F.2d 918 (2d Cir. 1961) (seminal case holding that communications to a consultant in confidence and for the purpose of obtaining legal advice from a lawyer are protected by the attorney-client privilege); *United States v. Alvarez*, 519 F.2d 1036, 1045 (3d Cir. 1975) (adopting *Kovel*).

Attorney-client privilege applies to communications with consultants whose "involvement was integral to the solicitation, receipt and use of legal advice." *Robocast, Inc. v. Apple, Inc.*, No. CV 10-1055 (RGA), 2013 WL 12147601, at \*5 (D. Del. July 19, 2013); *see also Magten Asset Management Corp. v. Northwestern Corp.*, No. CV 05-499 (JJF), 2007 WL 9811153, at \*3 (D. Del. June 14, 2007) (applying attorney-client privilege where independent consultants "possesse[d] the information needed by the attorneys in rendering legal advice"). The "obvious active engagement between the attorney and the consultant for the purpose of legal advice" renders communications protected by the attorney-client privilege. *Sandoz Inc. v. Lannett Co.*, 570 F. Supp. 3d 258, 265-66 (E.D. Pa. 2021). Communications with a consultant serving as a de facto employee are also protected by the attorney-client privilege. *See In re Flonase Antitrust Litig.*, 879 F. Supp. 2d 454, 460 (E.D. Pa. 2012) (communications between a pharmaceutical company and an independent pharmaceutical consulting services company were entitled to the attorney-client privilege where consultant's "work touched on several legal and regulatory issues, such as . . . interaction with the FDA, and application for and receipt of pediatric exclusivity for [drug]").

**Launch Timelines**: Jazz challenges redactions of three presentations on Avadel's privilege log. Jazz fails to inform the Court of two key facts: first, that the redacted slides ████████████ ████████████████████████████████████ and second, that the documents ████████████████████████████████████████████████████████████████████ ████████████████████████████████████ Ex. 8, at 2 (Seurer Decl.). Therefore, *Pfizer Inc. v. Lupin Pharms., Inc.*, No. CV 12-808 (SLR), 2023 WL 6247357 (D. Del. Dec. 2, 2013), is inapposite. The documents at issue in that case "were neither created with the knowledge of [counsel], nor . . . shared with [counsel]." *Id.* at \*1. Here, the slides at issue were created ████████████ ████████████████████████████████—thus constituting a communication made between attorney and client in confidence to provide legal assistance. Therefore, these documents are protected from compelled disclosure. *See WebXchange, Inc.*, 264 F.R.D. at 126.

**Greenleaf Documents**: Avadel retained Greenleaf—a consulting firm that provides strategic guidance to companies related to FDA product approval and other related regulatory issues—to, among other things, provide recommendations about the FDA regulatory process to Avadel's patent counsel and assist Avadel's lawyers in developing a response strategy to any patent challenges. Ex 9, at 2 (AVDL_AT_01057787) Greenleaf worked closely with Avadel's in-house and outside counsel to provide information that was necessary to Avadel's ability to obtain legal advice related to the regulatory process. Ex 8, at 3-4 (Seurer Decl.).

Jazz's argument that Avadel has made "blanket assertions of privilege" over Greenleaf communications (Br. at 3) is inaccurate. Jazz acknowledges that Avadel has not asserted privilege indiscriminately, and has produced non-privileged communications (*id.* at 2 n.1). Avadel asserts the privilege over the 36 documents at issue specifically because they relate to the provision of legal advice, which was facilitated by Greenleaf, as is expressly anticipated by Greenleaf's Statement of Work. Ex 9, at 2. The fact that the Greenleaf consultants were not lawyers does not vitiate privilege over communications in which Greenleaf provided information necessary to facilitate attorney-client communications. *See Alvarez,* 519 F.2d at 1045 (holding that communications with consultants for the purpose of obtaining legal advice from a lawyer is protected by attorney-client privilege). Greenleaf's involvement was necessary to Avadel's receipt of legal advice because of its insights into the FDA regulatory process; thus, as Avadel's agent, Greenleaf's communications are entitled to the attorney-client privilege. *Robocast*, 2013 WL 12147601, at *5. Moreover, Greenleaf consultants operated as integrated members of the Avadel team, and their communications involving legal advice are protected by attorney-client privilege. *See In re Flonase*, 879 F. Supp 2d at 460.

