**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JAZZ PHARMACEUTICALS, INC.,        )    REDACTED PUBLIC VERSION
                                                )    FILED DECEMBER 4, 2024
                Plaintiff,      )
                                                  )    C.A. No. 22-941-GBW
        v.                       )
                                                  )
AVADEL CNS PHARMACEUTICALS,    )
LLC,                                     )
                                                  )
                Defendant.    )
                                                  )

**AVADEL CNS PHARMACEUTICALS, LLC'S
<u>BRIEF IN SUPPORT OF PRIVILEGE CLAIMS</u>**

# TABLE OF CONTENTS

**Page**

I.     Introduction ...............................................................................................................1

II.    Legal Standard ..........................................................................................................1

III.   Argument ..................................................................................................................3

     A.     ProPharma Communications ........................................................................4

          1.     Email Thread, Subject: "███████████" (PRIV_AVDL_AT_00004385, PRIV_AVDL_AT_00004386, PRIV_AVDL_AT_00021869) ................................................................4

          2.     Email Thread, Subject: "███████████" (PRIV_AVDL_AT_00004433, PRIV_AVDL_AT_00004074) .................5

          3.     Email Thread, Subject: "██████████" (PRIV_AVDL_AT_00004407) ................................................................6

          4.     Email Thread, Subject: "██████████" (PRIV_AVDL_AT_00003489, PRIV_AVDL_AT_00003960) .................6

          5.     Email Thread, Subject: "█████████" (PRIV_AVDL_AT_00004354) ................................................................7

     B.     Greenleaf Communications .........................................................................7

          1.     Email Thread, Subject: "███████████████" (PRIV_AVDL_AT_00003477, PRIV_AVDL_AT_00001919, PRIV_AVDL_AT_00000275, PRIV_AVDL_AT_00003209, PRIV_AVDL_AT_00003476) ................................................................7

          2.     Email Thread, Subject: "████████████" (PRIV_AVDL_AT_00001926, PRIV_AVDL_AT_00001927, PRIV_AVDL_AT_00000311) ................................................................8

          3.     Email Thread, Subject: "██████████" (PRIV_AVDL_AT_00028737) ................................................................9

          4.     Email Thread, Subject: "█████████████" (PRIV_AVDL_AT_00028499 / AVDL_AT_01016580) ............................10

          5.     Email Thread, Subject: "█████████████████████" (PRIV_AVDL_AT_00029827 / AVDL_AT_01027269, PRIV_AVDL_AT_00027809 / AVDL_AT_01004696, PRIV_AVDL_AT_00029579 / AVDL_AT_01021881) ................................................................10

     C.     Launch Timeline Presentations ..................................................................11

IV.   Conclusion .............................................................................................................12

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*,
  No. CV 14-1430-LPS-JLH, 2021 WL 4819904 (D. Del. Oct. 15, 2021) ..................................2

*In re Flonase Antitrust Litig.*,
  879 F. Supp. 2d 454 (E.D. Pa. 2012) ..........................................................................................3

*Magten Asset Management Corp. v. Northwestern Corp.*,
  No. CV 05-499 (JJF), 2007 WL 9811153 (D. Del. June 14, 2007).............................................2

*Onyx Therapeutics, Inc. v. Cipla Ltd.*,
  No. CV 16-988-LPS, 2019 WL 668846 (D. Del. Feb. 15, 2019) ...............................................2

*Robocast, Inc. v. Apple, Inc.*,
  No. CV 10-1055 (RGA), 2013 WL 12147601 (D. Del. July 19, 2013) .....................................2

*Sandoz Inc. v. Lannett Co.*,
  570 F. Supp. 3d 258 (E.D. Pa. 2021) ..........................................................................................2

*TC Tech. LLC v. Sprint Corp.*,
  No. 16-CV-153-RGA, 2018 WL 6584122 (D. Del. Dec. 13, 2018)...........................................3

*United States v. Alvarez*,
  519 F.2d 1036 (3d Cir. 1975).....................................................................................................2

