IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-941 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS, LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Counterclaim-Plaintiff. | ) | |

## JAZZ'S BRIEF IN OPPOSITION TO AVADEL'S PRIVILEGE CLAIMS

OF COUNSEL:

F. Dominic Cerrito
Steig D. Olson
Gabriel P. Brier
Frank C. Calvosa
Avi Grunfeld
Nicolas Siebert
Andrew Faisman
Maxwell Hawley
Kevin Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
(212) 849-7000

William R. Sears
Monika Hara
Lynette Lim
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Counterclaim-Defendant*
*Jazz Pharmaceuticals, Inc.*

Confidential Version Filed: December 4, 2024
Public Version Filed: December 11, 2024

**TABLE OF CONTENTS**

|   |   | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | LEGAL STANDARD | | 2 |
| III. | ARGUMENT | | 2 |
|  | A. | Marketing ▓▓▓ ▓▓▓ (PRIV_AVDL_AT_00024277, PRIV_AVDL_AT_00018692, and PRIV_AVDL_AT_0011633) | 4 |
|  | B. | ProPharma Documents | 5 |
|  |  | 1. Email Thread, Subject: ▓▓▓ ▓▓▓ (PRIV_AVDL_AT_00004385, PRIV_AVDL_AT_00004386, PRIV_AVDL_AT_00021869) | 5 |
|  |  | 2. Email Thread, Subject: ▓▓▓ ▓▓▓ (PRIV_AVDL_AT_00004433, PRIV_AVDL_AT_00004074), Email Thread, Subject: ▓▓▓ ▓▓▓ (PRIV_AVDL_AT_00004407), and Email Thread, Subject: ▓▓▓ ▓▓▓ (PRIV_AVDL_AT_00003489, PRIV_AVDL_AT_00003960) | 6 |
|  |  | 3. Email Thread, Subject: ▓▓▓ ▓▓▓ (PRIV_AVDL_AT_00004354) | 7 |
|  | C. | Greenleaf Documents | 7 |
|  |  | 1. Email Thread, Subject: ▓▓▓ ▓▓ ▓▓▓ ▓ (PRIV_AVDL_AT_00003477, PRIV_AVDL_AT_00001919, PRIV_AVDL_AT_00000275, PRIV_AVDL_AT_00003209, PRIV_AVDL_AT_00003476) and Documents Affiliated with Email Thread, Subject: ▓▓▓ ▓▓ ▓▓▓ (PRIV_AVDL_AT_00001926, PRIV_AVDL_AT_00001927, PRIV_AVDL_AT_00000311) | 8 |
|  |  | 2. Email Thread, Subject: ▓▓▓ ▓▓▓ ▓▓▓ (PRIV_AVDL_AT_00028737) | 9 |
|  |  | 3. Email Thread, Subject: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (PRIV_AVDL_AT_00029827, PRIV_AVDL_AT_00027809, PRIV_AVDL_AT_00029579) | 9 |
|  |  | 4. Email Thread, Subject: ▓▓▓ ▓▓▓ ▓▓▓ (PRIV_AVDL_AT_00028499) | 10 |
| IV. | CONCLUSION | | 10 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allscripts Healthcare, LLC v. Andor Health, LLC*,
   2022 WL 605347 (D. Del. Jan. 27, 2022)..................................................................................7

*Am. Health Sys., Inc. v. Liberty Health Sys.*,
   1991 WL 42310 (E.D. Pa. Mar. 26, 1991)................................................................................10

*In re Bristol-Myers Squibb Sec. Litig.*,
   2003 WL 25962198 (D.N.J. June 25, 2003) .............................................................................8

*Ciccio v. SmileDirectClub, LLC*,
   2022 WL 2910501 (M.D. Tenn. July 22, 2022) ..........................................................3, 5, 7, 8, 9

*Cont'l Grp., Inc. v. Just.*,
   536 F. Supp. 658 (D. Del. 1982)................................................................................................4

*Foster v. Berwind Corp.*,
   1990 WL 209288 (E.D. Pa. 1990) ...............................................................................7, 8, 9, 10

*FTC v. AbbVie*,
   2015 WL 8623076 (E.D. Pa. Dec. 14, 2015).................................................................4, 5, 6, 10

