# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant and Counter-Plaintiff | REDACTED PUBLIC VERSION <br> FILED MAY 9, 2025 <br><br> C.A. No. 22-941-GBW <br><br>  |

**DEFENDANT AND COUNTER-PLAINTIFF AVADEL CNS PHARMACEUTICALS, LLC'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT NOS. 1-2**

**CONCISE STATEMENT OF FACTS**

A-1. Xyrem was approved by the U.S. Food and Drug Administration ("FDA") in 2002 and is a controlled substance that is subject to restrictions on distribution through a Risk Evaluation and Mitigation Strategy ("REMS") program. Ex. 1, JP-COMP-000440386 (Xyrem Approval).

A-2. In 2005, Jazz Pharmaceticals, Inc. ("Jazz") acquired Orphan Medical Inc. and its product, Xyrem. Ex. 2, Jazz History Webpage.

A-3. Jazz prosecuted a family of patents relating to a drug distribution system for tracking prescriptions, of which U.S. Patent No. 8,731,963 (the "'963 patent") patent is a member. *See* Ex. 3, U.S. Patent 7,668,730; Ex. 4, U.S. Patent 7,765,106; Ex. 5, U.S. Patent 7,765,107; Ex. 6, U.S. Patent 7,895,059; Ex. 7, U.S. Patent 8,457,988; Ex. 8, U.S. Patent 8,589,182; Ex. 9, U.S. Patent No. 8,731,963.

A-4. The '963 patent issued on May 20, 2014. The claims of the patent are directed to a "computer-implemented system" comprising "one or more computer memories" and a "data processor". Ex. 9, U.S. Patent No. 8,731,963 at claims 1, 23-24.

A-5. Prior to Jazz's listing of the '963 patent in the Orange Book, two generic drug manufacturers that had submitted Abbreviated New Drug Application ("ANDAs") referencing Xyrem, Roxane and Par, had filed delisting counterclaims against Jazz alleging that Jazz had improperly listed other REMS patents in the Orange Book. Ex. 10, Roxane Laboratories, Inc.'s Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint, *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, No. 2:10-cv-06108 (D.N.J. Dec. 29, 2010), Ex. 11, Defendant Par Pharmaceutical, Inc.'s Answer, Separate Defenses, and Counterclaims, *Jazz Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*, No. 13-cv-07884 (D.N.J. Jan. 31, 2014). For example, in December 2010, Roxane alleged that the '730 patent (the parent patent to the '963 patent) was improperly listed because the patent does not claim a method of use and was serving to "block or delay" approval of Roxane's

1

ANDA in violation of FDAAA. Ex. 10, Roxane Laboratories, Inc.'s Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint ¶¶ 12, 23-33, *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, No. 2:10-cv-06108 (D.N.J. Dec. 29, 2010).

A-6. Jazz's 10-K for FY2013 stated, "The FTC has been paying increasing attention to the use of REMS by companies selling branded products . . . [i]t is possible that the FTC or others could claim that our REMS or other practices are being used in an anticompetitive manner. . . . The FDCA further states that a REMS shall not be used by an NDA holder to block or delay generic drugs from entering the market. Two of the ANDA applicants have asserted that our patents covering the distribution system for Xyrem should not have been listed in the Orange Book, and that the Xyrem REMS is blocking competition." Ex. 12, Jazz FY2013 10-K at 32.

A-7. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

A-8. ███████████████████████████████████████████████████████████████████████████████████████████████████████████

A-9. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

A-10. 

A-11. In public comments, Jazz's CEO, Bruce Cozadd, stated: "[O]ur belief is that in using" the 505(b)(2) pathway, Avadel "should certify [to] Orange Book-listed patents, which would give at least the opportunity, if appropriate [f]or litigation[] that could provide up to a 30-month stay." Ex. 20, Jazz Q4 2019 Earnings Call Transcript at 14.

A-12. In August 2019, Avadel brought a patent listing dispute to the FDA pursuant to 21 C.F.R. § 314.53(f) asserting that the '963 patent was improperly listed in the Orange Book because its claims 

A-13. Jazz did not delist the '963 patent

A-14.

A-15. When Avadel submitted its NDA for LUMRYZ in December 2020, it sought to carve out the '963 patent under Section 505(b)(2)(B). Ex. 23, AVDL_00045817 (Avadel NDA Patent Certification).

3

A-16. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████

A-17. The FDA had set a target action date (PDUFA date) for Avadel's NDA for LUMRYZ of October 15, 2021. Ex. 25, AVDL_00679852 (FDA Letter to Avadel) at AVDL_00679852.

A-18. Five weeks before the PDUFA date, the FDA concluded that Jazz's use code for the '963 patent implicated the LUMRYZ NDA. Ex. 26, AVDL_00097027 (Email from the FDA to Avadel).

A-19. The FDA missed the PDUFA date and on May 24, 2022, the FDA informed Avadel that it had to certify to the '963 patent. Ex. 27, AVDL_01272699 (Letter from the FDA to Avadel) at AVDL_01272700.

A-20. Avadel certified the '963 patent under protest on June 6, 2022. Ex. 28, AVDL_01273005 (Avadel '963 Patent Certification Letter).

A-21. On July 15, 2022, Jazz filed a complaint against Avadel for alleged infringement of the '963 patent. D.I. 1.

A-22. The July 2022 complaint triggered an automatic stay, precluding approval of the LUMRYZ NDA until the '963 patent and associated pediatric exclusivity expired in June 2023. D.I. 4.

A-23. In its affirmative defenses, Jazz set forth a "Reasonable Basis for Conduct" defense, stating that "Jazz acted reasonably in listing the '963 patent in the Orange Book and maintaining that listing until March 2023," and that "[f]or avoidance of doubt, Jazz does not invoke advice of counsel or waive privilege by asserting this defense." D.I. 99 at 63.

Dated: April 25, 2025

OF COUNSEL:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Ian R. Conner
Alan J. Devlin
Anna Rathbun
Christopher J. Brown
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004
(202) 637-2200
ian.conner@lw.com
alan.devlin@lw.com
anna.rathbun@lw.com
christopher.brown@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
herman.yue@lw.com

Alfred C. Pfeiffer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 395-8898
al.pfeiffer@lw.com

Daralyn J. Durie
Rebecca E. Weires
Tannyr Pasvantis

MCCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendant*

5

Eliot A. Adelson
Margaret A. Webb
Helen He
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com
rweires@mofo.com
tpasvantis@mofo.com
eadelson@mofo.com
mwebb@mofo.com
hhe@mofo.com

Kira A. Davis
Henry Huttinger
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
hhuttinger@mofo.com
kmcnutt@mofo.com

Alexander Okuliar
Haydn Forrest
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037, USA
(202) 887-1500
aokuliar@mofo.com
hforrest@mofo.com

Matthew C. Has
POLSINELLI
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
mhans@polsinelli.com

ME1 52942187v.1

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on April 25, 2025 on the following counsel in the manner indicated below.

### VIA EMAIL:

Jack B. Blumenfeld
Jeremy Tigan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

William R. Sears
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Willsears@quinnemanuel.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Steig D. Olson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
steigolson@quinnemanuel.com

*Attorneys for Plaintiff Jazz Pharmaceuticals, Inc.*

Dated: April 25, 2025

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)

ME1 51410368v.1