IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-941 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | **PUBLIC VERSION** |
| | ) | |
| Counterclaim-Plaintiff. | ) | |

**JAZZ'S RESPONSES TO AVADEL'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT AND JAZZ'S COUNTERSTATEMENT OF FACTS PRECLUDING SUMMARY JUDGMENT**

OF COUNSEL:

F. Dominic Cerrito
Steig D. Olson
Gabriel P. Brier
Frank C. Calvosa
Sami H. Rashid
Elizabeth J. Murphy
John P. Galanek
Nicolas Siebert
Maxwell Hawley
Kevin Adams
Habib-Emmanuel Abraham
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

William R. Sears
Lynette Lim
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Counterclaim-Defendant Jazz Pharmaceuticals, Inc.*

Confidential Version Filed: May 23, 2025
Public Version Filed: June 6, 2025

I.     **RESPONSE TO AVADEL'S STATEMENT OF FACTS**

**Response to ¶A-1**: Disputed as incomplete. The FDA also approved Xyrem for the treatment of excessive daytime sleepiness in patients with narcolepsy in 2005. A4176. The FDA further approved Xyrem for the treatment of cataplexy or excessive daytime sleepiness in patients 7 years of age and older with narcolepsy in 2018. *See* A3287-301. And the REMS is also a restriction on use. *See* A3265.

**Response to ¶A-2**: Minus the misspelling of Jazz Pharmaceuticals, Inc., undisputed.

**Response to ¶A-3**: Disputed as to Avadel's characterization of the patents. The claims of the patents recite the claimed subject matter. D.I. 268, Exs. 3-9. As construed by the Court, the '963 patent claims a computer-implemented system for treatment of a narcoleptic patient with a prescription drug that has a potential for misuse, abuse or diversion. *See Jazz Pharmaceuticals, Inc. v. Avadel CNS Pharmaceuticals, LLC*, C.A. No. 21-691, D.I. 229 at 14-17.

**Response to ¶A-4**: Disputed as to Avadel's characterization of the claims. The claims of the patent recite the claimed subject matter. D.I. 268, Ex. 9. As construed by the Court, the '963 patent covers a computer-implemented system for treatment of a patient with narcolepsy with a prescription drug that has a potential for misuse, abuse, or diversion. *See Jazz Pharmaceuticals, Inc. v. Avadel CNS Pharmaceuticals, LLC*, C.A. No. 21-691, D.I. 229 at 14-17.

**Response to ¶A-5**: Disputed. Before Jazz submitted the '963 patent for listing, three companies had filed ANDAs for Xyrem. *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, C.A. No. 10-6108 (D.N.J.) (filed Nov. 22, 2010); *Jazz Pharmaceuticals, Inc. v. Amneal Pharmaceuticals, LLC*, C.A. No. 13-0391 (D.N.J.) (filed Jan. 18, 2013); *Jazz Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*, C.A. No. 13-7884 (D.N.J.) (filed Dec. 27, 2013). In total, nine companies filed ANDAs for Xyrem that included Paragraph IV certifications to the '963 patent. A5669. Avadel focuses on two of those companies and quotes certain portions of those companies'

counterclaims. The full language of the counterclaims is present here: D.I. 268, Ex. 10 at 10-17; D.I. 268, Ex. 11 at 26-49. Moreover, there is no evidence either of the two companies ever litigated the counterclaims (as opposed to pleading and never further pursuing them). Nor was either company successful on the counterclaims.

**Response to ¶A-6**: Disputed insofar as the statement implies Jazz knew or should have known the listing of the '963 patent was improper, or was done for any anticompetitive purpose. Further disputed because the statement does not relate to patent listing at all, and because the statement was about generic competition in general (not anything specific to Jazz), which Avadel omits from its quotation. D.I. 268, Ex. 12 at 32. Further disputed to the extent that this implies that the FTC's statements regarding REMS were the focus of Jazz's FY2013 10-K, which spans over 100 pages.

