# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant and Counter-Plaintiff | REDACTED PUBLIC VERSION <br> FILED JUNE 6, 2025 <br><br> C.A. No. 22-941-GBW <br><br>  |

**AVADEL'S CONCISE COUNTERSTATEMENT OF FACTS IN
OPPOSITION TO JAZZ'S MOTION FOR SUMMARY JUDGMENT NO. 1**

1.	PDUFA provides that drug manufacturers must pay FDA certain user fees, and, in exchange, FDA commits to review and act upon most NDAs within certain timelines. FDA's commitments are called "Performance Goals." *See* Ex. 60,[1] at 1.

2.	Congress reauthorizes FDA PDUFA in legislation that the President signs. *See* Ex. 58. For LUMRYZ's PDUFA submission cohort, FDA took action on or before the Performance Goal Date 93% of the time. *See* Ex. 59, at 6; A0747-49; *see also* A1393 at 90:1-2; A0090 ¶ 39.

3.	FDA has met PDUFA Performance Goal Dates for NDAs with ODE issues on several occasions, and has resolved clinical superiority in less than 6 months. *See, e.g.*, Exs. 72, 80 (Benefix); Exs. 73-75 (Avonex); Exs. 76-79 (Rebif).

4.	In a memorandum dated November 24, 2017, FDA's Division of Neurology Products (the predecessor to the Division of Neurology 1 ("DN1")) stated that a once-nightly sodium oxybate drug "would clearly have advantages over that recommended for Xyrem and would be considered a major contribution to patient care [MCTPC]." A2577-78; *see* A0754-55.

5.	On December 26, 2017, FDA's Office of Orphan Products Development ("OOPD") determined that Avadel "provided a plausible hypothesis for clinical superiority based on MCTPC." Ex. 61, at -465-66.

6.	On July 6, 2021, OOPD solicited comment from DN1 regarding LUMRYZ's eligibility for ODE. In its solicitation, OOPD stated, "[G]iven that narcolepsy is a chronic sleep disorder and requires long-term therapy, the impact that [LUMRYZ's] once-nightly dosing may have on patient quality of life may be substantial enough to constitute a MCTPC." A4238.

---

[1] Unless otherwise noted, all exhibits cited herein are to the concurrently filed Declaration of Daniel M. Silver, Esq in Support of Avadel's Opposition to Jazz's Motions for Summary Judgment and *Daubert* Motions. All citations marked "A__" are to Jazz's Appendix of Exhibits in Support of Jazz's Motions for Summary Judgment and Omnibus Daubert Motion, D.I. 260-65.

7. OOPD does not make final decisions as to ODE until a candidate drug's NDA is otherwise approvable. Ex. 41, at -513; A0102-03 ¶ 94; Ex. 46, ¶¶ 11-12.

8. ███████████████████████████████████████████████████████████████████.

9. On March 1, 2023, Avadel submitted an amended NDA in light of the delisted '963 patent. Ex. 55, at -714.

10. ███████████████████████████████████████████████████████████████████" Ex. 70, at -647; *see* A2114-15.

11. In a May 1, 2023, letter to Jazz's counsel (the "May 2023 Decision"), OOPD stated, "LUMRYZ makes a MCTPC over Xyrem and Xywav by providing a once-nightly dosing regimen that avoids a nocturnal arousal to take a second dose. . . . [W]aking up to take a second dose of Xyrem and Xywav is antithetical to the goal of improving sleep. This is compounded by the fact that narcolepsy is a chronic condition and patients may need treatment for the remainder of their lives." A2609-10; A4190-91.

12. OOPD determined on May 1, 2023, that LUMRYZ was eligible for ODE for the treatment of cataplexy or excessive daytime sleepiness in adults with narcolepsy. Ex. 63, at FDA-Jazz-001428-30.

13. In making the ODE determination for LUMRYZ, FDA did not rely on materials postdating October 2021, only providing non-substantive citations to such materials in the "Introduction" and "Factual Background" sections of the May 2023 Decision. A4164-76.

14. On June 5, 2023, LUMRYZ became commercially available. Ex. 54.

15. Avadel did not have to certify to Jazz's Orange Book-listed patents related to a drug-drug interaction ("DDI") between its oxybate drugs and divalproex sodium because FDA approved language for the LUMRYZ label that did not implicate the use codes for Jazz's DDI patents. The agency approved labeling omitting language regarding dose adjustments based on this DDI. *See* A1823-24.

16. Before submitting the LUMRYZ NDA, Avadel provided two DDI studies to FDA showing that there was no pharmacokinetic interaction between LUMRYZ and divalproex sodium. Ex. 96, at AVDL_00102828. During the review period, Avadel communicated with the FDA review team on the language related to DDI. *See* A1822-23.

17. FDA had effectively concluded its review of the LUMRYZ label by October 14, 2021—before the PDUFA date. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. 93, at FDA-Jazz-000084 ("The Division of Neuropsychiatric Pharmacology has reviewed the submitted application and has found it acceptable for approval of [LUMRYZ] from a clinical pharmacology standpoint.").

18. Because FDA does not approve a label until it takes action on an application, the agency did not formally approve the label until it tentatively approved the NDA for LUMRYZ on July 18, 2022. A1822-23.

19. Jazz did not disclose U.S. Patent No. 11,147,782 (the "'782 patent") during prosecution, and it was unknown to Avadel during FDA's regular review period. The patent was issued on October 19, 2021, four days after FDA's target action date for LUMRYZ. A0006.

20. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3

21. . *See* Ex. 65, at 5:2-25; Ex. 66.

22. A0382-83; A2187-88; A0168.

23. .

24. Less than 10% of preliminary injunctions decided in medical cases in the District of Delaware between 2016 and 2021 were granted. *See* A0167-68.

25. FDA found LUMRYZ to be "clinically superior to both Xywav and Xyrem." Ex. 56, at -56. .

26. Ex. 45, at 21. On March 4, 2024, the jury awarded Jazz a 3.5% royalty to compensate it for any past infringement of the '782 patent. Ex. 64, at 11.

4

Dated: May 23, 2025

OF COUNSEL:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Ian R. Conner
Alan J. Devlin
Anna Rathbun
Christopher J. Brown
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004
(202) 637-2200
ian.conner@lw.com
alan.devlin@lw.com
anna.rathbun@lw.com
christopher.brown@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
herman.yue@lw.com

Alfred C. Pfeiffer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 395-8898
al.pfeiffer@lw.com

MCCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendant*

5

Daralyn J. Durie
Rebecca E. Weires
Tannyr Pasvantis
Eliot A. Adelson
Margaret A. Webb
Helen He
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com
rweires@mofo.com
tpasvantis@mofo.com
eadelson@mofo.com
mwebb@mofo.com
hhe@mofo.com

Kira A. Davis
Henry Huttinger
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
hhuttinger@mofo.com
kmcnutt@mofo.com

Alexander Okuliar
Haydn Forrest
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037, USA
(202) 887-1500
aokuliar@mofo.com
hforrest@mofo.com

Matthew C. Has
POLSINELLI
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
mhans@polsinelli.com