IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-941 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | ███████████████ |
| | ) | ██ |
| Counterclaim-Plaintiff. | ) | REDACTED - PUBLIC VERSION |

**JAZZ'S RESPONSES TO AVADEL'S CONCISE COUNTERSTATEMENT OF FACTS IN OPPOSITION TO JAZZ'S MOTION FOR SUMMARY JUDGMENT NO. 1**

OF COUNSEL:

F. Dominic Cerrito
Steig D. Olson
Gabriel P. Brier
Frank C. Calvosa
Sami Rashid
Elizabeth J. Murphy
John P. Galanek
Nicolas Siebert
Maxwell Hawley
Kevin Adams
Habib-Emmanuel Abraham
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

William R. Sears
Lynette Lim
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000

June 13, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Counterclaim-Defendant*
*Jazz Pharmaceuticals, Inc.*

I.  **RESPONSE TO AVADEL'S STATEMENT OF FACTS**

**Response to ¶1**: Disputed as to the implication that paying user fees commits the FDA to act by the PDUFA date, especially on NDAs where approval requires working through complex ODE issues such as those presented by the Lumryz application. FDA advises that "the timeline does not force the FDA to decide on a product application before the agency's work is complete. If additional work is necessary, the FDA continues working past the applicable goal date." A4218. The OOPD's Standard Operating Procedures and Policies ("SOPP") expressly states that NDAs with complex ODE issues "may take more time" to resolve. A4208.

**Response to ¶2**: Disputed as to the claim that Lumryz's NDA was in a relevant "cohort" with NDAs that did not require the FDA to work through complex ODE issues involving clinical superiority before they could be approved. Avadel has not cited any NDAs with such issues where the FDA took action on or before the Performance Date.

**Response to ¶3**: Disputed. None of Avadel's three examples from the 1990s show a PDUFA date was met, none show that clinical superiority was resolved in less than six months, and none of the determinations are based on a major contribution to patient care ("MCTPC").

**Response to ¶4**: Undisputed that Avadel accurately quoted a portion of the letter. Disputed as to the implication that this letter is relevant to the ODE issues that were relevant to the Lumryz NDA, as the quoted statement compares Lumryz to Xyrem, not Xywav (a safer alternative to both Lumryz and Xyrem, with 92% less sodium). D.I. 248 ¶5. The letter predates the approval and the grant of ODE for Xywav, which had ODE that Avadel had to overcome to get Lumryz approved. *Id.* ¶2. The letter also concerns ODD, which applies a significantly lower bar than ODE, requiring showing only a "plausible hypothesis" that the new drug is clinically superior. 21 C.F.R. § 316.20(a). ODE requires proving (not hypothesizing) that the new drug is "clinically superior"

1

to the approved drug, through greater efficacy, greater safety, or a major contribution to patient care. *See* 21 U.S.C. §§ 360cc(c)(1)-(2).

**Response to ¶5**: Undisputed that Avadel accurately quotes portions of the document. Disputed as to the implication that this was relevant to the Lumryz NDA. *See* Response to ¶4.

**Response to ¶6**: Undisputed that Avadel accurately quoted a portion of the consult request. Disputed as incomplete, as Avadel omits that on August 30, 2021, DN1 responded that "[t]here is no evidence suggesting that the efficacy of Lumryz™ is substantially different from that of Xyrem® or Xywav™" and that "the once-nightly regimen of Lumryz™ … cannot be considered a major contribution to patient care." A4241-42. DN1 concluded that "no evidence has been provided by the applicant that Lumryz™ is clinically superior to Xyrem® or Xywav™" A4244.

**Response to ¶7**: Disputed, as Avadel at most cites a general practice rather than a rule. Also disputed to the extent Avadel suggests that OOPD stops working on ODE issues while other approvability issues are pending. *See* Jazz's Summary Judgment Reply at 5-6.

**Response to ¶8**: Undisputed.

**Response to ¶9**: Undisputed that Avadel submitted an amended NDA on March 1, 2023.

**Response to ¶10**: Disputed insofar as Avadel suggests that [REDACTED].

**Response to ¶11**: Undisputed that Avadel accurately quoted portions of the letter.

**Response to ¶12**: Undisputed.

**Response to ¶13**: Disputed. The May 2023 decision repeatedly cites to the April 29, 2023 Sleep Expert Consult, including outside of the Introduction and Factual Background sections. *See, e.g.*,

A4190 fn. 177; A4191-92 fns. 179, 180, 182, 183, 184, 185, 186, 188, 189, 190, 191, 192, 193, 194.

**Response to ¶14**: Undisputed.

**Response to ¶15**: Disputed. ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████.

**Response to ¶16**: Undisputed that "[d]uring the review period, Avadel communicated with the FDA review team on the language related to DDI," including after the PDUFA date. *See, e.g.*, D.I. 294 ¶25. Disputed as to Avadel's assertion that there was no pharmacokinetic interaction between Lumryz and divalproex sodium. The FDA-approved labeling for Lumryz states "[c]o-administration of a single dose of LUMRYZ (6 g) with divalproex sodium ER at steady state resulted in an approximate 18% increase in AUC" and "a pharmacodynamic interaction between LUMRYZ and divalproex sodium, a sedative antiepileptic drug, cannot be ruled out." A5756. Avadel did not conduct any study of a potential pharmacodynamic interaction between Lumryz and divalproex sodium.

