# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200
(302) 658-3989 FAX

**Jeremy A. Tigan**
(302) 351-9106
jtigan@morrisnichols.com

August 11, 2025

The Honorable Gregory B. Williams        *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

    Re:    *Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC,* C.A. No. 22-941 (GBW)

Dear Judge Williams:

    In advance of the trial set to begin on November 3, 2025, Jazz respectfully requests that the Court enlarge the time for trial to ten days. The Court originally set the current five-day schedule in January 2024, at an early stage in the case, before any depositions had taken place and before either side had disclosed its experts. Since that time, the parties collectively have disclosed 20 experts and identified numerous fact witnesses. The trial will encompass disputed issues on every element of Avadel's claims and several of Jazz's defenses. And Avadel seeks up to $1.5 billion in damages, if trebled. Under these circumstances, an expansion of time is warranted. *See Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995) (trial time limits should be "based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time").

    Jazz raises this issue now, in advance of the pre-trial conference, because the length of the trial will affect the parties' trial preparation as well as the schedules of their fact and expert witnesses. Jazz is cognizant of the Court's busy docket, and of the effect that a longer trial will have on the lives of the jury, and remains committed to streamlining the presentation of evidence as much as possible notwithstanding its request. Jazz would propose that the trial time be equally divided between the parties to allow the jury to begin deliberations no later than following the lunch break on the tenth day of trial. Even so, a ten-day trial is warranted for the following reasons:

    ***First***, in this complex antitrust case, contested issues include market definition, market power, whether Jazz is liable for listing its '963 patent in the Orange Book, whether that listing caused the FDA not to approve Lumryz by October 15, 2021 (Avadel's but-for approval date), whether Avadel was operationally ready to launch by its alleged but-for launch date, whether Avadel could have entered the market earlier given its infringement of Jazz's '782 patent, whether

The Honorable Gregory B. Williams
August 11, 2025
Page 2

any hypothetical delay in the launch of Lumryz harmed competition in the relevant market, and whether Avadel's damages theories are viable. These are all potentially dispositive issues, and they cannot be presented to a jury in five days. Indeed, when the parties met and conferred on this issue, Avadel did not offer any specifics about how resolving all these issues in five days was feasible.

**Second**, the number of witnesses that the parties expect to call warrants a ten-day trial. The parties have collectively identified 20 experts. Although witness lists have not yet been exchanged, Jazz expects to call an additional four fact witnesses. Avadel's initial disclosures list 11 current and former Avadel employees with relevant knowledge. It would be impossible to conduct direct and cross examinations of even half of the parties' expert witnesses, let alone any fact witnesses, in five days. It also creates practical difficulties in scheduling so many witnesses over a short period of time. For example, two of Jazz's expert witnesses have recently had a trial scheduled for another matter that overlaps with the beginning of the trial here, a conflict that can be avoided if trial is extended by one week. Given that "witnesses should not be excluded on the basis of mere numbers," a ten-day trial is warranted. *Duquesne Light Co.*, 66 F.3d 604 at 610 (internal quotation omitted). Indeed, Jazz's ten-day request is conservative given that antitrust cases "are often unusually long and unusually complex." Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* § 306f (5th ed. 2022). Jazz has not identified an antitrust case of similar magnitude and complexity tried in five days.[1]

**Third**, Jazz estimates needing five full days for its defense case. *See Duquesne Light Co.*, 66 F.3d 604 at 610 (parties' estimates of trial time should be taken into account). With Avadel seeking $1.5 billion in damages, adequate time for Jazz to present its defenses is essential. In contrast, a truncated trial would force Jazz to abandon potentially meritorious defenses and sacrifice the presentation of important fact and expert witnesses.

For these reasons, Jazz respectfully requests the Court extend the length of the trial to ten days. Counsel for Jazz are available if the Court would like to discuss this issue.

---

[1] *See ZF Meritor LLC v. Eaton Corp.*, No. 06-623-SLR, D.I. 217 (D. Del. Oct. 8, 2009) (17 days); *Deutscher Tennis Bund v. ATP Tour, Inc.*, No. 07-178-GMS, D.I. 195 (D. Del. Aug. 5, 2008) (12 days); *Regeneron Pharms. Inc. v. Amgen Inc.*, No. 22-697-JLH, D.I. 477 (D. Del. May 14, 2025) (seven days); *10X Genomics, Inc. et al v. Vizgen, Inc.*, No. 22-595-MFK, D.I. 642 (D. Del. Jan. 3, 2025) (eight days); *see also Transweb, LLC v. 3M Innovative Props. Co.*, No. 2:10-cv-04413-FDH-PS, D.I. 505 (D.N.J. Nov. 30, 2012) (11 days); *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop., Inc.*, No. 5:15-cv-06480-BMS, D.I. 491 (E.D. Pa. Mar. 22, 2022) (15 days); *FTC v. AbbVie Inc.*, No. 2:14-cv-05151-HB, D.I. 433 (E.D. Pa. Apr. 12, 2018) (16 days); *In re Urethane Antitrust Litig.*, No. 2:08-cv-05169-WJM-MF, D.I. 323 (D.N.J. Apr. 5, 2016) (17 days); *In re: Processed Egg Prods. Antitrust Litig.*, No. 2:08-md-02002-GEKP, D.I. 2088 (E.D. Pa. Dec. 16, 2019) (26 days); *Avaya Inc. v. Telecom Labs, Inc.*, No. 1:06-cv-02490-JBS-KMW, D.I. 1319 (D.N.J. Mar. 27, 2014) (76 days).

The Honorable Gregory B. Williams
August 11, 2025
Page 3

                                         Respectfully,

                                         */s/ Jeremy A. Tigan*

                                         Jeremy A. Tigan (#5239)

cc:    All Counsel of Record (via CM/ECF and e-mail)