# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, | )<br>)<br>) |
| Plaintiff, | ) C.A. No. 22-941-GBW<br>) |
| v. | )<br>) |
| JAZZ PHARMACEUTICALS, INC., | )<br>) |
| Defendant. | ) |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM DANIEL M. SILVER, ESQ. REGARDING AVADEL'S RESPONSE TO JAZZ'S AUGUST 11, 2025 LETTER REGARDING TRIAL (DI. 340)**

August 12, 2025

Dear Judge Williams:

Jazz has pursued every conceivable path to avoid trying this antitrust case, which is now nearly three years old. The Court properly denied Jazz's latest stay motion over two months ago, observing that "Avadel has a compelling interest in being able to get its day in court to try its antitrust claims." D.I. 299 at 7. Unsatisfied, Jazz then went so far as to file a meritless mandamus petition, which the Third Circuit promptly denied. Jazz now seeks to derail the trial date in a different way, this time by belatedly asking the Court to double the time allocated for trial. *See generally* D.I. 340. The Court set the trial date and length more than 18 months ago. Avadel has planned accordingly and so could Jazz. The Court should deny Jazz's motion. Five days is ample time to try this case.

**Jazz's attempt to extend trial is yet another attempt at delay**. Over a year and a half ago, the Court set the trial for November 3, 2025, allocating five days and noting that the Court might "reduce the allocated number of trial days in the future if the Court deems it appropriate." D.I. 79 (the "Order"). Since that time, Jazz *never once* raised an issue about the length of the trial. Instead, in the intervening months, the parties jointly filed two stipulations to extend time—one in April 2024 (D.I. 88) and another in October 2024 (D.I. 199)—neither of which expressed any concern over the Court's allocation of trial time. In fact, the April 2024 stipulation provided that there would be "[n]o change" for "Trial (5 days)," D.I. 88 at 3, while the October 2024 stipulation stated that the proposed extensions would "not impact the pretrial conference or trial dates," D.I. 199 at 1.

In the meantime, Jazz has repeatedly sought to delay this trial. Jazz first filed a motion to stay in June 2023 (D.I. 49), which the Court denied (D.I. 94). Jazz then filed a supplemental motion to stay in March 2024 (D.I. 80), followed by yet another supplemental brief in support of its supplemental motion to stay in October 2024 (D.I. 184). The Court denied these motions just over two months ago, finding that "not allowing this case to proceed by granting a stay would unduly prejudice Avadel and grant Jazz an unfair tactical advantage." D.I. 299 at 8.

Jazz first raised its claimed concerns about trial length on July 25, 2025—shortly after the Third Circuit denied its petition for a writ of mandamus. Despite being prepared to try the case in the time allotted, Avadel offered to join a motion requesting jury selection on the Friday before trial if that would help to alleviate Jazz's stated concerns. Jazz rejected this request and instead has pushed to double the time allocated for trial, while *not* requesting jury selection on the Friday before trial. Jazz's goal is clear—to induce the Court to set a new trial date, achieving its desired stay by other means. Indeed, Jazz's decision to reject Avadel's offer of joining a motion to request jury selection on the Friday before trial reveals Jazz's true motive: to adjourn the currently scheduled trial date by any means.

**Five days is sufficient**. Avadel has long planned to try its case within the five days allocated in the Order—and is ready to do so. The parties have agreed to exchange witness lists on August 21. Avadel currently anticipates calling 11 witnesses, including its experts. Jazz states that it expects to call four additional fact witnesses, but it remains unclear how many of its experts it intends to call or whether those four fact witnesses overlap with Avadel's list of 11 witnesses.

Recent trials in the District of Delaware demonstrate that this trial, including calling the anticipated witnesses, can be completed within a week. For example, in *EIS, Inc. v. IntiHealth*

*Ger GmbH*, this Court successfully completed a jury trial in five days involving antitrust, Lanham Act, state law, and patent claims. No. 19-cv-01227 (D. Del.) (Williams, J.), D.I. 288 at 12, Minute Entries Sept. 11-15, 2023, D.I. 662, 663. And in *United States v. U.S. Sugar Corp.*, the parties presented 32 witnesses and introduced over 125 exhibits in an antitrust trial that lasted four days. No. 21-cv-01644 (D. Del.), D.I. 213, 226-29. Both of those trials involved complex antitrust disputes, and the trial's length enabled the parties to efficiently present their cases. The parties can and should do the same here.

Jazz's citation to *10X Genomics, Inc. v. Vizgen, Inc.*, No. 22-cv-00595 (D. Del. Jan. 3, 2025), D.I. 642, illustrates why Jazz's contrary position is meritless. There, the Court initially allocated 19 hours per side for a trial involving (1) allegations that the defendant violated five patents, and (2) counterclaims claiming non-infringement and invalidity alongside allegations that the counter-defendants violated the antitrust laws and multiple state laws. The Court subsequently granted summary judgment to counter-defendants on the federal antitrust claims and allowed four counts of the counterclaims to proceed based on various state law claims. *Id.*, D.I. 659. After doing so, the Court reduced the time of trial to 16 hours per side, meaning the Court reduced the trial time by just three hours per side related to the antitrust claims being rejected. *Id.*, D.I. 642.

Jazz claims this is a complex case with such contested issues as market definition and market power. But this case is not as complicated as Jazz suggests—the Court has already determined that Jazz's listing of the '963 patent was unlawful, and the Federal Circuit affirmed. And it is obvious (as it was to the Chair of the FTC) that that patent listing "block[ed] Avadel from the market[.]" D.I. 299 at 7-8. This case is certainly no more complex than *10X*, and it lacks the added scope of deciding whether either party has infringed on five different patents.

Jazz also seeks to double the length of trial because of the purported "practical difficulties in scheduling so many witnesses over a short period of time." D.I. 340 at 2. But parties—including those, for example, in *U.S. Sugar*—routinely do just that. Jazz is represented by sophisticated counsel who are more than capable of handling such logistics. And Jazz's claim that it needs to extend the trial because two of its own paid expert witnesses now have an overlap with a trial that was scheduled *after this trial was scheduled* is self-inflicted. Those experts have known about the date and length of this trial for over a year and a half. Their decision to take on a conflicting matter and prioritize it over this one does not entitle Jazz to double the time allocated for this trial.

Lastly, the Order's five-day trial allocation will benefit both the jury and the Court by ensuring that the parties efficiently present their cases. Jazz baldly claims that the currently allocated trial time would "force Jazz to abandon potentially meritorious defenses." D.I. 340 at 2. Not so. Instead, at most, it will require Jazz to make judicious and efficient choices about the evidence it wants the jury to consider, reducing jury confusion and enhancing judicial economy.

Avadel respectfully asks that the Court deny Jazz's request to double the time allocated for trial and confirm that this action will proceed as scheduled with a 5-day jury trial beginning on November 3, 2025.[1]

---

[1] The parties are aware that the Court is double-booked for trial the week of November 3, 2025, but understand this action to have priority because the trial in this action was scheduled by the Court first on January 24, 2024, D.I. 79, compared to May 10, 2024 in *Cisco Sys., Inc v. Ramot at Tel Aviv Univ. Ltd.*, No. 22-cv-00674, D.I. 92.

                Respectfully,

                */s/ Daniel M. Silver*

                Daniel M. Silver (#4758)

cc: All Counsel of Record (via email)