IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-941 (GBW) |
| | ) |
| JAZZ PHARMACEUTICALS, INC., | ) |
| | ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM JEREMY A. TIGAN REGARDING JAZZ'S MOTION TO COMPEL SUPPLEMENTAL PRODUCTION**

OF COUNSEL:

F. Dominic Cerrito
Steig D. Olson
Gabriel P. Brier
Frank C. Calvosa
Sami H. Rashid
Elizabeth J. Murphy
John P. Galanek
Nicolas Siebert
Maxwell Hawley
Kevin Adams
Habib-Emmanuel Abraham
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

William R. Sears
Lynette Lim
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant Jazz Pharmaceuticals, Inc.*

August 22, 2025

Dear Judge Williams:

With trial just weeks away, Avadel seeks to update its damages case while blocking Jazz from obtaining the documents necessary to defend against those damages claims. Although Avadel has agreed to produce updated financial documents to support its supplemental damages analyses, it refuses to provide the broader market performance information that this Court has already recognized as essential to evaluating Avadel's claims. As this Court previously found, "financial documents would not show how Lumryz has been received in the market and/or whether factors other than Jazz's 2014 listing of the '963 patent in the Orange Book affected Avadel's launch and sales of Lumryz. As Jazz notes, these issues are of particular importance, given that 'Avadel has put the success of [Lumryz] at issue' in this case." D.I. 162. The need for this discovery has only intensified as Avadel claims hundreds of millions in damages based on alleged harm to Lumryz's long-term peak sales potential. D.I. 260-1 (Orszag Rpt.) ¶17. Jazz therefore respectfully requests that the Court order Avadel to produce two narrow categories of documents that can be obtained quickly without delaying trial: (1) current Lumryz REMS Assessment reports—annually produced documents detailing REMS performance, adverse events, and patient switching data—and (2) slide presentations discussing Lumryz's market performance, including those addressing the recent shareholder criticisms of the launch.

**Background**: In September 2024, the Court ordered that Avadel supplement its productions to update the record as to Lumryz's market performance as of that time. D.I. 162. Avadel complied on October 24. Ex. A at 1. With the exception of a single forecast produced on January 16, and two financial statements produced this week, Avadel has not supplemented its productions since October 2024. Ex. B at 1. During the intervening months, developments within Avadel and with its investors have called into question its financial performance and the commercial success of Lumryz. Last December, its Chief Commercial Officer abruptly resigned. Ex. C at 2.[1] Two months later, a significant Avadel shareholder wrote to Avadel's Board of Directors decrying the "mis-steps with the roll out of Lumryz" that "destroyed significant shareholder value." Ex. D at 1. That investor wrote again in July urging a vote against all of Avadel's director nominees based on, among other things, "serious problems with the launch of LUMRYZ." Ex. E at 3. While Avadel has touted improved quarterly results in 2025, these recent developments make understanding the complete performance trajectory—including any earlier struggles and the reasons for subsequent changes in commercial strategy—all the more crucial for assessing Avadel's claim that is suffered damages as a result of Jazz's conduct.

With trial approaching, on July 31, Avadel told Jazz it intended to supplement its damages analyses. Ex. F at 7. Given the numerous developments in Lumryz's commercial performance since the last time Avadel supplemented, on July 25, 2025, Jazz requested that Avadel supplement its production with the following categories of documents: (1) data, including sales, profit, and loss data through Q2 2025; (2) updated forecasts or sales projections for Lumryz; (3) Avadel's latest REMS reports; and (4) documents sufficient to show Avadel's current financial performance, including those relating to shareholder disputes or complaints about the company's financial

---

[1] This court may "take judicial notice of properly-authenticated public disclosure documents filed with the SEC." *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000); *Laborers' Local #231 Pension Fund v. Cowan*, 300 F. Supp. 3d 597, 607 n.60 (D. Del. 2018) ("[w]e may take judicial notice of the January 31, 2017 proxy statement filed publicly with the Securities and Exchange Commission.").

performance. *Id.* at 8-9. Avadel agreed only to producing updated financial data as relied upon in its damages expert report, and an updated forecast. *Id.* at 7. The parties met and conferred on August 7, where Jazz explained that the supplementation it was seeking was limited to a few REMS reports documents, and a limited go-get collection of slide presentations discussing Lumryz's financial performance and the shareholder disputes. Jazz followed up on August 8, explaining that as to the REMS report, there was likely to be only two or three documents that had not been produced. *Id.* at 2. The parties ultimately reached an impasse on August 12 after Avadel refused to produce the REMS related documents or the slide presentations, *id.* at 1, precipitating this dispute. D.I. 344.

**Argument**: Rule 26(e) provides that parties must supplement productions—even after the close of discovery—"in a timely manner …. if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *Gorzynski v. JetBlue Airways Corp.*, 2012 WL 712067, at *1, 4 (W.D.N.Y. Mar. 5, 2012). As explained above, Avadel's damages theory relies on the success of Lumryz in the marketplace, so the requested supplemental production would "substantially affect" Jazz's preparation for the impending trial. *Id.* Avadel refutes its obligation to supplement under Rule 26(e), citing this Court's observation that "[d]iscovery has closed." Ex. F at 7. But the duty to supplement continues "even beyond the close of fact discovery." *Sherwin-Williams Co. v. PPG Indus., Inc.*, 2021 WL 633506, at *2 (W.D. Pa. Feb. 18, 2021).

