# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, | ) ) ) | REDACTED PUBLIC VERSION |
| Plaintiff, | ) ) | C.A. No. 22-941-GBW |
| v. | ) ) ) | |
| JAZZ PHARMACEUTICALS, INC., | ) ) ) | ███████████████ |
| Defendant. | ) ) | |

**AVADEL CNS PHARMACEUTICALS, LLC'S LETTER TO
THE HONORABLE GREGORY B. WILLIAMS REGARDING AVADEL'S
OPPOSITION TO JAZZ'S MOTION TO COMPEL SUPPLEMENTAL PRODUCTION**

Dated: August 26, 2025

Dear Judge Williams:

Jazz seeks to re-open discovery nearly a year after fact discovery closed and just weeks before trial is set to begin. Avadel recently produced current financial data relevant to supplemental expert damages calculations, as antitrust parties typically do shortly before trial. Avadel's damages claim is solely predicated on lost profits from its delayed launch of LUMRYZ and is based on actual sales data and a third-party investment bank's sales forecast for the drug. Jazz's rebuttal expert has not relied on materials concerning "Avadel's current financial performance, including those relating to shareholder disputes or complaints about the company's financial performance." D.I. 347 at 1-2. ███████████████████████████████████████████████ ███████████████████████ Jazz's motion is an improper fishing expedition that seeks to expand the scope of Avadel's routine damages refresh production to include documents that are neither relevant to damages calculations nor proportional to the needs of the case—and, in some cases, have been in existence for many months—all on the eve of trial. The Court should deny Jazz's eleventh-hour request.

**I.      Background**

Fact discovery closed on September 27, 2024, and expert discovery closed on March 21, 2025. D.I. 88 at 2; D.I. 199 at 1. Avadel served its opening expert damages report on November 22, 2024, and its reply report on February 21, 2025. D.I. 211; D.I. 225. On August 18, 2025, the parties agreed to exchange supplemental expert damages reports in advance of trial. Ex. B (attaching proposed pretrial exchange schedule); Ex. C (agreeing to operative schedule).



On August 7, 2025, Avadel issued a press release on its 2Q 2025 earnings, noting that LUMRYZ sales were 64% higher than the same period in 2024. Ex. F. ████████████████████████████████████ ███████████████████████████████

On July 25, 2025, Jazz requested that Avadel produce four categories of documents: (1) structured data, including sales and profit and loss data, through the second quarter of 2025; (2) updated forecasts or sale projections for LUMRYZ; (3) Avadel's latest LUMRYZ REMS reports; and (4) documents sufficient to show Avadel's current financial performance, including documents relating to shareholder disputes or complaints regarding its financial performance. Ex. H at 8-9. Avadel promptly agreed to produce the first two categories of documents. *Id.* at 6-7. The other two categories of documents Jazz requested are not necessary for the experts to update their damages calculations.

**II.     The Court Should Deny Jazz's Motion to Compel**

Jazz attempts, without good cause, to subvert the Court's schedule and reopen regular fact

discovery by shoehorning irrelevant documents into a standard supplemental damages production. Jazz's untimely motion is disproportionate to any conceivable needs of the case at this juncture.

"Discovery has closed." D.I. 299 at 7. Generally, a motion to compel is untimely unless filed before the close of discovery. *Lane v. Lucent Techs., Inc.*, 2007 WL 2079879, at *3 (M.D.N.C. July 13, 2007); *see also United States v. Provenzi*, 2025 WL 1888567, at *3 (W.D.N.Y. July 9, 2025) ("Disregard of the scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.") (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). Here, not only has discovery closed, but the deadline for filing dispositive motions has also passed, rendering Jazz's motion "presumptively untimely." *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1247 (D. Nev. 2020) ("[A] motion to compel filed after the dispositive motion deadline is presumptively untimely because continuing to entertain discovery matters at that juncture interferes with the advancement of the case to the merits phase."). That alone warrants denying Jazz's motion. *Id.* ("A finding of untimeliness, standing alone, dooms a motion to compel regardless of its substantive merits.").

That the parties agreed to do a standard refresh of documents directly relevant to calculating damages does not change the analysis. Updating pretrial damages calculations requires only narrowly circumscribed supplemental discovery; that supplement does not re-open regular fact discovery. *Speedfit LLC v. Woodway USA, Inc.*, 2019 WL 1429609, at *4-6 (E.D.N.Y. Mar. 28, 2019) ("an expert [is entitled] to update a previous damages calculation based on additional sales made while the litigation proceeded and up to the time of trial," as distinguished from "a party's expert asserting new theories of damages"); *see also Novartis Pharms. Corp. v. Actavis, Inc.*, 2013 WL 7045056, at *7 (D. Del. Dec. 23, 2013) (explaining that supplementation of expert reports is only permitted for the "narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report," not to allow a party an opportunity for "new examples and illustrations to bolster previous opinions"). Avadel agreed to and did produce updated data and forecasts, which are all that Jazz needs to "accurately measure damages at trial." D.I. 347 at 2 (citing *Everlight Elecs. Co. v. Nichia Corp.*, 2015 WL 412184 (E.D. Mich. Jan. 30, 2015)). Jazz is not entitled to more now, almost a year after fact discovery closed. The "broader market performance information" Jazz seeks is not "essential to evaluating Avadel's" *damages*. *Id.* at 1. Mere relevance to "Avadel's claims" is not sufficient to warrant production at this late stage. *Id.*; *see Herndon*, 507 F. Supp. 3d at 1247.

Jazz indeed concedes that the narrative information it seeks is not necessary to evaluate Avadel's damages claim, which is based on the sales data Avadel already produced. Jazz argues that requested REMS reports "provide information on adverse events and the number of patients that have switched to or from Lumryz." D.I. 347 at 2. Such data has no bearing on expert damages calculations. Indeed, Avadel's production of a REMS report during regular fact discovery was not used by Jazz's damages expert in his initial rebuttal report. *See* Ex. H at 1-2 (identifying AVDL_01442911 as earlier version of the REMS report that Jazz now seeks); Ex. E, Strombom Report App. B (Strombom Report "Materials Relied Upon" not listing AVDL_01442911). The new discovery Jazz seeks thus cannot be used to supplement that damages report, confirming that Jazz is not seeking REMS documents for any damages issue. *See Novartis*, 2013 WL 7045056, at *7 (expert not permitted to supplement report to add "new examples and illustrations to bolster previous opinions"). Indeed, Jazz admits that its true motive is to obtain discovery to help it rebut

"Avadel's claim that Lumryz is a revolutionary product that Jazz blocked from the market," not to rebut Avadel's damages claim. D.I. 347 at 2. Jazz has known about the periodic nature of the REMS reporting since before this case even began as Jazz receives REMS reports itself. Jazz could have easily made a motion during fact discovery seeking future supplements. It did not.

