# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JAZZ PHARMACEUTICALS, INC., <br><br> Defendant. | C.A. No. 22-941-GBW |

## AVADEL'S RESPONSE TO JAZZ'S NOTICE OF SUBSEQUENT AUTHORITY

*Humana Inc. v. Merck & Co.*, C.A. 23-23023 (D.N.J. Sept. 4, 2025), D.I. 122, has no bearing on this case because it involves a fundamentally different claim for improper Orange Book listing. There, the plaintiff's claims were premised on the alleged invalidity and unenforceability of the underlying patents due to "fail[ure] to disclose key information [about scientific studies and inventorship] to the USPTO." D.I. 354-1 at 20. Here, Jazz improperly listed a system patent that does not claim a method of using a drug. *See* D.I. 94 at 7 n.2 ("[T]his Court has found that Jazz was not permitted to list the '963 patent."). Unlike *Humana*, Avadel's monopolization claims do not depend on proving that "the relevant patent was obtained through fraud." D.I. 354-1 at 26. To the extent *Humana* requires a plaintiff to prove lack of "objective merit" in listing a patent to state a monopolization claim, it is wrong and inconsistent with this Court's prior, correct ruling.[1] *See* D.I. 94 at 6 ("Avadel does not have to allege that Jazz lacked a reasonable basis for listing the '963 patent"). Objective reasonableness is an element of Jazz's regulatory compliance defense, for which the Court has found a "genuine dispute of material fact." *Id.* at 9-10.

Jazz's Notice of Subsequent Authority ("Notice," D.I. 354) cites this non-binding, inapposite case as an excuse to rehash arguments raised in its second motion for summary judgment. But as Avadel previously explained, Jazz's arguments concerning *Noerr–Pennington* immunity and Jazz's regulatory compliance defense are meritless. Specifically, *Noerr* does not protect Jazz's improper listing of the '963 patent in the Orange Book, which is dispositive. D.I. 293 at 22-24. In any event, Avadel may recover damages from both Jazz's improper patent listing and the stay-triggering lawsuit (even if *Noerr*-protected) under *Hynix* (*id.* at 24-25), and, even if *Noerr* applied to the lawsuit, there is a genuine factual dispute regarding the *Walker Process*

---

[1] *See Novartis Pharms. Corp. v. Accord Healthcare Inc.*, 2024 WL 3339239, at *2 n.6 (D. Del. July 9, 2024) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotations omitted)).

1

exception based on evidence that Jazz knew the '963 patent claims a distribution system, not a listable method of use (*id.* at 25-30). As to Jazz's regulatory compliance defense, there are genuine disputes of fact concerning objective reasonableness and a failure of proof on the subjective good-faith element (*id.* at 30-33). Nothing in Jazz's Notice supports a different conclusion.

Jazz bafflingly argues that "[t]o the extent that *Walker Process* applies to Jazz's original listing of the '963 patent," Avadel "failed to proffer any disputed facts to meet that standard." D.I. 354 at 1. But Avadel is not bringing an affirmative *Walker Process* claim (unlike the plaintiff in *Humana*). And *Walker Process* fraud has no relevance to "Jazz's original listing" because—as this Court has already held and Jazz previously conceded—"a defendant's decision to list its patent in the Orange Book is not 'petitioning activity' entitled to *Noerr-Pennington* immunity." D.I. 94 at 7; D.I. 28 at 8. Jazz also misstates the record: Avadel cited ample evidence showing that Jazz knowingly submitted false information to FDA with respect to the '963 patent. DI. 293 at 25-30.

Jazz further misstates the record by arguing that "undisputed facts confirm that the '963 patent covered Xyrem's REMS program." D.I. 354 at 1. Jazz knows there is a dispute on this issue because both sides have disclosed experts, and Jazz did not even move to exclude Avadel's expert, Dr. Jeffrey Gudin. *See* D.I. 268-4, Silver Decl. Ex. 35 ¶¶ 95-97 (Jazz's patent law expert, Jonathan Singer, recognizing a "reasonable" dispute between the parties' experts on whether the '963 patent covers Xyrem). Although Jazz's comment about the lack of FDA guidance concerning "REMS patents" in general has nothing to do with *Humana*, Jazz is wrong again: the parties do dispute whether listing the '963 patent was reasonable in light of FDA regulations and regulatory policy, with multiple experts on this issue disclosed by both sides.[2]

---

[2] Tellingly, Jazz mentions neither of these issues—whether the '963 patent covers Xyrem and FDA guidance on REMS patents—in its motions for summary judgment, which should be denied.

2

| | |
|---|---|
| Dated: September 12, 2025 | MCCARTER & ENGLISH, LLP |
| | /s/ *Daniel M. Silver* |
| OF COUNSEL: | Daniel M. Silver (#4758) |
| | Alexandra M. Joyce (#6423) |
| Kenneth G. Schuler | Renaissance Centre |
| Marc N. Zubick | 405 North King Street, 8th Floor |
| Alex Grabowski | Wilmington, DE 19801 |
| Sarah W. Wang | (302) 984-6300 |
| LATHAM & WATKINS LLP | dsilver@mccarter.com |
| 330 North Wabash Avenue, Suite 2800 | ajoyce@mccarter.com |
| Chicago, IL 60611 | |
| (312) 876-7700 | *Attorneys for Defendant* |
| kenneth.schuler@lw.com | |
| marc.zubick@lw.com | |
| alex.grabowski@lw.com | |
| sarah.wang@lw.com | |

Ian R. Conner
Alan J. Devlin
Anna Rathbun
Christopher J. Brown
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004
(202) 637-2200
ian.conner@lw.com
alan.devlin@lw.com
anna.rathbun@lw.com
christopher.brown@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
herman.yue@lw.com

Alfred C. Pfeiffer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 395-8898
al.pfeiffer@lw.com

3

Daralyn J. Durie
Rebecca E. Weires
Tannyr Pasvantis
Eliot A. Adelson
Margaret A. Webb
Helen He
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-6055
ddurie@mofo.com
rweires@mofo.com
tpasvantis@mofo.com
eadelson@mofo.com
mwebb@mofo.com
hhe@mofo.com

Kira A. Davis
Henry Huttinger
Katherine E. McNutt
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
hhuttinger@mofo.com
kmcnutt@mofo.com

Alexander Okuliar
Haydn Forrest
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, DC 20037, USA
(202) 887-1500
aokuliar@mofo.com
hforrest@mofo.com

Matthew C. Has
POLSINELLI
100 South Fourth Street, Suite 1000
St. Louis, MO 63102
mhans@polsinelli.com