**ProPharma Documents**:  Far from "hiding behind a blanket assertion of privilege" with regard to its communications with ProPharma, Avadel has produced nearly 5,000 ProPharma communications to Jazz. The 34 challenged communications involving ProPharma are protected by the attorney-client privilege and should not be produced.

Avadel hired ProPharma as a consultant to aid in its regulatory submissions, FDA communications, and medical affairs materials. Ex. 8, at 5 (Seurer Decl.). ProPharma worked closely with Avadel's in-house and outside counsel to provide information necessary to Avadel's ability to obtain legal advice related to FDA approval and launching a new drug. *Id.* ProPharma employees functioned as *de facto* employees of Avadel in this capacity—in fact, one of the ProPharma employees with whom Avadel and its lawyers communicated is now a full-time employee of Avadel. Ex 8, at 5 (Seurer Decl.); *see also* Br. at 3 (conceding that "Avadel witnesses, including its CEO, also routinely punted questions about critical issues such as ODE and DDI to ProPharma."). Though Jazz insists that ProPharma's 2020 Statement of Work means privilege somehow cannot apply, consultants need not be lawyers or retained solely for legal purposes for their communications to be protected. *See In re* Flonase, 879 F. Supp. 2d at 460. Protecting the privilege merely requires that ProPharma's involvement in communications be "indispensable" and "facilitated [Avadel counsel's] ability to give legal advice to the client." *Sandoz Inc.*, 570 F. Supp. 3d at 265-66 (citation omitted). ProPharma was essential to Avadel's ability to obtain informed legal advice due to its unique expertise in a regulatory process that implicates important legal questions. Ex. 8, at 5 (Seurer Decl.). And this active engagement between Avadel's attorneys and ProPharma is obvious from Avadel's privilege log, which contains many privileged communications that Jazz does not challenge here. Br. at 2, Ex. 10.

All 73 documents at issue in Jazz's motion to compel were properly withheld or redacted, and therefore should not be produced. However, if the Court is inclined to grant Jazz's motion to compel, it should first review these documents in camera before requiring their production.

Dated: October 24, 2024

*Of Counsel*:

Kenneth G. Schuler
Marc N. Zubick
Sarah W. Wang
Alex Grabowski
LATHAM & WATKINS LLP
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
sarah.wang@lw.com
alex.grabowski@lw.com

Herman H. Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Ian R. Conner
Alan J. Devlin
Anna Rathbun
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Washington, D.C. 20004
(202) 637-2200
Ian.Conner@lw.com
Alan.Devlin@lw.com
Anna.Rathbun@lw.com

McCARTER & ENGLISH, LLP

*/s/Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Defendant*

Daralyn J. Durie
Eliot A. Adelson
Helen He
Margaret A. Webb
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
eadelson@mofo.com
hhe@mofo.com
mwebb@mofo.com

Kira A. Davis
W. Henry Huttinger
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
hhuttinger@mofo.com

Alexander Okuliar
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037, USA
(202) 887-1500
aokuliar@mofo.com

# EXHIBIT 1

REDACTED IN ENTIRETY

# EXHIBIT 2

REDACTED IN ENTIRETY

# EXHIBIT 3

REDACTED IN ENTIRETY

# EXHIBIT 4

REACTED IN ENTIRETY

# EXHIBIT 5

| From: | Yin, Meiran (Bay Area) |
|---|---|
| To: | Carolina Yu; Thorson, Anne (CC); Greeley, Christine (Bay Area); Wu, Kevin (Bay Area); dsilver@mccarter.com; Brown, Chris (DC); Rathbun, Anna (DC); ajoyce@mccarter.com; Devlin, Alan (DC); Triantafyllou, Kimon (DC); Jack Blumenfeld; eadelson@mofo.com; Conner, Ian (DC); Greeley, Christine (Bay Area); ddurie@mofo.com; aokuliar@mofo.com; hhuttinger@mofo.com; dmcgowan@mofo.com; adicunzolo@mofo.com; hhe@mofo.com; mwebb@mofo.com; MoFo-Avadel-Jazz@mofo.com; #C-M AVADEL ANTITRUST - LW TEAM |
| Cc: | jtigan@morrisnichols.com; Jazz Avadel Antitrust; JazzAvadel |
| Subject: | RE: Jazz v. Avadel - No. 22-00941-GBW - Clawback Challenge |
| Date: | Wednesday, September 25, 2024 8:55:45 PM |
| Attachments: | 2024-09-25 Avadel Supplemental Privilege Log.xlsx |

Carolina,

Upon re-reviewing the two documents you flagged, Avadel can confirm that its privilege redactions were proper.  Because these documents post-date May 12, 2021, pursuant to the parties' agreement, Avadel is under no obligation to provide a privilege log.  Nevertheless, out of professional courtesy, Avadel provides with this email revised privilege log entries for these two documents.