*United States v. Kovel*,
  296 F.2d 918 (2d Cir. 1961).......................................................................................................2

*WebXchange, Inc. v. Dell Inc.*,
  264 F.R.D. 123 (D. Del. 2010) ............................................................................................1, 2, 4, 12

*Westinghouse Elec. Corp. v. Republic of Philippines*,
  951 F.2d 1414 (3d Cir. 1991).....................................................................................................2

## I.     INTRODUCTION

Avadel is willing to produce 48 documents unredacted and 3 additional documents with most of the previously applied redactions removed (listed in Appendix A), pursuant to the Court's Oral Order (D.I. 207), which provides that Avadel's production would not waive privilege as to those documents. Avadel requests that Jazz's motion to compel be denied as to the remaining 25 challenged documents.

The majority of the remaining documents involve communications with Avadel's consultants, ProPharma and Greenleaf. Avadel hired these two firms to advise Avadel on the FDA regulatory approval process related to LUMRYZ. Employees of ProPharma and Greenleaf worked closely with Avadel's in-house and outside counsel on submissions and communications to FDA, which involved related legal issues. Accordingly, Avadel's attorneys often communicated directly with ProPharma and Greenleaf to obtain information necessary to facilitate counsel's legal analysis. Three documents contain redacted slides ███████████████████████ ████████████████████████████████████████████████████ ███████████████████████ As detailed below, the remaining disputed materials reflect communications that were essential to counsel's ability to render informed legal advice, which are subject to the core protections of attorney-client privilege against compelled disclosure of confidential communications between counsel and their client's employees and agents.

## II.     LEGAL STANDARD

Attorney-client privilege protects from production any document that is "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *WebXchange, Inc. v. Dell Inc.*, 264 F.R.D. 123, 126 (D. Del. 2010) (citation omitted).

Agents of the client "that help facilitate attorney-client communications of legal representation are included within 'privilege[d] persons.'" *Id.*; *see also Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991) (noting that "courts have held that the client may allow disclosure to an 'agent' assisting the attorney in giving legal advice to the client without waiving the privilege"). Consultants communicating for the purpose of obtaining or informing legal advice qualify as agents protected by the attorney-client privilege. *See, e.g.*, *United States v. Alvarez*, 519 F.2d 1036, 1045 (3d Cir. 1975) (citing *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961)). Attorney-client privilege applies to communications with consultants who have "information needed by attorneys in rendering legal advice" or who are otherwise "integral to the solicitation, receipt and use of legal advice." *See, e.g.*, *Robocast, Inc. v. Apple, Inc.*, No. CV 10-1055 (RGA), 2013 WL 12147601, at *4, *5 (D. Del. July 19, 2013); *Magten Asset Management Corp. v. Northwestern Corp.*, No. CV 05-499 (JJF), 2007 WL 9811153, at *3 (D. Del. June 14, 2007). The "obvious active engagement between the attorney and the consultant for the purpose of legal advice" renders such communications protected by the attorney-client privilege. *Sandoz Inc. v. Lannett Co.*, 570 F. Supp. 3d 258, 266 (E.D. Pa. 2021).

Where the party asserting protection demonstrates that the communications primarily relate to issues on which attorneys and their colleagues provided legal advice, those documents are privileged and protected from disclosure. *See, e.g.*, *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. CV 14-1430-LPS-JLH, 2021 WL 4819904, at *5 (D. Del. Oct. 15, 2021). Communications remain confidential (and privilege is not waived) if they do not include and are not subsequently shared with third parties other than the client, its attorney, or their agents. *See, e.g.*, *Onyx Therapeutics, Inc. v. Cipla Ltd.*, No. CV 16-988-LPS, 2019 WL 668846, at *1 (D. Del. Feb. 15, 2019). Privilege also applies to communications made with the primary purpose of

obtaining or providing legal assistance, as opposed to non-legal business advice, for the client. *See, e.g.*, *TC Tech. LLC v. Sprint Corp.*, No. 16-CV-153-RGA, 2018 WL 6584122, at *3 (D. Del. Dec. 13, 2018).