*In re Gabapentin Patent Litig.*,
   214 F.R.D. 178 (D.N.J. 2003)..................................................................................................2, 9

*In re Grand Jury Matter*,
   147 F.R.D. 82 (E.D. Pa. 1992)............................................................................2, 3, 5, 8, 9, 10

*HPD Lab'ys, Inc. v. Clorox Co.*,
   202 F.R.D. 410 (D.N.J. 2001)..........................................................................................2, 3, 6

*Hynix Semiconductor Inc. v. Rambus*,
   2008 WL 350641 (N.D. Cal. Feb. 2, 2008) ..........................................................................4, 7

*Immersion Corp. v. HTC Corp.*,
   2014 WL 3948021 (D. Del. Aug. 7, 2014) ................................................................................2

*LightGuard Sys., Inc. v. Spot Devices, Inc.*,
   281 F.R.D. 593 (D. Nev. 2012)..................................................................................................5

*In re Processed Egg Prods. Antitrust Litig.*,
   278 F.R.D. 112 (E.D. Pa. 2011)..............................................................................3, 8, 9, 10

*Robocast, Inc. v. Apple, Inc.*,
  2013 WL 12147601 (D. Del. July 19, 2013) ............................................................................8

*Sandoz Inc. v. Lannett Co.*,
  570 F. Supp. 3d 258 (E.D. Pa. 2021) ..............................................................................3, 6, 8

*SodexoMAGIC, LLC v. Drexel Univ.*,
  291 F. Supp. 3d 681 (E.D. Pa. 2018) ......................................................................................6

*Union Carbide Corp. v. Dow Chem. Co.*,
  619 F. Supp. 1036 (D. Del. 1985) ...........................................................................................2

## I. INTRODUCTION

Avadel all but acknowledges that many of its privilege assertions lacked merit by agreeing to produce 48, or **65%**, of the documents it previously withheld or redacted after the Court stated it was "not convinced at this time that Avadel has met its burden of establishing that the attorney-client privilege applies to all the disputed materials." D.I. 207 at 1; 213 at 1. Remarkably, Avadel refused to produce those documents to Jazz before Jazz filed this brief, suggesting Avadel knew they would undermine its privilege claims as to the remaining documents. And Avadel does not deny that the remaining materials in dispute are highly relevant to ODE, DDI, and supply chain issues that directly concern Jazz's defense that its listing of the '963 patent did not delay LUMRYZ's launch. But Avadel's privilege assertions over these remaining documents are just as meritless as for the 48 documents for which Avadel has abandoned its privilege claims.

Despite having submitted two briefs and two declarations on the issue, Avadel still fails to meet its burden of showing that the remaining Launch Timeline, ProPharma, and Greenleaf documents contain "communications that were essential to counsel's ability to render informed legal advice." D.I. 213 at 1. Documentary and testimonial evidence directly contradict Avadel's assertions of privilege over the business-related Launch Timeline documents—something the vague, made-for-litigation declaration of Avadel's General Counsel (Mr. Seurer) cannot fix. As for the ProPharma Documents, all but one have no lawyer on them, and Avadel's conclusory assertions that these documents reflect ████████████████████████████ D.I. 213 at 4, ██████████████████████████, are insufficient to establish privilege. With respect to the one ProPharma document and the Greenleaf documents, which do have lawyers on them, Avadel has failed to explain how the at-issue documents reflect ████████████████████████████ ██████████████████████████. Thus, Avadel has failed to meet its burden, and Jazz requests that its motion be granted as to the remaining 25 challenged documents.

1

## II.   LEGAL STANDARD

The parties agree on the applicable standard governing the attorney-client privilege, and that Avadel bears the burden. D.I. 191 at 1; 213 at 1. At issue here are the nine Launch Timeline and ProPharma documents with no attorneys that appear not privileged on their face, and the 16 documents that do include attorneys, but appear to be regulatory, rather than legal in nature. For the privilege to apply to such documents, Avadel must show that the primary purpose of the communication between the attorney and the client "concern[s] legal assistance or advice." *Immersion Corp. v. HTC Corp.*, 2014 WL 3948021, at *1 (D. Del. Aug. 7, 2014).[1]