**Response to ¶A-7**: Undisputed.

**Response to ¶A-8**: Disputed as incomplete. Joel Selcher testified: ▮

▮ A5062 at 56:12-25 (emphasis added).

**Response to ¶A-9**: Disputed insofar as ▮

▮ A2066-69, A2073-75.

**Response to ¶A-10**: Disputed. The document states that ▮

▮.

2

**Response to ¶A-11**: Undisputed that Avadel accurately quoted portions of the transcript.

**Response to ¶A-12**: Undisputed.

**Response to ¶A-13**: Disputed in that Avadel quotes only a portion of Jazz's response to the delisting request. Jazz also responded, for example, ▮

▮

▮ D.I. 268, Ex. 22 at 1.

**Response to ¶A-14**: ▮

▮

A5293 at 51:3-20; A5342 at 67:1-68:10; A2066-69, A2073-75.

**Response to ¶A-15**: Undisputed.

**Response to ¶A-16**: Undisputed that Avadel accurately quoted portions of the letter.

**Response to ¶A-17**: Undisputed.

**Response to ¶A-18**: Disputed insofar as Avadel implies that Jazz's use code for the '963 patent caused the FDA to not approve the Lumryz NDA by the PDUFA goal date. As discussed in Jazz's motion for summary judgment both Orphan Drug Exclusivity issues and drug-drug interaction issues caused the FDA's review to extend beyond the PDUFA goal date. *See* D.I. 247, §IV.A

**Response to ¶A-19**: Disputed insofar as Avadel implies that the FDA missing the PDUFA date and the FDA requiring Avadel to certify to the '963 patent are related. As of May 2022, whether Avadel could overcome Xywav's orphan drug exclusivity remained unresolved; the FDA did not find Lumryz to be clinically superior to Xywav until May 1, 2023. SOF1 ¶33. Moreover, as of May 24, 2022, FDA had not accepted Lumryz's label. SOF1 ¶¶25-27. Further disputed as to the implication that the FDA must meet the PDUFA date. The PDUFA date is merely a "goal date" set by the FDA, not a deadline. A4218; *see also* D.I. 247, §IV.A.

3

**Response to ¶A-20**: Undisputed that Avadel stated "Avadel is submitting under protest a certification pursuant to Section 505(b)(2)(A)(iv) of the Act ("'Paragraph IV certification') to the Jazz REMS patent." D.I. 268, Ex. 28 at 2.

**Response to ¶A-21**: Undisputed.

**Response to ¶A-22**: Disputed. The stay did not preclude approval of the Lumryz NDA until the '963 patent and associated pediatric exclusivity expired in June 2023. Lumryz was approved on May 1, 2023. A3781-99.

**Response to ¶A-23**: Undisputed that Avadel accurately quoted portions of Jazz's defenses.

## II. JAZZ'S COUNTERSTATEMENT OF FACTS

1. U.S. Patent Nos. 7,895,059, 8,457,988, and 8,589,182 had the same expiration date—December 17, 2022—as the '963 patent. A5584. U.S. Patent Nos. 7,668,730, 7,765,106, and 7,765,107 expired June 16, 2024. *Id.*

2. On May 30, 2014, the same day Jazz listed the '963 patent, Jazz paid the issue fee for a twelfth patent (the '306 patent), which Avadel has not pled was improperly listed, and which had an expiration date over 10 years later than the expiration date for the '963 patent. A5575; A5464.

3. ███████████████████████████████████████████████████████████████████████████████.

4. ███████████████████████████████████████████████████████████████████████████████.

5. █████████████████████████████████████.

4

6. ███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████.

7. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████.

8. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████.

9. ███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████.

10. ██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████.

11. ██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████.

12. ██████████████████████████████████████████

███████████████████████████████████████████████.

5

13. ██████████████████████████████████████████

14. ██████████████████████████████████████████.