**Response to ¶17**: Disputed. ███████████████████████████

████████████████████████████████████████████.

**Response to ¶18**: Undisputed.

**Response to ¶19**: Undisputed that the application that led to U.S. Patent No. 11,147,782 (the "'782 patent") was not open to the public until the '782 patent issued on October 19, 2021. Disputed that the patent was unknown to Avadel during the FDA's review period as Jazz sued Avadel for infringement of the '782 patent on November 10, 2021, over a year before Lumryz was approved.

3

**Response to ¶20**: Disputed. Avadel relies solely on the opinion of its purported expert, Walton, for this statement, which should be excluded as stated in Jazz's *Daubert* motion. Other than expert speculation, Avadel has no evidence to support this assertion and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**Response to ¶21**: Disputed as lacking context. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Following that trial, Jazz received a permanent injunction "prohibiting Avadel from seeking FDA approval and marketing Lumryz for the treatment of idiopathic hypersomnia ('IH')." C.A. No. 21-691, D.I. 665 at 1.

**Response to ¶22**: Disputed. Avadel cites only its own experts in assuming that the Court could have found a "substantial question of validity" for the '782 patent, but does not offer any evidence that the court would have reached a different conclusion than the jury, which found that claim 24 of the '782 patent was valid. A5786.

**Response to ¶23**: Undisputed that Avadel accurately quoted a portion of the Waibel Report. As explained in Jazz's *Daubert* Brief, Waibel's testimony should be excluded for, among other things, impermissibly offering a legal opinion. *See* D.I. 258 at 11-12.

**Response to ¶24**: Disputed insofar as Avadel cites the less than 10% figure to imply that had Jazz moved for a preliminary injunction, it would have been denied. But Jazz also had ODE, and Jazz ultimately did receive a permanent injunction against Lumryz's entry into the IH market.

**Response to ¶25**: Disputed based on an inaccurate and misleading timeline. At the time of Avadel's alleged earlier launch of Lumryz, Jazz had ODE which independently barred its approval, and the FDA had not found that Lumryz was clinically superior to Xywav. A3781-99.

**Response to ¶26**: Undisputed.

4

| | |
|---|---|
| OF COUNSEL:<br><br>F. Dominic Cerrito<br>Steig D. Olson<br>Gabriel P. Brier<br>Frank C. Calvosa<br>Sami Rashid<br>Elizabeth J. Murphy<br>John P. Galanek<br>Nicolas Siebert<br>Maxwell Hawley<br>Kevin Adams<br>Habib-Emmanuel Abraham<br>QUINN EMANUEL URQUHART<br>　& SULLIVAN, LLP<br>295 Fifth Avenue<br>New York, NY 10016<br>(212) 849-7000<br><br>William R. Sears<br>Lynette Lim<br>QUINN EMANUEL URQUHART<br>　& SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br><br>June 13, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br><br>_____<br>Jeremy A. Tigan (#5239)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jtigan@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Counterclaim-Defendant*<br>*Jazz Pharmaceuticals, Inc.* |

5

## CERTIFICATION OF COMPLIANCE

I hereby certify that Jazz Pharmaceuticals, Inc's Response to Avadel CNS Pharmaceuticals, LLC's Concise Counterstatement of Facts in Opposition to Jazz's Motion for Summary Judgment No. 1 (D.I. 295) complies with the four-page limit (when doubled-spaced with 1-inch margins) as set forth in Paragraph 9(b) of the Scheduling Order entered in this case (D.I. 44).

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 13, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco W. Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| David F. Kowalski, Esquire<br>LATHAM & WATKINS LLP<br>12670 High Bluff Drive<br>San Diego, CA 92130<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Alan J. Devlin, Esquire<br>Ian R. Conner, Esquire<br>Anna M. Rathbun, Esquire<br>Christopher J. Brown, Esquire<br>Kimon K. Triantafyllou, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Alfred C. Pfeiffer, Esquire<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Tannyr Pasvantis, Esquire<br>Eliot A. Adelson, Esquire<br>Helen He, Esquire<br>Margaret A. Webb, Esquire<br>Adam R. Brausa, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| Rose S. Lee, Esquire<br>Kira A. Davis, Esquire<br>W. Henry Huttinger, Esquire<br>Katherine E. McNutt, Esquire<br>Rebecca E. Weires, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA 92130<br>*Attorneys for Counterclaim-Plaintiff*<br>*Avadel CNS Pharmaceuticals, LLC* | *VIA ELECTRONIC MAIL* |

Andrew T. Jones, Esquire                                          *VIA ELECTRONIC MAIL*
Haydn Forrest, Esquire
Alexander Okuliar, Esquire
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C.  20037
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

Matthew C. Hans, Esquire                                          *VIA ELECTRONIC MAIL*
POLSINELLI PC
7676 Forsyth Boulevard, Suite 800
St. Louis, MO  63105
*Attorneys for Counterclaim-Plaintiff*
*Avadel CNS Pharmaceuticals, LLC*

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

3