The duty to supplement is particularly important here, where the requested supplementation underlies a party's damages claim. *Everlight Elecs. Co. v. Nichia Corp.*, 2015 WL 412184 (E.D. Mich. Jan. 30, 2015) is instructive. There, the Court compelled the production of updated sales data after the close of discovery so the parties could accurately measure damages at trial. *Id.* at *1. That is exactly what Jazz seeks here—supplemental discovery that allows it to adequately prepare its defenses for trial. Absent real-world information about Lumryz's performance, Jazz cannot adequately assess Avadel's damages arguments. Moreover, Jazz's request for a limited set of go-get documents discussing Lumryz's performance trajectory and shareholder disputes regarding Lumryz's launch will fill the gaps in a story that cannot be told merely by the production of updated data. *See Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 235 (3d Cir. 2017) ("Raw sales figures need to be put into context to have any meaning.") (cleaned up). The same is true for the REMS reports, which detail not only the performance of Avadel's REMS, but also provide information on adverse events and the number of patients that have switched to or from Lumryz—critical information for determining any potential damages. Jazz is entitled to analyze this evidence regarding the success of Lumryz with patients as it prepares its defenses for trial. That is all the more true given the marked disconnect between Avadel's own recent statements about its financial performance and the complaint of a major shareholder that Lumryz's launch suffered from "continued failures and dismal performance." Ex. D at 2. Avadel's effort to supplement its damages analysis based on purported recent improvements while concealing documents that might explain the trajectory from shareholder-criticized "failures" to claimed success raises fundamental questions about the reliability of its damages calculations.

Avadel claims that such documents "are neither relevant nor proportionate to the needs of the case," Ex. F at 7, but offered no support for its position. Documents related to Lumryz's performance and the performance of its REMS are undoubtedly relevant to Avadel's claim that Lumryz is a revolutionary product that Jazz blocked from the market, causing Avadel hundreds of

2

The Honorable Gregory B. Williams
August 22, 2025

millions of dollars in damages. The reporting of adverse events and details of customers switching to or from Lumryz go directly to this issue.

The same is true for the limited set of go-get slide presentations Jazz requests regarding Lumryz's financial performance and the shareholder disputes. Avadel has directly put the success of Lumryz at issue, by using it as the foundation for its damages calculations. These documents will provide insight into how Avadel views the allegations in the shareholder complaints, including whether the launch of Lumryz had "serious problems" and "mis-steps" that "destroyed significant shareholder value." Ex. D at 1, Ex. E at 3. These go-get documents provide valuable context to the structured data Avadel has agreed to produce, which needs "to be put into context to have any meaning." *Parks*, 863 F.3d at 235.

Independent of Rule 26(e), good cause exists warranting reopening discovery for the narrow purpose of Avadel's supplementation of the requested documents. *See Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, 2008 WL 4415263, at *3-5 (E.D.N.Y. Sept. 24, 2008) (finding good cause to reopen discovery to "afford a fuller picture for purposes of damages."). To establish good cause, the party seeking to reopen discovery "must show that a more diligent pursuit of discovery was impossible." *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012). Courts may consider any prejudice to the party opposing the reopening of discovery. *Id.*

Here, any prejudice would be minimal. Avadel's perfunctory burden assertions ignore that Jazz's request consists of a narrow set of documents: two to three REMS reports, and a go-get set of slide presentations discussing Lumryz financials and the ongoing shareholder disputes. The REMS reports are produced annually to comply with FDA requirements, and therefore would be readily available to Avadel within its system, not requiring a search of company files. The slide presentations discussing Lumryz's financials and shareholder disputes are from a limited time frame on a narrow topic. Such a narrow universe of potential responsive documents does not support Avadel's unsubstantiated burden objection.

Moreover, the impending trial ***supports*** reopening discovery for this narrow supplementation. Unlike cases that denied reopening discovery due to the proximity to trial, here the requested supplementation did not exist until after the close of discovery. *Brock v. Harrison*, 2015 WL 6561723, at *1 (S.D. Ohio Oct. 30, 2015) (reopening discovery "within three months of the trial date" where "[t]he information that is the subject of these requests was not available until after the discovery period closed."); *see also San Francisco Baykeeper v. City of Sunnyvale*, 2025 WL 823266, at *4 (N.D. Cal. Feb. 3, 2025) (reopening discovery with "slightly over four months left before trial" given "the limited nature of the discovery sought" and because "the need for this discovery could not have been anticipated before discovery closed"). Given that Avadel's damages depend on Lumryz's past, current, and future performance, an accurate portrayal of that performance as close to trial as possible is crucial. *See Pharmacy, Inc.*, 2008 WL 4415263, at *5 (reopening discovery for production of sales information "because of the ongoing nature of Plaintiff's potential recovery."). With the limited universe of documents Jazz seeks, there can be no serious contention that a production could not be completed well before the November trial.

Accordingly, the Court should order Avadel to supplement its document productions with its latest REMS reports and a go-get set of slide presentations discussing Avadel's financial performance and shareholder disputes.

3

The Honorable Gregory B. Williams
August 22, 2025

                                             Respectfully,

                                             */s/ Jeremy A. Tigan*

                                             Jeremy A. Tigan (#5239)

Attachment(s)
cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)

4