Similarly, Jazz's request for documents discussing shareholder disputes regarding LUMRYZ's launch is a transparent attempt to cloak irrelevant character evidence in the guise of damages. To the extent that the shareholder dispute affected Avadel's stock price and Jazz believes that is relevant to damages, Jazz has the information about the shareholder dispute from the public record—the shareholder letter was an open letter posted publicly—and Jazz has the public details of Avadel's stock price. Neither issue is relevant to the damages analysis conducted by either side's expert—each relied solely on actual sales and projected future sales of LUMRYZ. But if Jazz disagrees, Jazz has the relevant facts. Indeed, Jazz concedes that such discovery is aimed at a non-damages issue: Jazz asserts that the requested documents will "provide insight into how Avadel views the [shareholder] allegations" that "the launch of Lumryz had 'serious problems' and 'mis-steps.'" D.I. 347 at 3. Avadel's views of shareholder complaints are immaterial to expert damages calculations. Even if they were material, the first shareholder dispute letter that Jazz cites was published over six months ago on February 10, 2025. D.I. 347-1, Ex. D. Jazz never before sought discovery on the subject and should not be allowed to do so now as the time for wide-ranging fact discovery has ended.

Jazz's cited cases do not support its position that fact discovery should be re-opened. *Everlight Electronics*, 2015 WL 412184 and *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, 2008 WL 4415263 (E.D.N.Y. Sept. 24, 2008) both address the production of sales data after the close of fact discovery, which Avadel has already produced. Neither case states that a party must produce more expansive documents after discovery ends. And while Jazz cites the Court's prior discovery order compelling supplemental custodial productions, that order came *before* the close of fact discovery, expert reports, and the deadline for dispositive motions, and long before trial. D.I. 162; *see Herndon*, 507 F. Supp. 3d at 1247 ("a motion to compel filed after the dispositive motion deadline is presumptively untimely"). Jazz also cites *Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220 (3d Cir. 2017) to support its claim that additional information is necessary to provide context to Avadel's sales data. D.I. 347 at 2-3. But *Parks* involved a request for additional sales data, not the type of qualitative information Jazz seeks here. *Parks LLC*, 863 F.3d at 235. Avadel agrees that narrow damages supplementations are an exception to the rules regarding the close of fact discovery, and Avadel agreed to and did produce the documents sought by Jazz that are actually relevant to damages. In order to re-open discovery, the moving party bears the burden of demonstrating good cause; and, as stated in Jazz's motion, "[t]o establish good cause, the party seeking to reopen discovery 'must show that a more diligent pursuit of discovery was impossible.'" D.I. 347 at 3 (quoting *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012)). However, Jazz has not endeavored to prove it was unable to act more diligently. Nor could it due to its failure to seek these documents at an earlier time.

The Court should reject Jazz's late request for additional discovery into materials that exceed the "narrow purpose" of updating damages calculations. *Novartis*, 2013 WL 7045056, at *7. Discovery has long since ended. For these reasons, Avadel requests that Jazz's motion to compel supplemental production be denied.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

*Attorneys for Plaintiff*

cc: All counsel of Record (via e-mail)

# EXHIBIT A

# EXHIBIT B

| | |
|---|---|
| **From:** | Kimon.Triantafyllou@lw.com |
| **Sent:** | Monday, August 18, 2025 4:24 PM |
| **To:** | jazzavadelantitrust@quinnemanuel.com |
| **Cc:** | avadelantitrust.lwteam@lw.com; MoFo-Avadel-Antitrust; DSilver@McCarter.com; ajoyce@mccarter.com |
| **Subject:** | Avadel v. Jazz Antitrust - Pretrial Exchange Schedule |
| **Attachments:** | Proposed Pretrial Exchange Schedule - Avadel 8.18 Draft.docx |

<mark>External Email</mark>

Counsel,

Attached please find a draft pretrial exchange schedule.  Please let us know if you're signed off, and we'll get this on file.

Best,
Kimon


**Kimon Kimball Triantafyllou**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.637.2145
Email: kimon.triantafyllou@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

*DRAFT*

***Avadel CNS Pharmaceuticals, LLC vs. Jazz Pharmaceuticals, Inc.,***
**C.A. No. 22-941-GBW (D. Del.)**

**Proposed Schedule for Pretrial Order Exchanges/Preparation**

| No. | Event | Date |
|---|---|---|
| 1. | Avadel serves supplemental expert reports on damages.<br><br>Avadel refreshes its production to produce: (1) structured data, including sales and profit and loss data, through Q2 2025 and (2) updated forecasts or sales projections for Lumryz . | Wednesday, Aug. 20, 2025 |
| 2. | Avadel serves Draft Joint Pretrial Order body, including:<br><br>• Statement of the nature of the action (D. Del. LR 16.3(c)(1))<br><br>• Basis for jurisdiction (D. Del. LR 16.3(c)(2))<br><br>• Amendments of the pleadings (D. Del. LR 16.3(c)(11))<br><br>• Certification of settlement efforts (D. Del. LR 16.3(c)(12))<br><br>• Other matters (D. Del. LR 16.3(c)(13)) | Thursday, Aug. 21, 2025 |
| 3. | Parties exchange fact and expert witness lists (D. Del. LR 16.3(c)(7)) | Thursday, Aug. 21, 2025 |
| 4. | Parties exchange statements of uncontested facts (D. Del. LR 16.3(c)(3)) for issues upon which the party bears the ultimate burden of proof | Friday, Aug. 22, 2025 |
| 5. | Parties exchange exhibit lists (D. Del. LR 16.3(c)(6)), including:<br><br>• Electronic copies of proposed exhibits | Wednesday, Aug. 27, 2025 |
| 6. | Jazz serves redline to draft Joint Pretrial Order body | Thursday, Aug. 28, 2025 |
| 7. | Parties exchange affirmative deposition designations, including:<br><br>• Highlighted transcripts showing designation of deposition testimony; and<br><br>• Excel/CSV files showing this information | Friday, Aug. 29, 2025 |