Best,
Meiran


**Meiran Yin**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111
Direct Dial: +1.415.395.8849 | Mobile: +1.609.216.6281

**From:** Carolina Yu <carolinayu@quinnemanuel.com>
**Sent:** Wednesday, September 25, 2024 7:59 AM
**To:** Thorson, Anne (CC) <Anne.Thorson@lw.com>; Greeley, Christine (Bay Area) <Christine.Greeley@lw.com>; Wu, Kevin (Bay Area) <Kevin.Wu@lw.com>; dsilver@mccarter.com; Brown, Chris (DC) <Chris.Brown@lw.com>; Rathbun, Anna (DC) <Anna.Rathbun@lw.com>; ajoyce@mccarter.com; Devlin, Alan (DC) <Alan.Devlin@lw.com>; Triantafyllou, Kimon (DC) <Kimon.Triantafyllou@lw.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; eadelson@mofo.com; Conner, Ian (DC) <Ian.Conner@lw.com>; Greeley, Christine (Bay Area) <Christine.Greeley@lw.com>; ddurie@mofo.com; aokuliar@mofo.com; hhuttinger@mofo.com; dmcgowan@mofo.com; adicunzolo@mofo.com; hhe@mofo.com; mwebb@mofo.com; MoFo-Avadel-Jazz@mofo.com; #C-M AVADEL ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>
**Cc:** jtigan@morrisnichols.com; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>
**Subject:** Jazz v. Avadel - No. 22-00941-GBW - Clawback Challenge

Counsel,

It has come to our attention that Avadel improperly redacted portions of AVDL_AT_00937783 and AVDL_AT_00948590.  The cover emails for these documents make clear they were drafted by business people for business purposes, and Avadel's privilege log fails to identify any lawyers involved in their drafting while also acknowledging they relate to "commercialization."  Please

produce unredacted copies by 9PM ET tonight.  If Avadel does not do so, we will raise the issue with the Court.

Best,
Carolina

**Carolina Yu**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7600 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
carolinayu@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 6

| From: | He, Helen |
|---|---|
| To: | willsears@quinnemanuel.com; steigolson@quinnemanuel.com; jblumenfeld@morrisnichols.com; jtigan@morrisnichols.com; nicolassiebert@quinnemanuel.com; avigrunfeld@quinnemanuel.com; jazzavadelantitrust@quinnemanuel.com; lynettelim@quinnemanuel.com; maxwellhawley@quinnemanuel.com; andrewfaisman@quinnemanuel.com |
| Cc: | dsilver@mccarter.com; ajoyce@mccarter.com; #C-M JAZZ PATENT LITIGATION - LW TEAM; Huttinger, Henry; #C-M AVADEL ANTITRUST - LW TEAM; MoFo-Avadel-Jazz |
| Subject: | Jazz v. Avadel - No. 22-00941-GBW - Production of AVDL_AT_017 |
| Date: | Friday, September 27, 2024 4:56:36 PM |
| Attachments: | image001.png |

Counsel,

You will receive a secure transfer email containing the link to Avadel's production of volume AVDL_AT_017 in the antitrust case, containing documents bearing Bates numbers AVDL_AT_01058964 through AVDL_AT_01059361.  The production contains documents concerning Greenleaf that we have downgraded after re-review.

The password to access the volume AVDL_AT_017 zip file is **6lw1PHi$3aKi#oT=6\*w+.**

These documents are being produced as Highly Confidential pursuant to the protective order entered in this case.