## III.    ARGUMENT

Communications with independent pharmaceutical consulting services company are entitled to attorney-client privilege protections where the consultant was involved in legal and regulatory issues such as "intellectual property rights, interaction with the FDA, and application for and receipt of pediatric exclusivity for [a drug]." *See In re Flonase Antitrust Litig.*, 879 F. Supp. 2d 454, 460 (E.D. Pa. 2012). Avadel relied on the expertise of its regulatory consultants ProPharma and Greenleaf regarding the FDA regulatory process and FDA's requirements to enable Avadel's attorneys to provide informed legal advice to their client. Ex. 8 ¶¶ 4, 6, D.I. 192 ("Seurer Decl.").

Avadel's General Counsel, Jerad Seurer, worked closely with Avadel's employees and agents ProPharma and Greenleaf on legal and regulatory matters related to FDA approval of Avadel's New Drug Application for LUMRYZ. Mr. Seurer actively communicated with regulatory consultants at ProPharma and Greenleaf in order to provide legal advice to Avadel regarding submissions to FDA, REMS design and implementation, drug labeling requirements, obtaining orphan drug exclusivity, patents related to LUMRYZ, and litigation with Jazz. Mr. Seurer, and others at Avadel, treated these consultants as functionally equivalent to Avadel employees, including Ms. Scarola, who has since become a full-time employee at Avadel. *Id.* ¶¶ 6-7. Mr. Seurer also requested ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████. Only Avadel's counsel, employees

3

of Avadel involved in the FDA regulatory process, and Avadel's regulatory consultants received or were present on these emails and presentations, which were not intended to be shared to others.

### A.    ProPharma Communications

While Avadel has produced thousands of its communications with ProPharma, Jazz has only challenged 34. D.I. 192 at 3. Avadel has further narrowed the dispute to 9 documents, relating to 5 discrete email threads. These documents ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████ Avadel's legal team regularly conferred with ProPharma consultants to obtain information necessary to provide legal advice regarding FDA submissions and regulatory strategy. Seurer Decl. ¶ 7. And in some cases, ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████ These communications are also protected from disclosure because they reveal the substance of the Avadel employee's request for legal advice, which is not waived by the presence of ProPharma. *See WebXchange, Inc.*, 264 F.R.D. at 128. Similarly, when non-lawyer employees of Avadel disclose legal advice received from counsel within the context of their employment capacities and to assist Avadel in obtaining legal advice, such communications remain confidential and privileged. *See id*.

### 1.    Email Thread, Subject: "███████████████"
### (PRIV_AVDL_AT_00004385, PRIV_AVDL_AT_00004386,
### PRIV_AVDL_AT_00021869)

These three documents are part of an email thread ███████████████████████

███████████████████████████████████████████████████████████████

███████████████ Dr. Dubow was Avadel's Chief Medical Officer, primarily responsible for clinical development and operations related to LUMRYZ. Ex. 1 ¶ 4 ("Suppl. Seurer Decl."). Ms.

Burroughs was Avadel's Director of Pharmacovigilance & Medical Information, primarily responsible for the development of the LUMRYZ REMS. *Id.* These communications ████████████ ███████████████████████████████████████████████████████████ ████████████████████████████ The communication ████████████████████████ ███████████████████████████████ In these communications, ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████ *Id.* These communications were kept confidential and were not intended to be shared with non-privileged third parties. *Id.* In these communications, ████████ ████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████ *Id.*

2.      **Email Thread, Subject: "**████████████████**"**
            **(PRIV_AVDL_AT_00004433, PRIV_AVDL_AT_00004074)**

These two documents are part of an email thread ████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████ These communications ███████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████ The discussion remained confidential and was not shared, nor intended to be shared, with any non-privileged third parties. *Id.* ¶ 5. ████████████████████ ██████████████████████████████████████, and both assisted Mr. Seurer in the provision of legal advice to Avadel and helped Mr. Seurer make decisions related to FDA regulatory issues. *Id.*

**3.** **Email Thread, Subject: "████████████"
(PRIV_AVDL_AT_00004407)**

This document is an email thread ████████████████████████

████████████████████████████████████████████

████████████████████████ Maire Fenton was Program Director for

Clinical Operations at Avadel, involved in conducting clinical trials related to LUMRYZ. *Id.* ¶ 6.