As the attorney-client privilege "obstruct[s] the truth-finding process," it "must be strictly confined within the narrowest possible limits consistent with the logic of [its] principles." *In re Grand Jury Matter*, 147 F.R.D. 82, 84 (E.D. Pa. 1992). Accordingly, if the primary purpose of a communication is to "solicit or render advice on non-legal matters, the communication is not within the scope of the attorney-client privilege." *Union Carbide Corp. v. Dow Chem. Co.*, 619 F. Supp. 1036 (D. Del. 1985). Thus, "communications between clients, unrelated to legal issues or advice," are not privileged. *In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 186 (D.N.J. 2003). Likewise, "[w]hen the communication between an attorney and non-legal personnel primarily relates to business concerns, the communication is not within the scope of [the] privilege." *Immersion Corp.*, 2014 WL 3948021, at *1.

## III.   ARGUMENT

Avadel has failed to carry its burden of establishing that the Launch Timeline, ProPharma, and Greenleaf documents were "made either ***for the purpose of obtaining legal advice from an attorney or to assist an attorney to formulate and render legal advice to a client***." *HPD Lab'ys,*

---

[1] All citations are omitted and emphasis added unless otherwise noted.

2

*Inc. v. Clorox Co.*, 202 F.R.D. 410, 415 (D.N.J. 2001) (emphasis in original). This is clear-cut for the three Launch Timeline documents and six ProPharma Documents that have no attorney on them. Avadel's own cited case confirms these documents are not privileged: "As no attorney is present on these communications, these email chains fail to satisfy the second prong that the communication be made to an attorney or their agent, and thus, are not protected by the attorney-client privilege." *Sandoz Inc. v. Lannett Co.*, 570 F. Supp. 3d 258, 265 (E.D. Pa. 2021). While the presence of a lawyer on a communication is not dispositive, these documents also only reflect "communications between a client and an expert consultant for business purposes, as opposed to legal purposes," confirming they are not privileged. *In re Grand Jury Matter*, 147 F.R.D. at 85.

Indeed, "[c]ourts have generally recognized the principle that compliance with regulations is usually a business matter, not a legal one," and Avadel has not established that the communications "have the primary purpose of soliciting [or conveying] legal, rather than business advice." *Ciccio v. SmileDirectClub, LLC*, 2022 WL 2910501, at *5 (M.D. Tenn. July 22, 2022). The same is true for the remaining 16 ProPharma and Greenleaf documents, which are business or regulatory communications where an attorney was copied but do not otherwise reflect legal advice.

Avadel bases its purported claims of privilege on the Seurer Declaration, but that, at most, establishes that the factual business and regulatory information contained in some of these communications may have been helpful to lawyers. That does not make regulatory communications privileged—especially for the nine documents where no lawyer is included. *See In re Processed Egg Prods. Antitrust Litig.*, 278 F.R.D. 112, 120 (E.D. Pa. 2011) (affidavit asserting that attorney who received a disputed document understood the document contained "factual information to assist [him] in providing legal advice" did not establish that the facts were provided for the purpose of providing legal advice and was insufficient to establish privilege).

3

Regardless, Seurer's "vague declaration[s]" that these documents somehow reflect ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ D.I. 213 at 3-4, are insufficient to establish privilege. *Hynix Semiconductor Inc. v. Rambus*, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008); *Cont'l Grp., Inc. v. Just.*, 536 F. Supp. 658, 664 (D. Del. 1982) ("A bare allegation that information and documents are protected from discovery by the attorney-client privilege is insufficient without making more information available").

    **A.**    **Marketing** ▇▇▇▇▇▇▇▇▇▇ **(PRIV_AVDL_AT_00024277, PRIV_AVDL_AT_00018692, and PRIV_AVDL_AT_0011633)**

The Launch Timeline slides relate to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The only purported evidence Avadel provides that the redacted Launch Timeline slides ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ D.I. 213 at 11, is the Seurer Declaration. But even if credited, this shows at most that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *FTC v. AbbVie*, 2015 WL 8623076, at *10-13 (E.D. Pa. Dec. 14, 2015) (communications referencing market entry dates and patent exclusivity duration were not privileged, even though counsel had provided legal advice as to those timelines).