15. Since 2007, five products have been introduced that are indicated to manage excessive daytime sleepiness, cataplexy, or both: Nuvigil, Sunosi, Wakix, Xywav, and Lumryz. A5587-93; A5595-603; A5605-11; A5613-31; A5633-47; A5740-66.

16. Generic versions of wake-promoting agents, traditional stimulants, and oxybate-based products have been introduced since 2009, including: Provigil (2012), Nuvigil (2016), Adderall XR (2009), and Xyrem (2023). A5649-50; A5652; A5654-55.

17. Orszag states ██████████████████████████████████████████

18. In April 2005, Jazz agreed to purchase Orphan Medical for $122.6 million. A3274-75.

19. The Xyrem risk management program is labor intensive, complex, and expensive. A5679. ██████████████████████████████████████████ A5211 at 69:6–12.

20. Avadel's CEO Greg Divis testified ██████████████████████████████████████████

6

and ███████████████████████████████████████

███████████████████████████████████████████

21.  ███████████████████████████████████████

22. Dr. Iain Cockburn has authored a paper analyzing "how public policy affects the diffusion of new drug innovations." A5466-513. That paper "develops a simple dynamic model of drug launches, as a framework for interpreting [] empirical results." A5472.

23. In a published paper, Mr. Jonathan Orszag described pharmaceutical innovation as "the lifeblood of the pharmaceutical industry." A5517.

|  |  |
|---|---|
| OF COUNSEL:<br><br>F. Dominic Cerrito<br>Steig D. Olson<br>Gabriel P. Brier<br>Frank C. Calvosa<br>Sami H. Rashid<br>Elizabeth J. Murphy<br>John P. Galanek<br>Nicolas Siebert<br>Maxwell Hawley<br>Kevin Adams<br>Habib-Emmanuel Abraham<br>QUINN EMANUEL URQUHART<br> & SULLIVAN, LLP<br>295 5th Avenue<br>New York, NY 10016<br>(212) 849-7000<br><br>William R. Sears<br>Lynette Lim<br>QUINN EMANUEL URQUHART<br> & SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br><br>May 23, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br><br>Jeremy A. Tigan (#5239)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jtigan@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Counterclaim-Defendant*<br>*Jazz Pharmaceuticals, Inc.* |

## CERTIFICATION OF COMPLIANCE

I hereby certify that Jazz Pharmaceuticals, Inc's Response to Avadel CNS Pharmaceuticals, LLC's Concise Statement of Facts (D.I. 269) complies with the six-page limit (when doubled-spaced with 1-inch margins) as set forth in Paragraph 9(b) of the Scheduling Order entered in this case (D.I. 44).

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 23, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco W. Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| David F. Kowalski, Esquire<br>LATHAM & WATKINS LLP<br>12670 High Bluff Drive<br>San Diego, CA  92130<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Alan J. Devlin, Esquire<br>Ian R. Conner, Esquire<br>Anna M. Rathbun, Esquire<br>Christopher J. Brown, Esquire<br>Kimon K. Triantafyllou, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Alfred C. Pfeiffer, Esquire<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Tannyr Pasvantis, Esquire<br>Eliot A. Adelson, Esquire<br>Helen He, Esquire<br>Margaret A. Webb, Esquire<br>Adam R. Brausa, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Rose S. Lee, Esquire<br>Kira A. Davis, Esquire<br>W. Henry Huttinger, Esquire<br>Katherine E. McNutt, Esquire<br>Rebecca E. Weires, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |

Andrew T. Jones, Esquire  *VIA ELECTRONIC MAIL*
Haydn Forrest, Esquire
Alexander Okuliar, Esquire
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C. 20037
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Matthew C. Hans, Esquire  *VIA ELECTRONIC MAIL*
POLSINELLI PC
7676 Forsyth Boulevard, Suite 800
St. Louis, MO 63105
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

3