*DRAFT*

| No. | Event | Date |
|---|---|---|
| 8. | Parties exchange:<br><br>• Lists of contemplated motions *in limine*<br><br>• Redlines of proposed statements of uncontested facts (D. Del. LR 16.3(c)(3))<br><br>• Objections to fact and expert witness lists | Friday, Sept. 5, 2025 |
| 9. | Avadel serves draft joint exhibit list (D. Del. LR 16.3(c)(6)), including:<br><br>• Electronic copies of proposed joint exhibits | Friday, Sept. 12, 2025 |
| 10. | Parties meet and confer to discuss contemplated motions *in limine* | Thursday, Sept. 18, 2025 |
| 11. | Jazz serves drafts of:<br><br>• Proposed voir dire;<br><br>• Preliminary jury instructions;<br><br>• Final jury instructions; and<br><br>• Special verdict forms<br><br>Jazz serves supplemental expert reports on damages. Jazz produces any additional sales data, forecasts, or other information associated with the supplemental report within one business day of serving their report. | Friday, Sept. 19, 2025 |
| 12. | Parties exchange opening motions *in limine* | Friday, Sept. 26, 2025 |
| 13. | Parties exchange:<br><br>• Objections to exhibit lists (D. Del. LR 16.3(c)(6))<br><br>• Objections to affirmative designations of deposition testimony, including:<br><br>    ○ Excel/CSV files showing this information | Tuesday, Sept. 30, 2025 |

*DRAFT*

| No. | Event | Date |
|-----|-------|------|
|  | • Counter-designation of deposition testimony, including:<br><br> ○ Highlighted transcripts showing counter-designation of deposition testimony; and<br><br> ○ Excel/CSV files showing this information |  |
| 14. | Parties meet and confer to discuss, as necessary:<br><br> • Draft joint pretrial order body<br><br> • Draft statements of uncontested facts<br><br> • Joint exhibit list; exhibit list objections<br><br> • Witness list objections | Thursday, Oct. 2, 2025 |
| 15. | Avadel serves redlines of Jazz's drafts of:<br><br> • Proposed voir dire;<br><br> • Preliminary jury instructions;<br><br> • Final jury instructions; and<br><br> • Special verdict forms | Friday, Oct. 3, 2025 |
| 16. | Parties exchange:<br><br> • Statement of issues of fact to be litigated (D. Del. LR 16.3(c)(4))<br><br> • Statement of issues of law to be litigated (D. Del. LR 16.3(c)(5))<br><br> • Statement of intended proofs (D. Del. LR 16.3(c)(8), (9), (10))<br><br> • Further revised draft(s) and redline(s) of items discussed during meet-and-confer<br><br> • Objections to counter-designation of deposition testimony, including:<br><br> ○ Excel/CSV files showing this information | Friday, Oct. 3, 2025 |

*DRAFT*

| No. | Event | Date |
|---|---|---|
| | • Counter-counter designation of deposition testimony, including: <br><br> ○ Highlighted transcripts showing counter-counter designation of deposition testimony; and <br><br> ○ Excel/CSV files showing this information | |
| 17. | Parties meet and confer to discuss, as necessary: <br><br> • Proposed voir dire; <br><br> • Preliminary jury instructions; <br><br> • Final jury instructions; and <br><br> • Special verdict forms | Wednesday, Oct. 8, 2025 |
| 18. | Parties exchange responses to motions *in limine* | Friday, Oct. 10, 2025 |
| 19. | Parties exchange objections to counter-counter designation of deposition testimony, including: <br><br> • Excel/CSV files showing this information | Friday, Oct. 17, 2025 |
| 20. | Parties exchange replies in support of motions *in limine* | Friday, Oct. 17, 2025 |
| 21. | Avadel serves on Jazz proposed joint pretrial order for review before filing | Monday, Oct. 20 2025 |
| 22. | Parties file: <br><br> • Proposed voir dire; <br><br> • Preliminary jury instructions; <br><br> • Final jury instructions; and <br><br> • Special verdict forms | Tuesday, Oct. 21, 2025 |
| 23. | Jazz provides edits to proposed joint pretrial order served the day prior or consent to file on behalf of the parties | Wednesday, Oct. 22, 2025 |

*DRAFT*

| No. | Event | Date |
|-----|-------|------|
| 24. | Pretrial Order filed | Thursday, Oct. 23, 2025 |
| 25. | Avadel serves marked copies of Joint Exhibits and Avadel's Exhibits; and Jazz serves marked copies of Jazz's Exhibits | Friday, Oct. 24, 2025 |
| 26. | Pretrial Conference | Thursday, Oct. 30, 2025 |
| 27. | Trial commences | Monday, Nov. 3, 2025 |

# EXHIBIT C

| | |
|---|---|
| **From:** | Nicolas Siebert <nicolassiebert@quinnemanuel.com> |
| **Sent:** | Monday, August 18, 2025 5:03 PM |
| **To:** | Kimon.Triantafyllou@lw.com; Jazz Avadel Antitrust |
| **Cc:** | avadelantitrust.lwteam@lw.com; MoFo-Avadel-Antitrust; DSilver@McCarter.com; ajoyce@mccarter.com |
| **Subject:** | RE: Avadel v. Jazz Antitrust - Pretrial Exchange Schedule |

<mark>External Email</mark>



This message needs your attention

• Someone new is on this email. nicolassieb
  recipient(s) added.

Hi Kimon,

We agree that the schedule you sent today is the operative schedule between the parties.  However, we do not consent to filing.  This agreement is between the parties and it would burden the Court for us refile a stipulation every time it changes.  It is our understanding that these agreements are typically just between the parties in this Court.

Thanks,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Kimon.Triantafyllou@lw.com <Kimon.Triantafyllou@lw.com>
**Sent:** Monday, August 18, 2025 4:24 PM
**To:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Cc:** avadelantitrust.lwteam@lw.com; MoFo-Avadel-Antitrust@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** Avadel v. Jazz Antitrust - Pretrial Exchange Schedule

**[EXTERNAL EMAIL from kimon.triantafyllou@lw.com]**

Counsel,

Attached please find a draft pretrial exchange schedule.  Please let us know if you're signed off, and we'll get this on file.