Best,
Helen

**Helen He**
Associate
hhe@mofo.com
T +1 (415) 268-6339

**ℿORRISON**
**FOERSTER**

========================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# EXHIBIT 7

| From: | Greeley, Christine (Bay Area) |
|---|---|
| To: | Jazz Avadel Antitrust; Andrew Faisman; Nicolas Siebert; Will Sears; Avi Grunfeld; Lynette Lim; Steig Olson; Jillian Farley; Jack Blumenfeld; JTigan@morrisnichols.com |
| Cc: | #C-M AVADEL ANTITRUST - LW TEAM; #C-M JAZZ PATENT LITIGATION - LW TEAM; DSilver@McCarter.com; ajoyce@mccarter.com; MoFo-Avadel-Antitrust@mofo.com |
| Subject: | Jazz v. Avadel - No. 22-00941-GBW - Production of AVDL_AT_019 & AVDL_AT_Overlay004 |
| Date: | Saturday, October 19, 2024 12:48:08 PM |

Counsel,

You will receive two secure transfer emails containing links to Avadel's productions in the antitrust case, volumes AVDL_AT_019, containing documents bearing Bates numbers AVDL_AT_01079361 through AVDL_AT_01079421, and AVDL_AT_007_Overlay004.  These documents are being produced pursuant to M. Sprick's October 18, 2024 email to J. Farley and A. Thorson's October 16, 2024 email.

The password to access AVDL_AT_019 is "Zo&i56aZu@Ow$uT=Ed+S".  The password to access AVDL_AT_007_Overlay004 is "gLnib#@1=k6sp2?LBlv+".

These documents are being produced as Highly Confidential pursuant to the protective order entered in this case.

Please do not hesitate to contact me if you have any trouble downloading the production.

Best,
Christie

**Christine Greeley**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8836

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC.,       ) | |
|          ) | |
| Plaintiff,       ) | |
|          ) | |
| v.       ) | C.A. No. 22-941-GBW |
|          ) | |
| AVADEL CNS PHARMACEUTICALS, LLC,       ) | |
|          ) | |
| Defendant.       ) | |

**DECLARATION OF JERAD G. SEURER IN SUPPORT OF AVADEL CNS
PHARMACEUTICALS, LLC'S ASSERTION OF PRIVILEGE**

I, Jerad G. Seurer, hereby declare and state as follows:

1.     I currently hold the position of Senior Vice President, General Counsel & Corporate Secretary at Avadel CNS Pharmaceuticals, LLC ("Avadel"), and have held this position since 2021. Before this role, I held the positions of Vice President, Legal Affairs & Corporate Secretary at Avadel from 2019 to 2021, and Vice President, Deputy General Counsel at Avadel from 2017 to 2019. Through these roles, I have gained personal knowledge of the above-captioned and related lawsuits between Jazz Pharmaceuticals, Inc. ("Jazz") and Avadel.

2.     I make this declaration in support of Avadel's assertion of privilege over documents produced in the above-captioned case.

3.     I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify thereto.

4.    Beginning in 2017, I was the in-house attorney at Avadel principally responsible for advising the company on legal and regulatory matters arising from the development and FDA approval of LUMRYZ.  In that capacity, I frequently communicated with third-party regulatory consultants—such as Greenleaf Health, Inc. ("Greenleaf") and ProPharma Group ("ProPharma")—and non-legal personnel within Avadel.  These communications often contained requests for legal advice, requests for information to facilitate my provision of legal advice, and/or my own legal opinions.

5.    ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████

6.    ████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

   ▪ ██████████████████████████
   ▪ ██████████████████████████



███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████

7.      ████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████

- █████████████████████
- █████████████████████
- █████████████████████
- █████████████████████
- █████████████████████
- █████████████████████
- █████████████████████
- █████████████████████
- █████████████████████
- █████████████████████
- █████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 24, 2024 in Chesterfield, MO.

_____
Jerad G. Seurer

# EXHIBIT 9

REDACTED IN ENTIRETY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on October 24, 2024 on the following counsel in the manner indicated below.

## <u>VIA EMAIL:</u>

Jack B. Blumenfeld
Jeremy Tigan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

William R. Sears
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Willsears@quinnemanuel.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Steig D. Olson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
steigolson@quinnemanuel.com

*Attorneys for Plaintiff Jazz Pharmaceuticals, Inc.*

Dated: October 24, 2024

/s/ Daniel M. Silver
Daniel M. Silver (#4758)