These communications ████████████████████████████

████████████████████████████████████████████

████████████████████ The discussion remained confidential and was not shared,

nor intended to be shared, with any non-privileged third parties. *Id.* ████████████████

████████████████████, and both assisted Mr. Seurer in the provision of legal

advice to Avadel and helped Mr. Seurer make decisions related to FDA regulatory issues. *Id.*

**4.** **Email Thread, Subject: "████████████"
(PRIV_AVDL_AT_00003489, PRIV_AVDL_AT_00003960)**

These documents are part of an email thread ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████ These communications ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

The discussion remained confidential and was not shared, nor intended to be shared, with any non-

privileged third parties. *Id.* ¶ 7. ████████████████████████████,

and both assisted Mr. Seurer in the provision of legal advice to Avadel and helped Mr. Seurer

make decisions related to FDA regulatory issues. *Id.*

**5.    Email Thread, Subject: "███████" (PRIV_AVDL_AT_00004354)**

This document is an email thread █████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████, but both

discussions remained confidential and were not shared, nor intended to be shared, with any non-

privileged third parties. *Id.* ¶ 8. ██████████████████████████████████

██████████, and both assisted Mr. Seurer in the provision of legal advice to Avadel and

helped Mr. Seurer make decisions related to FDA regulatory issues. *Id.*

**B.    Greenleaf Communications**

Avadel has narrowed the dispute regarding communications with Greenleaf to 13

documents, relating to 5 discrete email threads. These thirteen documents ████████

███████████████████████████████████████████████████████████████████

██████████████████████████. Seurer Decl. ¶ 6. ██████████████████████

██████████, Greenleaf worked closely with Avadel's in-house and outside counsel

to provide information that was necessary to Avadel's ability to obtain legal advice related to the

FDA regulatory process. *Id.* ¶¶ 5-6.

**1.    Email Thread, Subject: "Revised ODE Supplement Doc"
(PRIV_AVDL_AT_00003477, PRIV_AVDL_AT_00001919,
PRIV_AVDL_AT_00000275, PRIV_AVDL_AT_00003209,
PRIV_AVDL_AT_00003476)**

These five documents are versions of an email thread with the subject line "████████

██████████," and attachments to that thread. The communications ███████████████

███████████████████████████████████████████████████████

████████████████████████████████████. Specifically, the communications

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

In these communications, ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████. Suppl. Seurer Decl. ⁋ 9. The

communications ████████████████████████████████████████

██████ These communications were kept confidential and were not intended to be shared with

non-privileged third parties. *Id.* ███████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████ *Id.*

    2.    **Email Thread, Subject: "███████████████████"**
            **(PRIV_AVDL_AT_00001926, PRIV_AVDL_AT_00001927,**
            **PRIV_AVDL_AT_00000311)**

These three documents are attachments to the same email thread with the subject line

"███████████████████." The communications ████████████████████

███████████████████████████████████████████████████████

████████████████████ Specifically, the communications ████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

These documents ███████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████ *Id.* ₱ 10. These communications were

kept confidential and were not intended to be shared with non-privileged third parties. *Id.* ██

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████ *Id.*

    **3.    Email Thread, Subject: "████████████"**
             **(PRIV_AVDL_AT_00028737)**

This document is an email ██████████████████████████████

█████████████████████████████████████████████████████

███████████ The communications █████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████ *Id.* ₱ 11. The communication was kept

confidential and was not intended to be shared with non-privileged third parties. *Id.* ████████

█████████████████████████████████████████████████████

███████████████████████████████████████ *Id.*

4.    **Email Thread, Subject: "**████████████████**"
(PRIV_AVDL_AT_00028499 / AVDL_AT_01016580)**

This document is an email thread with the subject line "████████████████." The

redacted, privileged portions ████████████████████████████

████████████████████████████████

████████████████████████████████. The

privileged communications ████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████. *Id.* ¶ 12. The communication ████████████████