Moreover, Avadel's assertion that the redacted slides were ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ D.I. 213 at 11, is unsubstantiated and, in fact, belied by the documents' metadata, associated communications, and deposition testimony. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ D.I. 191 at 2; *see also LightGuard Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593, 602 (D. Nev. 2012) (rejecting privilege claim based on declaration that a document was created by a businessperson for the purpose of advising attorneys because contemporaneous evidence contradicted that assertion).

### B. ProPharma Documents

Avadel has not demonstrated that the primary purpose of the ProPharma documents concerns legal advice. *In re Grand Jury Matter*, 147 F.R.D. at 85; *SmileDirectClub*, 2022 WL 2910501, at *5. Rather, the ProPharma documents concern regulatory issues and "[t]he fact of extensive or pervasive regulation does not make … everyday business activities legally privileged from discovery." *AbbVie*, 2015 WL 8623076, at *9. As noted, all but one of the remaining email threads do not include a lawyer, confirming they are regulatory, not legal, in nature.

#### 1. Email Thread, Subject: "▆▆▆▆▆▆▆▆▆▆" (PRIV_AVDL_AT_00004385, PRIV_AVDL_AT_00004386, PRIV_AVDL_AT_00021869)



Avadel's privilege log described these as ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Ex. A.[2] Shifting gears, Avadel now claims that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆." D.I. 213 at 5. While Avadel has not substantiated this claim, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, Avadel has not provided evidence that these communications were made for the purpose of providing legal advice. *AbbVie*, 2015 WL 8623076, at *9. Avadel's brief and Seurer's declaration are contradictory as to ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, but both agree that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. D.I. 213 at 5; D.I. 214 at 2. While Seurer's declaration nebulously claims ▆

---

[2] Ex. A includes the log entries for all 25 disputed documents, excerpted from Avadel's supplemental privilege logs dated 9/25/2024 and 9/27/2024.

5

███████████████████████████████ D.I. 214 at 2, his conclusory assertion is not enough to establish this fact, especially given that ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████. D.I. 191 at 3; *AbbVie*, 2015 WL 8623076, at *9 (finding that an email to counsel, despite an affidavit stating it was "legal advice," was not privileged as it discussed regulatory advice, a business activity in the highly regulated pharmaceutical industry).

> **2.    Email    Thread,    Subject:**  ████████  ████████
> **(PRIV_AVDL_AT_00004433, PRIV_AVDL_AT_00004074), Email**
> **Thread, Subject:** ████████████ **(PRIV_AVDL_AT_00004407),**
> **and    Email    Thread,    Subject:** ████████  █████
> **(PRIV_AVDL_AT_00003489, PRIV_AVDL_AT_00003960)**

These emails are between ████████████ and are thus non-privileged. *Sandoz*, 570 F. Supp. 3d at 265. Avadel claims that these communications ████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████ D.I. 213 at 5-6. But this is insufficient to establish privilege, as communications must actually *seek* legal advice: "There is no privilege where one non-attorney employee states to another non-attorney employee his or her desire to speak with in-house counsel." *AbbVie*, 2015 WL 8623076, at *9; *HPD Lab'ys*, 202 F.R.D. at 415-17 (employee's intent to obtain legal advice not privileged absent evidence that employees actually sought legal advice from company lawyers). Mr. Seurer's generalized assertion that ██ ████████████████████████████████████████████ D.I. 214 at 2-3, does not prove that legal advice was actually provided or obtained regarding the specific documents in issue, as opposed to generally in other instances. *SodexoMAGIC, LLC v. Drexel Univ.*, 291 F. Supp. 3d 681, 686 (E.D. Pa. 2018) (communication with "no lawyer on the chain" was not privileged where the proponent "ha[d] not met its burden of showing that … the lawyer whom [the party] claims provided legal advice during this communication, in fact provided such legal advice").

With respect to the ▮▮▮▮ emails, Avadel also asserts that ▮▮▮▮ ▮▮▮▮ D. I. 213 at 6. But ▮▮▮▮ ▮▮▮▮. Ex. A. Given that Avadel has previously claimed legal involvement from its attorneys where there was none, and the document appears to discuss ▮▮▮▮ ▮▮▮▮, Avadel's claim that this email relays legal advice is dubious. D.I. 191-2, Ex. 9 at 1.