Best,
Kimon


**Kimon Kimball Triantafyllou**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.637.2145
Email: kimon.triantafyllou@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT D

# EXHIBIT E

# EXHIBIT F



**Avadel Pharmaceuticals Reports Second Quarter 2025 Financial Results and Raises 2025 Revenue Guidance**

August 7, 2025 at 7:00 AM EDT

*-- Generated LUMRYZ™ net revenue of $68.1 million, a 64% increase compared to second quarter 2024, net income of $9.7 million and earnings per share of $0.10 --*

*-- 3,100 patients on LUMRYZ as of June 30, 2025, a 63% increase compared to June 30, 2024 --*

*-- Raises 2025 full year revenue guidance to $265 - $275 million --*

*-- Received Orphan Drug Designation from FDA for LUMRYZ™ (sodium oxybate) for Extended-Release Oral Suspension for the treatment of Idiopathic Hypersomnia (IH) --*

*-- On track to complete enrollment in pivotal Phase 3 REVITALYZ™ study evaluating efficacy and safety of LUMRYZ in IH by end of 2025 --*

*-- Avadel management to host conference call today at 8:30 a.m. ET --*

DUBLIN, Ireland, Aug. 07, 2025 (GLOBE NEWSWIRE) -- Avadel Pharmaceuticals plc (Nasdaq: AVDL), a biopharmaceutical company focused on transforming medicines to transform lives, today increased its revenue guidance for the year as it announced its financial results for the second quarter ended June 30, 2025.

"LUMRYZ strengthened its market position and delivered accelerated growth in revenue, positive cash flow and momentum in the second quarter, supported by its strong and growing foundation of prescribers and patients and our 2025 commercial investments," said Greg Divis, Chief Executive Officer of Avadel Pharmaceuticals. "Our commercial investments and execution have driven favorable uptake, growing reimbursed patients on therapy, and improved persistency trends generating quarterly net income for the first time since the launch of LUMRYZ in 2023. As such, these encouraging trends give us confidence to raise our guidance, and we now expect full-year revenues to be in the range of $265 - $275 million. With the recent appointment of Susan Rodriguez as our Chief Operating Officer and our enhanced commercial execution, we continue to identify additional opportunities to build on this momentum and capitalize on the differentiated profile of LUMRYZ to become the oxybate of choice for providers and patients."

"In addition to the progress in narcolepsy, Avadel was granted FDA Orphan Drug Designation for LUMRYZ in idiopathic hypersomnia (IH) during Q2," Mr. Divis commented. "This designation is particularly encouraging, as it underscores the potential future clinical advantage of LUMRYZ over currently available oxybates in the treatment of IH while we advance towards completion of our Phase 3 REVITALYZ trial. Enrollment, targeted at 150 patients, is expected to be complete by the end of 2025 followed by topline data in 2026 to support a potential supplemental NDA filing. If approved, we believe LUMRYZ could transform the treatment of IH, improve care for patients, and further expand the commercial potential in hypersomnolence disorders."

**Second Quarter Highlights and 2025 Guidance:**

- Generated $68.1 million of net product revenue from sales of LUMRYZ, representing 64% growth over the second quarter 2024.
- Positive cash flow in the quarter ended June 30, 2025. Cash, cash equivalents and marketable securities increased $15.0 million compared to March 31, 2025.
- Consistent year-over-year patient growth with 3,100 patients being treated with LUMRYZ as of June 30, 2025, compared to 1,900 patients as of June 30, 2024.
- Providing guidance for the quarter ending September 30, 2025 of $71 - $75 million in net product revenue and cash operating expenses of $50 - $55 million. Given the positive return from prior investments, operating expense guidance includes additional investments in LUMRYZ for further sales force expansion and additional patient and physician marketing programs.
- Raising 2025 full year revenue guidance to $265- $275 million.

**Corporate and Pipeline Updates:**

*Corporate*

- Appointed Susan Rodriguez, an accomplished biopharma executive having extensive rare disease experience, as Chief Operating Officer to oversee commercial strategy, operations, and supply chain.
- On June 30, 2025, the U.S. Court of Appeals for the District of Columbia Circuit ("Appeals Court") unanimously affirmed a prior decision from the U.S. District Court for the District of Columbia in favor of the U.S. Food and Drug Administration (FDA) in a suit brought by Jazz Pharmaceuticals Inc. regarding the FDA's approval of LUMRYZ for patients seven years of age and older with narcolepsy.
  - The Appeals Court's ruling affirmed the FDA's decision, which the Appeals Court noted was undisputed, that

LUMRYZ's once-at-bedtime dosing is clinically superior to all first generation, immediate-release oxybates and provides a major contribution to patient care.

*LUMRYZ for IH*

- On June 5, 2025, FDA granted LUMRYZ Orphan Drug Designation for the treatment of IH, based on the hypothesis that its once-nightly dosing could offer a major contribution to patient care and deliver clinical benefits over currently approved IH therapies.
- Patient enrollment of REVITALYZ, a double-blind, placebo-controlled, randomized withdrawal, multicenter Phase 3 study designed to evaluate the efficacy and safety of LUMRYZ in IH, remains on track to be completed by the end of 2025.

*LUMRYZ for Narcolepsy*

- Presented favorable new data across four oral presentations and 14 posters at SLEEP 2025, documenting the experience of people living with narcolepsy and supporting LUMRYZ's use as a treatment.

**Overview of Second Quarter Financial Results**

Avadel recognized $68.1 million in net product revenue from sales of LUMRYZ for the quarter ended June 30, 2025, a 64% increase compared to $41.5 million for the same period in 2024.

Total GAAP operating expenses in the quarter ended June 30, 2025 were $52.9 million compared to $51.5 million for the same period in 2024.

R&D expenses for the quarter ended June 30, 2025 were $4.3 million compared to $4.1 million for the same period in 2024.

SG&A expenses for the quarter ended June 30, 2025 were $48.6 million compared to $47.4 million for the same period in 2024.

Net income for the quarter ended June 30, 2025 was $9.7 million, or $0.10 per diluted share, compared to net loss of $13.8 million, or ($0.14) per diluted share, for the same period in 2024. The quarter ended June 30, 2025 marks the first quarter the company has generated net income since LUMRYZ was launched. The company recognized a $3.2 million non-cash tax benefit in the quarter ended June 30, 2025 resulting from a change in its estimated tax liabilities.

The company generated positive cash flow in the second quarter and year to date June 30, 2025. Cash, cash equivalents and marketable securities were $81.5 million at June 30, 2025 compared to $66.5 million at March 31, 2025 and $73.8 million at December 31, 2024.

**Conference Call Details:**

A live audio webcast of the call can be accessed by visiting the investor relations section of the Company's website,  www.avadel.com. A replay of the webcast will be archived on Avadel's website for 90 days following the event. Participants may register for the conference call  here and are advised to do so at least 10 minutes prior to joining the call.

**About LUMRYZ™ (sodium oxybate) for extended-release oral suspension**

LUMRYZ is an extended-release sodium oxybate medication approved by the FDA on May 1, 2023, as the first and only once-at-bedtime treatment for cataplexy or excessive daytime sleepiness (EDS) in adults with narcolepsy. On October 16, 2024, LUMRYZ was additionally approved as a once-at-bedtime treatment for cataplexy or EDS in pediatric patients seven years of age and older with narcolepsy.