████████████████████. These communications were kept confidential

and were not intended to be shared with non-privileged third parties. *Id.* ████████

████████████████████████████████

████████████████████████. *Id.*

5.    **Email Thread, Subject: "**████████████████
████████████**" (PRIV_AVDL_AT_00029827 /
AVDL_AT_01027269, PRIV_AVDL_AT_00027809 /
AVDL_AT_01004696, PRIV_AVDL_AT_00029579 /
AVDL_AT_01021881)**

These three documents are versions of the same email thread ████████████

████████████████████████████████

████████████████████████████████

████████ The redacted communications ████████████████

████████████████████████████████

████████ In this communication, ████████████████████

10

██████████████████████████████████████████████████

████████████ . *Id.* ¶ 13. These communications were kept confidential and were not intended to

be shared with non-privileged third parties. *Id.* ███████████████████████████

██████████████████████████████████████████████████

████████████ *Id.*

### C.   Launch Timeline Presentations

Jazz challenges 23 redacted slides out 159 total belonging to 3 versions of an Avadel

presentation,   ██████   ████████   ████████       (PRIV_AVDL_AT_00024277,

PRIV_AVDL_AT_00018692, and PRIV_AVDL_AT_0011633). In each presentation, ████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████ . Seurer Decl. ¶¶ 4-5. ███████████████████████████

██████████████████████████████████████████████████

████████████████████ . *Id.* ¶ 5. The redacted content ███████████████

██████████████████████████████████████████████████

███████████████████████████████████████ . *Id.* These communications

were kept confidential and were not intended to be shared with non-privileged third parties. Suppl.

Seurer Decl. ¶ 14. The slides were drafted ████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

*Id.* The slides were shared only with these Avadel employees and outside counsel at Latham &

Watkins. *Id.* Thus, the redacted slides constitute communications made between attorney and client

in confidence to provide legal assistance, squarely within the scope of attorney-client privilege.

Since the document was also made in anticipation of litigation, it is protected from compelled

disclosure under the attorney work product doctrine as well. *See WebXchange, Inc.*, 264 F.R.D. at 128.

## IV.    CONCLUSION

The 25 documents that Avadel has properly withheld or redacted are privileged, and should not be produced. In light of the foregoing, the Court should deny Jazz's motion to compel as to these materials.

Dated:  November 27, 2024

*Of Counsel*:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Ian Conner
Alan J. Devlin
Anna M. Rathbun
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
ian.conner@lw.com
alan.devlin@lw.com
anna.rathbun@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
herman.yue@lw.com

McCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Counterclaim-Plaintiff vadel Pharmaceuticals, LLC's*

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com

Kira A. Davis
Henry Huttinger
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
hhuttinger@mofo.com

Alexander Okuliar
Haydn Forrest
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500
aokuliar@mofo.com
hforrest@mofo.com

Matthew C. Has
POLSINELLI
100 South Fourth Street, Suite 1000
St. Louis, MO 631002
(314) 552-6820
mhans@polsinelli.com

# APPENDIX A

## <u>Index of Avadel's Documents To Be Produced on a Non-Waiver Basis</u>

| <u>In Camera Submission Tab #</u> | <u>Privilege Log Number</u> | <u>Bates Number</u> |
|---|---|---|
| **ProPharma Documents** | | |
| 3 | PRIV_AVDL_AT_00003987 | N/A |
| 4 | PRIV_AVDL_AT_00014373 | N/A |
| 6 | PRIV_AVDL_AT_00014059 | N/A |
| 7 | PRIV_AVDL_AT_00004470 | N/A |
| 8 | PRIV_AVDL_AT_00004316 | N/A |
| 9 | PRIV_AVDL_AT_00020758 | N/A |
| 10 | PRIV_AVDL_AT_00017357 | N/A |
| 11 | PRIV_AVDL_AT_00004370 | N/A |
| 12 | PRIV_AVDL_AT_00004150 | N/A |
| 13 | PRIV_AVDL_AT_00002487 | N/A |
| 14 | PRIV_AVDL_AT_00021534 | AVDL_AT_00852833 |
| 15 | PRIV_AVDL_AT_00004438 | N/A |
| 16 | PRIV_AVDL_AT_00004439 | N/A |
| 17 | PRIV_AVDL_AT_00004434 | N/A |
| 18 | PRIV_AVDL_AT_00004441 | N/A |
| 19 | PRIV_AVDL_AT_00004464 | N/A |
| 22 | PRIV_AVDL_AT_00020818 | AVDL_AT_00849742 |
| 23 | PRIV_AVDL_AT_00012245 | AVDL_AT_00815065 |
| 24 | PRIV_AVDL_AT_00003486 | N/A |
| 27 | PRIV_AVDL_AT_00004154 | N/A |