### 3. Email Thread, Subject: ▮▮▮▮ (PRIV_AVDL_AT_00004354)

This thread, too, does not contain a lawyer. Avadel claims that ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ D.I. 213 at 7. But, like the prior email thread, ▮▮▮▮. Ex. A. Mr. Seurer's vague assertions that he ▮▮▮▮ ▮▮▮▮ D.I. 214 at 4, are insufficient to establish privilege over this specific communication. *Hynix*, 2008 WL 350641, at *3. And Avadel again fails to explain how this communication about ▮▮▮▮, from ProPharma, its regulatory advisor, was legal, as opposed to regulatory, in nature. *SmileDirectClub*, 2022 WL 2910501, at *5; *Foster v. Berwind Corp.*, 1990 WL 209288, at *2 (E.D. Pa. 1990).

### C.    Greenleaf Documents

Although the remaining Greenleaf documents at issue include lawyers, "merely sending a communication to an attorney does not necessarily provide protection to that communication under the attorney-client privilege." *Allscripts Healthcare, LLC v. Andor Health, LLC*, 2022 WL 605347, at *1 (D. Del. Jan. 27, 2022). "When a client's ultimate goal is not legal advice, but rather,

7

business advice, the attorney-client privilege is inapplicable." *In re Bristol-Myers Squibb Sec. Litig.*, 2003 WL 25962198, at *5 (D.N.J. June 25, 2003). Regulatory advice from consultants is "not protected even though some of them may be documentation of communications between the expert consultant and the [attorney]." *In re Grand Jury Matter*, 147 F.R.D. at 85.

Avadel's cited cases are distinguishable. They merely hold that sharing communications that are otherwise privileged with a consultant does not waive privilege, but they do not say that the presence of a consultant creates privilege. *See, e.g.*, *Robocast, Inc. v. Apple, Inc.*, 2013 WL 12147601, at *6 (D. Del. July 19, 2013) (characterizing third-parties to a communication as "'trusted advisors,' 'key advisors' or the like" does not establish privilege); *Sandoz*, 570 F. Supp. 3d at 266 (presence of third-party consultant waived privilege, except where it was "patent from the face of [the] documents that legal advice [wa]s in fact involved").

> 1. **Email Thread, Subject: ▮▮▮▮▮▮▮▮▮▮ (PRIV_AVDL_AT_00003477, PRIV_AVDL_AT_00001919, PRIV_AVDL_AT_00000275, PRIV_AVDL_AT_00003209, PRIV_AVDL_AT_00003476) and Documents Affiliated with Email Thread, Subject: ▮▮▮▮▮▮▮▮▮▮ (PRIV_AVDL_AT_00001926, PRIV_AVDL_AT_00001927, PRIV_AVDL_AT_00000311)**

Avadel's claim that these documents reflect ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ D.I. 213 8-9, fails to establish privilege. Documents that simply contain "factual information to assist [an attorney] in providing legal advice" are not privileged. *In re Processed Egg*, 278 F.R.D. at 120. Further, Avadel cannot dispute that ▮▮▮▮▮▮▮▮▮▮ D.I. 191-2, Ex. 15 at § 4, so ▮▮▮▮▮▮▮▮▮▮, and Seurer's conclusory affidavit does not demonstrate that these ▮▮▮▮▮▮▮▮▮▮, which are presumptively a business matter, "have the primary purpose of soliciting [or conveying] legal, rather than business advice." *SmileDirectClub*, 2022 WL 2910501, at *5; *Foster*, 1990 WL

8

209288, at *2 ("[A] party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient facts as to bring the identified and described document within the narrow confines of the privilege"). Tellingly, despite Avadel's assertion that the ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ D.I. 213 at 7-8, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Ex. A.

   2.   **Email Thread, Subject:** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉
        **(PRIV_AVDL_AT_00028737)**

Avadel's assertion that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ D.I. 213 at 9, is undercut by the fact that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *In re Gabapentin*, 214 F.R.D. at 186 ("CC'ing numerous people who are ancillary to the discussion, one of whom happens to be an attorney [on an email] … does not amount to 'attorney-client communication'"). Even accepting Avadel's assertion, that does not make the underlying information privileged. *See In re Processed Egg*, 278 F.R.D. at 120. And like the previous documents, Seurer's vague declaration does not prove that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *In re Grand Jury Matter*, 147 F.R.D. at 85; *Foster*, 1990 WL 209288, at *2.