The FDA approval of LUMRYZ was supported by results from REST-ON™, a randomized, double-blind, placebo-controlled, pivotal Phase 3 trial in adults with narcolepsy. LUMRYZ demonstrated statistically significant and clinically meaningful improvements in the three co-primary endpoints: EDS (MWT), clinicians' overall assessment of patients' functioning (CGI-I), and cataplexy attacks, for all three evaluated doses when compared to placebo.

With its approvals in May 2023 and October 2024, the FDA also granted seven years of Orphan Drug Exclusivity to LUMRYZ for the treatment of cataplexy or EDS in adults with narcolepsy and in pediatric patients seven years of age and older with narcolepsy respectively due to a finding of clinical superiority of LUMRYZ relative to currently approved oxybate treatments. In particular, the FDA found that LUMRYZ makes a major contribution to patient care over currently available, twice-nightly oxybate products by providing a once-nightly dosing regimen that avoids nocturnal arousal to take a second dose.

LUMRYZ is only currently approved for the treatment of cataplexy or EDS in patients seven years of age and older with narcolepsy, and Avadel does not sell LUMRYZ for any indication beyond narcolepsy.

**INDICATIONS**
LUMRYZ (sodium oxybate) for extended-release oral suspension is a prescription medicine used to treat the following symptoms in patients seven years of age and older with narcolepsy:

- sudden onset of weak or paralyzed muscles (cataplexy)
- excessive daytime sleepiness (EDS)

**IMPORTANT SAFETY INFORMATION**

> **WARNING: Taking LUMRYZ™ (sodium oxybate) with other central nervous system (CNS) depressants, such as medicines used to make you fall asleep, including opioid analgesics, benzodiazepines, sedating antidepressants, antipsychotics, sedating anti-epileptic medicines, general anesthetics, muscle relaxants, alcohol or street drugs, may cause serious medical problems, including trouble breathing (respiratory depression), low blood pressure (hypotension), changes in alertness (drowsiness), fainting (syncope) and death.**

> **The active ingredient of LUMRYZ (sodium oxybate) is a form of gamma hydroxybutyrate (GHB), a controlled substance. Abuse or misuse of illegal GHB alone or with other CNS depressants (drugs that cause changes in alertness or consciousness) have caused serious side effects. These effects include seizures, trouble breathing (respiratory depression), changes in alertness (drowsiness), coma and death. Call your doctor right away if you have any of these serious side effects.**
>
> **Because of these risks, LUMRYZ is available only by prescription and filled through certified pharmacies in the LUMRYZ REMS. You must be enrolled in the LUMRYZ REMS to receive LUMRYZ. Further information is available at www.LUMRYZREMS.com or by calling 1-877-453-1029.**

**Do not take LUMRYZ if you take or your child takes** other sleep medicines or sedatives (medicines that cause sleepiness), drink alcohol or have a rare problem called succinic semialdehyde dehydrogenase deficiency.

Keep LUMRYZ in a safe place to prevent abuse and misuse. Selling or giving away LUMRYZ may harm others and is against the law. Tell your doctor if you or your child have ever abused or been dependent on alcohol, prescription medicines or street drugs.

Anyone who takes LUMRYZ should not do anything that requires them to be fully awake or is dangerous, including driving a car, using heavy machinery or flying an airplane, for at least six (6) hours after taking LUMRYZ. Those activities should not be done until you know how LUMRYZ affects you.

Falling asleep quickly, including while standing or while getting up from the bed, has led to falls with injuries that have required some people to be hospitalized.

**LUMRYZ can cause serious side effects, including the following:**

- **Breathing problems, including** slower breathing, trouble breathing and/or short periods of not breathing while sleeping (e.g., sleep apnea). People who already have breathing or lung problems have a higher chance of having breathing problems when they take LUMRYZ.
- **Mental health problems**, including confusion, seeing or hearing things that are not real (hallucinations), unusual or disturbing thoughts (abnormal thinking), feeling anxious or upset, depression, thoughts of killing yourself or trying to kill yourself, increased tiredness, feelings of guilt or worthlessness and difficulty concentrating. Tell your doctor if you or your child have or had depression or have tried to harm yourself. **Call your doctor right away if you or your child have symptoms of mental health problems or a change in weight or appetite.**
- **Sleepwalking.** Sleepwalking can cause injuries. Call your doctor if you or your child start sleepwalking.

Tell your doctor if you or your child are on a salt-restricted diet or have high blood pressure, heart failure or kidney problems. LUMRYZ contains a lot of sodium (salt) and may not be right for you.

The most common side effects of LUMRYZ in adults include nausea, dizziness, bedwetting, headache and vomiting. Your side effects may increase when you take higher doses of LUMRYZ. The most common side effects in children include nausea, bedwetting, vomiting, headache, decreased weight, decreased appetite, dizziness, and sleepwalking.

LUMRYZ can cause physical dependence and craving for the medicine when it is not taken as directed. These are not all the possible side effects of LUMRYZ.

**For more information, ask your doctor or pharmacist. Call your doctor for medical advice about side effects.**

You are encouraged to report negative side effects of prescription drugs to the FDA. Visit http://www.fda.gov/medwatch, or call 1-800-FDA-1088.

**Please see full Prescribing Information, including BOXED Warning.**

**About Avadel Pharmaceuticals plc**

Avadel Pharmaceuticals plc (Nasdaq: AVDL) is a biopharmaceutical company focused on transforming medicines to transform lives. Our approach includes applying innovative solutions to the development of medications that address the challenges patients face with current treatment options. Avadel's commercial product, LUMRYZ, was approved by the U.S. Food & Drug Administration (FDA) as the first and only once-at-bedtime oxybate for the treatment of cataplexy or EDS in patients 7 years of age and older with narcolepsy. For more information, please visit www.avadel.com.

Avadel intends to use its Investor Relations website as a means of disclosing material nonpublic information and for complying with its disclosure obligations under Regulation FD. Accordingly, investors should monitor the Company's Investor Relations website, in addition to following the Company's press releases, SEC filings, public conference calls, presentations, and webcast.