| In Camera Submission Tab # | Privilege Log Number | Bates Number |
|---|---|---|
| 28 | PRIV_AVDL_AT_00006615 | AVDL_AT_00800978 |
| 29 | PRIV_AVDL_AT_00004169 | N/A |
| 31 | PRIV_AVDL_AT_00004069 | N/A |
| 32 | PRIV_AVDL_AT_00004052 | N/A |
| 34 | PRIV_AVDL_AT_00012974 | N/A |
| **Greenleaf Documents** | | |
| 36 | PRIV_AVDL_AT_00001925 | N/A |
| 40 | PRIV_AVDL_AT_00000310 | N/A |
| 44 | PRIV_AVDL_AT_00002977 | N/A |
| 45 | PRIV_AVDL_AT_00002979 | N/A |
| 47 | PRIV_AVDL_AT_00029826 | N/A |
| 49 | PRIV_AVDL_AT_00028499 | AVDL_AT_01016580 (withdraw redactions in part) |
| 50 | PRIV_AVDL_AT_00029827 | AVDL_AT_01027269 (withdraw redactions in part) |
| 51 | PRIV_AVDL_AT_00002426 | N/A |
| 52 | PRIV_AVDL_AT_00002421 | N/A |
| 53 | PRIV_AVDL_AT_00028332 | AVDL_AT_01015126 |
| 54 | PRIV_AVDL_AT_00002433 | N/A |
| 55 | PRIV_AVDL_AT_00027809 | AVDL_AT_01004696 (withdraw redactions in part) |
| 57 | PRIV_AVDL_AT_00001761 | N/A |
| 58 | PRIV_AVDL_AT_00001923 | N/A |

| In Camera Submission Tab # | Privilege Log Number | Bates Number |
|---|---|---|
| 59 | PRIV_AVDL_AT_00029051 | N/A |
| 60 | PRIV_AVDL_AT_00024682 | AVDL_AT_01000204 |
| 61 | PRIV_AVDL_AT_00026468 | N/A |
| 62 | PRIV_AVDL_AT_00002348 | N/A |
| 63 | PRIV_AVDL_AT_00002419 | N/A |
| 64 | PRIV_AVDL_AT_00024680 | AVDL_AT_01000195 |
| 65 | PRIV_AVDL_AT_00027015 | N/A |
| 66 | PRIV_AVDL_AT_00028695 | AVDL_AT_01025880 |
| 67 | PRIV_AVDL_AT_00018682 | N/A |
| 68 | PRIV_AVDL_AT_00000338 | AVDL_AT_00776547 |
| 69 | PRIV_AVDL_AT_00024683 | AVDL_AT_01000209 |
| 70 | PRIV_AVDL_AT_00028113 | AVDL_AT_01013925 |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on November 27, 2024 on the following counsel in the manner indicated below.

### <u>VIA EMAIL:</u>

Jack B. Blumenfeld
Jeremy Tigan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

William R. Sears
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Willsears@quinnemanuel.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Steig D. Olson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
steigolson@quinnemanuel.com

*Attorneys for Plaintiff Jazz Pharmaceuticals, Inc.*

Dated: November 27, 2024                    */s/ Daniel M. Silver*
                                            Daniel M. Silver (#4758)