   3.   **Email Thread, Subject:** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ **(PRIV_AVDL_AT_00029827, PRIV_AVDL_AT_00027809, PRIV_AVDL_AT_00029579)**

Avadel similarly has not provided evidence establishing that the primary purpose of these emails was to "solicit [or convey] legal, rather than business advice." *SmileDirectClub*, 2022 WL 2910501, at *5. That Avadel contends these documents concern ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

9

███████████████████████████████████████ D.I. 213 at 11, is of no consequence, since the "[m]ere[ly] conclusive [] assertions" in Seurer's affidavit, without more, are insufficient to establish privilege. *Am. Health Sys., Inc. v. Liberty Health Sys.*, 1991 WL 42310, at *5 (E.D. Pa. Mar. 26, 1991). And again, Jazz is not asking for the legal advice. The underlying factual information is not privileged. *See In re Processed Egg*, 278 F.R.D. at 120. Moreover, while "the subjects referenced in the document, including … ████ ████████, could be concerned with legal advice," Avadel has not met its burden in establishing that these items were not "discussed only to the extent that they have business implications" in this situation. *AbbVie*, 2015 WL 8623076, at *10.

### 4. Email Thread, Subject: ████████████████████ (PRIV_AVDL_AT_00028499)

Avadel's assertion that this document reflects ████████████████████

████████████████████████████████████████████████████

████████████ D.I. 213 at 10, is discredited by the unredacted portions of the email thread. ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████ ████ ████ ████ ████. Because these ████ ████ ████ communications bear no indicia of legal advice, they should be produced in unredacted form. *In re Grand Jury Matter*, 147 F.R.D. at 85; *Foster*, 1990 WL 209288, at *2.

## IV. CONCLUSION

Avadel should produce the 25 documents it has improperly withheld or redacted.

10

|  |  |
|---|---|
| OF COUNSEL:<br><br>F. Dominic Cerrito<br>Steig D. Olson<br>Gabriel P. Brier<br>Frank C. Calvosa<br>Avi Grunfeld<br>Nicolas Siebert<br>Andrew Faisman<br>Maxwell Hawley<br>Kevin Adams<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>295 5th Avenue<br>New York, NY 10016<br>(212) 849-7000<br><br>William R. Sears<br>Monika Hara<br>Lynette Lim<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA  90017<br>(213) 443-3000<br><br>December 4, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br><br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jtigan@morrisnichols.com<br><br>*Attorneys for Counterclaim-Defendant*<br>*Jazz Pharmaceuticals, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 4, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | VIA ELECTRONIC MAIL |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | VIA ELECTRONIC MAIL |
| Herman H. Yue, Esquire<br>Franco W. Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | VIA ELECTRONIC MAIL |
| Alan J. Devlin, Esquire<br>Ian R. Conner, Esquire<br>Anna M. Rathbun, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | VIA ELECTRONIC MAIL |

David F. Kowalski, Esquire     *VIA ELECTRONIC MAIL*
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Daralyn J. Durie, Esquire     *VIA ELECTRONIC MAIL*
Tannyr Pasvantis, Esquire
Eliot A. Adelson, Esquire
Helen He, Esquire
Margaret A. Webb, Esquire
Adam R. Brausa, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Rose S. Lee, Esquire     *VIA ELECTRONIC MAIL*
Kira A. Davis, Esquire
W. Henry Huttinger, Esquire
Katherine E. McNutt, Esquire
Rebecca E. Weires, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

David F. McGowan, Esquire     *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Andrew T. Jones, Esquire     *VIA ELECTRONIC MAIL*
Haydn Forrest, Esquire
Alexander Okuliar, Esquire
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C. 20037
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Matthew C. Hans, Esquire					*VIA ELECTRONIC MAIL*
POLSINELLI PC
7676 Forsyth Boulevard, Suite 800
St. Louis, MO  63105
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

                                                                                 */s/ Jeremy A. Tigan*

                                                                                Jeremy A. Tigan (#5239)