**Cautionary Disclosure Regarding Forward-Looking Statements**

This press release includes "forward-looking statements" within the meaning of Section 27A of the Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934. These forward-looking statements relate to our future expectations, beliefs, plans, strategies, objectives, results, conditions, financial performance, prospects or other events. Such forward-looking statements include, but are not limited to, expectations regarding the market position and growth of LUMRYZ, including the goal to become the oxybate of choice for providers and patients; the Company's financial guidance for the 2025 fiscal year and quarter ending September 30, 2025; expectations for LUMRYZ in IH, if approved and launched, including its potential to transform the treatment paradigm and timing of enrollment for the REVITALYZ trial; and the potential benefit of an Orphan Drug Designation for LUMRYZ in IH. In some cases, forward-looking statements can be identified by use of words such as "will," "may," "could," "believe," "expect," "look forward," "on track," "guidance," "anticipate," "estimate," "project," "next steps" and similar expressions and the negatives thereof (if

applicable).

The Company's forward-looking statements are based on estimates and assumptions that are made within the bounds of our knowledge of our business and operations and that we consider reasonable. However, the Company's business and operations are subject to significant risks, and, as a result, there can be no assurance that actual results and the results of the company's business and operations will not differ materially from the results contemplated in such forward-looking statements. Factors that could cause actual results to differ from expectations in the Company's forward-looking statements include the risks and uncertainties described in the "Risk Factors" section of Part I, Item 1A of the Company's most recent Annual Report on Form 10-K and subsequent filings with the Securities and Exchange Commission.

Forward-looking statements speak only as of the date they are made and are not guarantees of future performance. Accordingly, you should not place undue reliance on forward-looking statements. The Company does not undertake any obligation to publicly update or revise our forward-looking statements, except as required by law.

**Investor Contact:**
Austin Murtagh
Precision AQ
Austin.Murtagh@precisionAQ.com
(212) 698-8696

**Media Contact:**
Alyssa Ramirez
Real Chemistry
aramirez@realchemistry.com

**AVADEL PHARMACEUTICALS PLC**
**CONDENSED CONSOLIDATED STATEMENTS OF INCOME (LOSS)**
*(In thousands, except per share data)*
*(Unaudited)*

| | Three Months Ended June 30, | | Six Months Ended June 30, | |
|---|---|---|---|---|
| | **2025** | **2024** | **2025** | **2024** |
| Net product revenue | $ 68,129 | $ 41,504 | $ 120,640 | $ 68,682 |
| Cost of products sold | 6,366 | 2,788 | 11,943 | 4,310 |
| Gross profit | 61,763 | 38,716 | 108,697 | 64,372 |
| Operating expenses: | | | | |
| Research and development expenses | 4,255 | 4,051 | 8,609 | 7,119 |
| Selling, general and administrative expenses | 48,624 | 47,406 | 94,205 | 96,029 |
| Total operating expense | 52,879 | 51,457 | 102,814 | 103,148 |
| Operating income (loss) | 8,884 | (12,741) | 5,883 | (38,776) |
| Investment and other (expense) income, net | (34) | 1,126 | 363 | 2,504 |
| Interest expense | (2,355) | (2,716) | (4,593) | (5,308) |
| Income (loss) before income taxes | 6,495 | (14,331) | 1,653 | (41,580) |
| Income tax benefit | (3,170) | (509) | (3,092) | (416) |
| Net income (loss) | $ 9,665 | $ (13,822) | $ 4,745 | $ (41,164) |
| | | | | |
| Net income (loss) per share - basic | $ 0.10 | $ (0.14) | $ 0.05 | $ (0.44) |
| Net income (loss) per share - diluted | $ 0.10 | $ (0.14) | $ 0.05 | $ (0.44) |
| | | | | |
| Weighted average number of shares outstanding - basic | 96,726 | 96,151 | 96,664 | 93,922 |
| Weighted average number of shares outstanding - diluted | 99,087 | 96,151 | 98,890 | 93,922 |

**AVADEL PHARMACEUTICALS PLC**
**CONDENSED CONSOLIDATED BALANCE SHEETS**
*(In thousands, except per share data)*

| | June 30, 2025 | December 31, 2024 |
|---|---|---|
| | *(Unaudited)* | |
| **ASSETS** | | |
| Current assets: | | |
| Cash and cash equivalents | $ 63,402 | $ 51,371 |
| Marketable securities | 18,145 | 22,406 |
| Accounts receivable, net | 40,631 | 34,097 |

| | | |
|---|---:|---:|
| Inventories | 23,484 | 20,298 |
| Prepaid expenses and other current assets | 13,443 | 6,036 |
| Total current assets | 159,105 | 134,208 |
| Property and equipment, net | 472 | 453 |
| Operating lease right-of-use assets | 2,721 | 1,702 |
| Goodwill | 16,836 | 16,836 |
| Other non-current assets | 8,023 | 11,037 |
| Total assets | $ 187,157 | $ 164,236 |

**LIABILITIES AND SHAREHOLDERS' EQUITY**

| | | |
|---|---:|---:|
| Current liabilities: | | |
| Current portion of operating lease liability | $ 723 | $ 582 |
| Accounts payable | 10,114 | 7,328 |
| Accrued expenses | 42,776 | 40,651 |
| Other current liabilities | 3,452 | 273 |
| Total current liabilities | 57,065 | 48,834 |
| Long-term operating lease liability | 2,002 | 1,122 |
| Royalty financing obligation | 35,318 | 35,249 |
| Other non-current liabilities | 2,063 | 5,183 |
| Total liabilities | 96,448 | 90,388 |
| | | |
| Shareholders' equity: | | |
| Preferred shares, nominal value of $0.01 per share; 50,000 shares authorized; zero issued and outstanding at June 30, 2025 and December 31, 2024 | — | — |
| Ordinary shares, nominal value of $0.01 per share; 500,000 shares authorized; 96,777 issued and outstanding at June 30, 2025 and 96,518 issued and outstanding at December 31, 2024 | 967 | 965 |
| Additional paid-in capital | 902,970 | 891,791 |
| Accumulated deficit | (789,582) | (794,328) |
| Accumulated other comprehensive loss | (23,646) | (24,580) |
| Total shareholders' equity | 90,709 | 73,848 |
| Total liabilities and shareholders' equity | $ 187,157 | $ 164,236 |

**AVADEL PHARMACEUTICALS PLC**
**CONDENSED CONSOLIDATED STATEMENTS OF CASH FLOWS**
*(In thousands)*
*(Unaudited)*

| | Six Months Ended June 30, | |
|---|---:|---:|
| | **2025** | **2024** |
| **Cash flows from operating activities:** | | |
| Net income (loss) | $ 4,745 | $ (41,164) |
| Adjustments to reconcile net income (loss) to net cash provided by (used in) operating activities: | | |
| Depreciation and amortization | 1,893 | 978 |
| Share-based compensation expense | 9,510 | 10,851 |
| Other adjustments | (786) | (1,208) |
| Net changes in assets and liabilities | | |
| Accounts receivable | (6,534) | (21,274) |
| Inventories | (3,361) | (2,264) |
| Prepaid expenses and other current assets | (2,404) | (1,557) |
| Accounts payable & other current liabilities | 2,778 | (1,638) |
| Accrued expenses | 2,077 | 9,484 |
| Other assets and liabilities | (3,453) | (98) |
| Net cash provided by (used in) operating activities | 4,465 | (47,890) |
| | | |
| **Cash flows from investing activities:** | | |
| Purchases of property and equipment | (181) | — |
| Proceeds from sales of marketable securities | 45,938 | 207,835 |
| Purchases of marketable securities | (41,694) | (175,898) |

| | | |
|---|---:|---:|
| Net cash provided by investing activities | 4,063 | 31,937 |
| **Cash flows from financing activities:** | | |
| Proceeds from issuance of shares off the at-the-market offering program | — | 9,250 |
| Proceeds from stock option exercises and employee share purchase plan | 1,672 | 4,663 |
| Net cash provided by financing activities | 1,672 | 13,913 |
| Effect of foreign currency exchange rate changes on cash and cash equivalents | 1,831 | (280) |
| Net change in cash and cash equivalents | 12,031 | (2,320) |
| Cash and cash equivalents at January 1, | 51,371 | 31,167 |
| Cash and cash equivalents at June 30, | $ 63,402 | $ 28,847 |



Source: Avadel Pharmaceuticals plc

# EXHIBIT G

# EXHIBIT H

| | |
|---|---|
| **From:** | Webb, Margaret A. |
| **Sent:** | Tuesday, August 12, 2025 8:06 PM |
| **To:** | Nicolas Siebert; Huttinger, Henry; Anna Rathbun (DC); MoFo-Avadel-Antitrust; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel; Joyce, Alexandra |
| **Cc:** | Jazz Avadel Antitrust |
| **Subject:** | RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial |

Nic,

Avadel continues to believe that simultaneous exchanges of draft jury materials would be unnecessarily complicated. As a compromise, Avadel is willing to agree that Jazz will provide its proposed jury instructions, voir dire, and verdict form first, on September 19. Avadel will serve redlines on October 3, in accordance with the previously proposed schedule.

Avadel agrees to produce updated Avadel financial data through Q2 2025 and an updated forecast, to the extent one has been prepared since the prior forecast, by August 20. This data is sufficient to enable the experts to refresh their damages calculations. As we previously explained, the other categories of documents you requested are neither relevant nor proportional to the needs of the case at this stage. See D.I. 299 at 7 ("Discovery has closed.").

Avadel agrees that Jazz will serve its supplemental expert report on damages on September 19.

Finally, we will confirm whether counsel for Avadel represents Richard Kim soon.

Thanks,
Meg

**Margaret Webb**
Associate
mwebb@mofo.com
T: +1 (415) 268-7544

Morrison Foerster
425 Market St.
San Francisco, CA 94105

**ꟼꟼORRISON FOERSTER**

mofo.com | LinkedIn

---

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, August 8, 2025 12:03 PM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel

<DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

**External Email**

---

Henry,

We write to follow-up on our meet and confer.

First, we discussed whether Jazz would serve its proposed jury instructions first, on September 19.  Although Jazz continues to believe that simultaneous exchange would be best, Jazz is willing to propose its instructions first, on the condition that Avadel does not propose wholesale changes throughout those proposed instructions.  If Avadel intends to respond to Jazz's proposal by, in effect, making its own proposal, then the parties will need the time provided by a simultaneous exchange to reach agreement on as many issues as possible.

Second, you requested additional information on what REMS documents we are seeking supplementation of.  We are seeking supplementation of Lumryz REMS Assessment Reports (*see* Burroughs Ex. 1022, AVDL_01442911), as well as any centrally collected documents or data that were used in the preparation of those report.  We believe that there are two or three assessment reports that have not yet been produced.  See Burroughs Tr. 253:17-254:1 ("Q. Are they submitted every six months?  A. The Lumryz REMS requires the first one at six months, the next one at 12 months, and annually thereafter.").

Third, please confirm that you agree Jazz will serve its supplemental expert report on damages on September 19, roughly one month after Avadel's service of its supplemental report.  As noted on the calls, Jazz cannot serve a rebuttal report if Avadel has not served its initial report.

Fourth, please confirm when any supplemental productions will occur.  For the universe of documents that Avadel has already agreed to supplement (*see* 2025.07.31 H. Huttinger Email), please confirm that Avadel will supplement when it serves its supplemental expert report on August 20, 2025.

Fifth, as discussed on the call, please confirm whether Avadel represents Richard Kim.  We will not contact him until we receive a response from you.

Thanks,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any

review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Nicolas Siebert
**Sent:** Tuesday, August 5, 2025 8:25 AM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

Thursday works for us.  Please send the invite.

Thanks Henry,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Monday, August 4, 2025 6:44 PM
**To:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

**[EXTERNAL EMAIL from hhuttinger@mofo.com]**

My apologies, the Wednesday time does not work.  Please let us know if you're available Thursday 2-4 pm (ET).

---

**From:** Huttinger, Henry
**Sent:** Monday, August 4, 2025 6:42 PM
**To:** 'Nicolas Siebert' <nicolassiebert@quinnemanuel.com>; 'Anna Rathbun (DC)' <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; 'avadelantitrust.lwteam@lw.com' <avadelantitrust.lwteam@lw.com>; 'jtigan@morrisnichols.com' <jtigan@morrisnichols.com>; 'Silver, Daniel' <DSilver@McCarter.com>; 'Joyce, Alexandra' <ajoyce@mccarter.com>
**Cc:** 'Jazz Avadel Antitrust' <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

Nic,

We're available on Wednesday 2-3 pm and Thursday 2-4 pm (ET).  Please let us know when works for you and I'll send an invite.

Thanks,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

# IIIORRISON
# ꓰOERSTER

---

**From:** Huttinger, Henry
**Sent:** Friday, August 1, 2025 11:58 AM
**To:** 'Nicolas Siebert' <nicolassiebert@quinnemanuel.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

Nic,

I had not realized we have some people traveling, so it's not happening today.  As I said, I'll propose some times next week.  If you feel the need to communicate something in the meantime, please feel free to send an email.

Have a good weekend,

Henry

---

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, August 1, 2025 7:47 AM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

**External Email**

---

Henry,

Avadel indicated that it was available to speak today.  When are you available today?

4

Regards,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Friday, August 1, 2025 10:28 AM
**To:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

**[EXTERNAL EMAIL from hhuttinger@mofo.com]**

Nic,

Neither of those times work for us.  I'll circle up with our team and propose some specific times next Wednesday and Thursday.

Thanks,

Henry

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, August 1, 2025 7:07 AM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

**External Email**

Apologies, let's move to 12:30 PT/3:30 ET.

Thanks,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, August 1, 2025 9:58 AM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

Henry,

We are available today at 1 PT/4 ET.  We will send an invite.

Thanks,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Thursday, July 31, 2025 5:55 PM
**To:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

**[EXTERNAL EMAIL from hhuttinger@mofo.com]**

Nic,

As we noted during our call last Friday, we are willing to join in a request to conduct jury selection—before either Judge Williams or a Magistrate Judge—on Friday, October 31, 2025. However, with respect to Jazz's proposal to seek an additional week of trial time, we are not willing to join that request.

As to the other issues we discussed: First, we continue to believe that the patent case pre-trial exchange schedule should govern the exchange of draft jury materials. As we discussed, simultaneous exchanges of draft jury materials would unnecessarily complicate the process and increase the likelihood of submitting competing materials to the Court. That said, we are willing to consider ways to streamline the meet-and-confer process. For example, the parties could first exchange lists of model instructions each party intends to propose without modification. We are also open to discussing Jazz providing its proposed jury materials first. A follow-up call on this issue would be productive.

Second, as is typical in antitrust cases, the experts should refresh their damages calculations based on the latest available sales data shortly before trial. To that end, we intend to produce updated Avadel financial data as relied upon in Mr. Orszag's report (AVDL_AT_01058665, AVDL_AT_01058663, and AVDL_AT_01058661) through Q2 2025. Avadel will also produce an updated forecast, to the extent one has been prepared since the prior forecast (AVDL_AT_01058661). The other categories of documents you requested are neither relevant nor proportional to the needs of the case and would require an unduly burdensome collection and review process at this stage. Moreover, such discovery is not appropriate for the contemplated supplementation, which, as we explained, is intended only to refresh the data underlying our expert's damages model. As this Court has made clear: "Discovery has closed." D.I. 299 at 7.

We are available to further discuss the process for exchanging and conferring on draft jury materials. Please let us know your availability for a follow-up call on tomorrow, Friday, August 1; Wednesday, August 6; or Thursday, August 7.

Thanks,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

## IIIORRISON FOERSTER

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Tuesday, July 29, 2025 2:55 PM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

**External Email**

Afternoon all,

On the call last Friday, Avadel asked how we intended to raise a request for one additional week of trial time.  We have confirmed with local counsel that we would raise the request in a letter to Judge Williams.  That letter would include both (1) a request to conduct *voir dire* on the Friday before trial begins, October 31, and (2) a request for one additional week of trial time.  In that letter, we would indicate whether Avadel joins, does not oppose, or opposes.

As to the first request, the letter would be substantively identical to what was submitted in the patent case.  As to the second, we are happy to propose a draft if Avadel agrees to join the request.  Please indicate whether you will join the request by Friday, August 1.  Please also indicate your position on the other topics discussed last Friday.

Thanks,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, July 25, 2025 5:15 PM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

Afternoon all,

Attached please find our proposed redline for the pretrial schedule.  To briefly summarize:

- **Trial Length.**  We asked whether Avadel would be amenable to jointly requesting two weeks for the trial.  We'll work on a letter to make that request, while you all consider.
- **Pretrial Schedule.**  We noted two changes to the proposed schedule (1) moving service of Jazz's rebuttal damages supplement to after Avadel's damages supplement, by one month, and (2) simultaneous exchange of drafts for proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms.  We understand that you all are considering those changes.
- **Supplementation.**  We requested that Avadel supplement for categories of documents, relevant to its damages:  (1) structured data, including sales and profit and loss data, through Q2 2025, (2) updated forecasts or sales projections for Lumryz , (3) Avadel's latest Lumryz REMS reports, including information regarding its patient hub and adverse events, (4) documents sufficient to show Avadel's current financial performance, including documents relating to shareholder disputes or complaints regarding its financial performance.  As we explained on the call, these documents are relevant to Lumryz's present performance

and therefore Avadel's damages.  The Court has already ordered supplementation of this type.  *See* D.I. 162 ("Thus, documents relevant to how Lumryz has actually performed in the last year since its launch in June 2023 are highly probative to Avadel's damages claims. ... As Jazz notes, these issues are of particular importance, given that 'Avadel has put the success of [Lumryz] at issue' in this case.").  We understand that you're considering our request.

Thanks,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Monday, July 21, 2025 5:58 PM
**To:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** RE: Avadel v. Jazz Antitrust - Meet & Confer re Trial

**[EXTERNAL EMAIL from hhuttinger@mofo.com]**

Nic,

We're available on Thursday after 2 pm or Friday after 1 pm (ET).  We were about to reach out on the pretrial exchange schedule.  I'm attaching a proposal for discussion, which is modelled on the schedule from the patent case.  Please send a calendar invite for a time that works for you.

Thanks,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

**IIIORRISON
ₓOERSTER**

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, July 18, 2025 1:50 PM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Anna Rathbun (DC) <Anna.Rathbun@lw.com>; MoFo-Avadel-Antitrust <MoFo-Avadel-Antitrust@mofo.com>; avadelantitrust.lwteam@lw.com; jtigan@morrisnichols.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>
**Subject:** Avadel v. Jazz Antitrust - Meet & Confer re Trial

<mark>External Email</mark>

Counsel,

We would like to have a meet and confer to discuss trial length and pretrial scheduling next week.  Please provide your availability for Wednesday, Thursday, or Friday, July 23-25.  We are available after 2 PM ET on Wednesday, between 1 PM ET and 4 PM ET on Thursday, and after 12:30 ET on Friday.  We expect an hour should be sufficient time.

Ahead of that call, Jazz will endeavor to circulate a proposed pretrial schedule.

Thanks,

**Nic Siebert**
*(he/him)*
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7695 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on August 26, 2025 on the following counsel in the manner indicated below.

<u>VIA EMAIL:</u>
Jeremy Tigan
Cameron P. Clark
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jtigan@morrisnichols.com
cclark@morrisnichols.com

William R. Sears
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Willsears@quinnemanuel.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Steig D. Olson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
steigolson@quinnemanuel.com

*Attorneys for Plaintiff Jazz Pharmaceuticals, Inc.*

Dated: August 26, 2025                    */s/ Daniel M. Silver*
                                          Daniel M. Silver (#4758)

ME1\57442230.v1