IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS LLC, | |
| Plaintiff, | |
| v. | C.A. No. 22-941-GBW |
| JAZZ PHARMACEUTICALS, INC., | |
| Defendant. | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Jazz Pharmaceuticals, Inc.'s ("Jazz") Motion to Compel Supplemental Production ("Motion" or "Motion to Compel") (D.I. 344), which has been fully briefed (D.I. 347; D.I. 349). For the reasons set forth below, Jazz's Motion is GRANTED.

**I.  BACKGROUND**

On July 15, 2022, Jazz filed a Complaint for Patent Infringement ("Complaint") in this Court alleging that Avadel CNS Pharmaceuticals LLC ("Avadel") infringes U.S. Patent No. 8,731,963 ("the '963 patent"). (D.I. 1 ¶ 1). On October 21, 2022, Avadel filed an Answer to Complaint for Patent Infringement, Defenses, and Counterclaims ("Counterclaims"). (D.I. 14).

In its Counterclaims, Avadel alleged that Jazz violated Section 2 of the Sherman Act by listing and refusing "to delist the '963 [P]atent – a REMS[1] patent that claims a distribution system – in the Orange Book." (D.I. 14 ¶ 136). Avadel alleged that "Jazz did this, even though the owner of an FDA-approved drug product may only list in the Orange Book patents that claim the active pharmaceutical ingredient, composition or formulation, or method of using that drug." (D.I. 14

---

[1]  REMS stands for Risk Evaluation and Mitigation Strategy. (*See* D.I. 247 at 6).

¶ 136.) Avadel further alleged that the improper listing of the '963 Patent, and maintenance thereof, was an attempt "to impede any pharmaceutical company that may try to launch a competitive oxybate product." (D.I. 14 ¶ 137). In particular, Avadel alleged that the improper listing, and maintenance thereof, caused the FDA to decide "that it could not approve Avadel's NDA unless Avadel filed a Paragraph IV certification." (D.I. 14 ¶ 137). "That certification, in turn," according to Avadel, "allowed Jazz to file this lawsuit, further delaying the FDA's ability to grant final approval to LUMRYZ by triggering an automatic stay." (D.I. 14 ¶ 137).

Fact discovery concerning Avadel's Counterclaims closed on September 27, 2024. (D.I. 88 at 2). Expert discovery closed on March 21, 2025. (D.I. 199 at 1). On July 25, 2025, Jazz requested Avadel to supplement four categories of documents relevant to damages:

> (1) structured data, including sales and profit and loss data, through the second quarter of 2025; (2) updated forecasts or sale projections for LUMRYZ; (3) Avadel's latest LUMRYZ REMS reports; and (4) documents sufficient to show Avadel's current financial performance, including documents relating to shareholder disputes or complaints regarding its financial performance.

(D.I. 349 at 1; *see also* D.I. 347 at 1). Avadel agreed to supplement its previous production for the first two categories of documents, but contends that the latter two categories "are not necessary for the experts to update their damages calculations." (D.I. 349 at 1; *see also* D.I. 347 at 2). After meeting and conferring, Jazz clarified that it seeks a handful of REMS Assessment reports "and a go-get set of slide presentations discussing Lumryz financials and the ongoing shareholder disputes.[2]" (D.I. 347 at 3). Once it became clear the parties had reached an impasse on this issue, Jazz filed the present Motion to Compel on August 14, 2025. (D.I. 344). Briefing was completed on August 26, 2025. (*See* D.I. 347; D.I. 349).

---

2  REMS Assessment reports are "annually produced documents detailing REMS performance, adverse events, and patient switching data" (D.I. 347 at 1).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 imposes a continuing obligation on parties to timely supplement or correct discovery responses or disclosures, requiring that "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A) & (B). However, the duty to supplement "does not require that a party volunteer information that was not encompassed within the scope of an earlier discovery request." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 540 (3d Cir. 2007) (quoting *Polec v. Northwest Airlines, Inc.*, 86 F.3d 498, 539 (6th Cir.1996)); *see also Bistrian v. Levi*, C.A. No. 08-3010, 2022 WL 888878, at *7 (E.D. Pa. Mar. 25, 2022).

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, in order to reopen fact discovery, the movant must make a showing of "good cause." *McGoveran v. Amazon Web Servs., Inc.*, No. 1:20-cv-01399-SB, 2024 WL 4533598, at *3 (D. Del. Oct. 18, 2024) (Bibas, J., sitting by designation). "There is no set formula to apply" when determining whether a good cause showing has been made. *Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, C.A. No. 18-819-LPS, 2020 WL 5369109, at *6 (D. Del. Sept. 8, 2020) (cleaned up); *see also McGoveran*, 2024 WL 4533598, at *3 ("[T]he standard is just 'good cause.'"). However, "implicit in such a showing is proof that more diligent discovery was impossible." *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (quoting *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988)). Courts

may also consider "prejudice to the party opposing the modification." *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), *aff'd*, 587 F. App'x 741 (3d Cir. 2014).

### III. DISCUSSION

Jazz contends that the Court should compel the production of the requested documents pursuant to either Rule 26(e) supplementation or, alternatively, the good cause standard for reopening discovery. (D.I. 347 at 2-3). The Court will address each argument in turn.

#### A. Rule 26(e) Does Not Require the Requested Supplementation

Jazz contends that Rule 26(e) requires Avadel to supplement is production with the requested documents, i.e., a handful of REMS reports and slide presentations. (D.I. 347 at 2-3). According to Jazz, these documents contain qualitative information regarding how Lumryz performed in the marketplace. (*Id.* at 2-3). Jazz contends it is entitled to these documents via Rule 26(e) because "Avadel's damages theory relies on the success of Lumryz in the marketplace" and, therefore, "the requested supplemental production would 'substantially affect' Jazz's preparation for the impending trial." (*Id.* at 2 (citation omitted)).

Avadel opposes supplementation on several grounds. Avadel initially points out that discovery has closed in this case. (D.I. 349 at 2). Although Avadel does not dispute that it has a duty to supplement its discovery responses under Rule 26(e), it further contends that Jazz's request amounts to a reopening of fact discovery for information that is not required to evaluate Avadel's damages claim. (*Id.* at 2). With respect to the first category of requested documents, Avadel contends, for example, that Jazz's damages expert did not rely on a REMS Assessment report, that Avadel previously produced, in his initial report. (*Id.*). With respect to the second category of requested documents, Avadel claims that both sides' experts "relied solely on actual sales and projected future sales of LUMRYZ" in conducting their damages analysis and that the requested

"documents discussing shareholder disputes regarding LUMRYZ's launch" are "immaterial to expert damages calculations." (*Id.* at 2-3).

The duty to supplement under Rule 26(e) does not require a party to produce information after the close of fact discovery that was not encompassed in the scope of an earlier, timely request.[3] *Bistrian*, 2022 WL 888878, at *7 ("If an earlier discovery request did not encompass the information, the duty to supplement does not apply."); *see Bowers*, 475 F.3d at 540. To help evaluate the scope of the earlier request, the local rules require that a "verbatim recitation" is included in the motion itself or in an accompanying memorandum. D. Del. LR 37.1. Here, Jazz fails to sufficiently identify any prior discovery request that encompasses the requested supplemental documents (*see* D.I. 344; D.I. 347) and, thus, the Court denies Jazz's request to compel their supplemental production via Rule 26(e).[4]

**B.  Good Cause Exists to Reopen Discovery**

Jazz further contends that, "[i]ndependent of Rule 26(e), good cause exists warranting reopening discovery" in order for Avadel to produce the requested documents. (D.I. 347 at 3). Jazz asserts that, given the limited scope of the requested discovery, Avadel cannot adequately show undue burden and, moreover, the requested production would be completed "well before the

---

[3] The duty to supplement under Rule 26(e) also extends to information required to be disclosed under Rule 26(a). Fed. R. Civ. P. 26(e). Neither party appears to assert that the requested discovery would be subject to a Rule 26(a) disclosure. (*See* D.I. 347; D.I. 349).

[4] The Court notes that Jazz cites to an Oral Order this Court issued previously compelling discovery of qualitative financial information. (D.I. 347 at 1 (citing D.I. 162)). However, to the extent Jazz is relying on previously-served discovery requests, it was required to recite or attach them to *this* motion or an accompanying memorandum. *See* D. Del. LR 37.1 & 5.4(b)(3); *see also United States v. Dunkel*, 921 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

November trial." (*Id.*). Furthermore, Jazz claims that good cause exists because the documents in question "did not exist until after the close of discovery." (*Id.*).

Avadel responds by stating that the cases Jazz cites deal with production of sales data, "not the type of qualitative information Jazz seeks here." (D.I. 349 at 3). Avadel further claims that Jazz has not attempted to show diligence, "[n]or could it due to its failure to seek these documents at an earlier time." (*Id.*).

Here, the Court finds good cause to compel the production of the requested documents for five key reasons. *First*, for the Court to reopen discovery, the moving party must show that "more diligent discovery was impossible." *Lehman Bros.*, 785 F.3d at 102 (quoting *Hewlett*, 844 F.2d at 113). Although Jazz does not squarely address its diligence, it does point out that "the requested supplementation did not exist until after the close of discovery." (D.I. 347 at 3). Despite Avadel's claim that Jazz was able to act more diligently by seeking the requested documents earlier, Avadel does not attempt to explain how Jazz could have sought documents during fact discovery that did not exist. (*See* D.I. 349).

*Second*, Courts facing this question have found good cause to reopen discovery when the requested documents did not exist, like the documents requested here, at the close of discovery. *See, e.g., Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 17 CIV. 6221 (KPF), 2025 WL 1276505, at *5 (S.D.N.Y. May 2, 2025) (reopening discovery when "a large portion of the requested data did not exist while fact discovery was open."); *Isola*, 2015 WL 12555875, at *2 (reopening discovery to allow for updated sales data when party seeking discovery "could not have obtained th[e] new information other than through this additional discovery proximate to trial.").

*Third*, Jazz has sought the sort of qualitative information at issue in the present Motion before discovery closed. (*See* D.I. 162). The fact that discovery closed prior to the documents existing should not preclude their production when Jazz has diligently attempted to obtain documents of the same character during the discovery period. To the extent Avadel contends that the qualitative information contained in the requested documents are irrelevant to Jazz's damages claims, the Court has already held otherwise. (*Id.*).

*Fourth*, the Court also finds any prejudice Avadel incurs to be minimal. Although Avadel, through its briefing, discusses at length the fact that Jazz requested the documents at issue after the close of fact discovery, Avadel does not assert that the documents would be burdensome to produce or that it would require additional discovery if the Court granted the Motion. (*See* D.I. 349). *Fifth*, ordering this limited supplemental discovery would not put the trial date in jeopardy.

Therefore, the Court will order that Avadel produce (1) the current Lumryz REMS Assessment reports, and (2) slide presentations discussing Lumryz's market performance, including those addressing the recent shareholder criticisms of the launch, produced after the September 27, 2024 close of fact discovery, no later than October 10, 2025.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Jazz's Motion to Compel Supplemental Production (D.I. 344).

\* \* \*

WHEREFORE, at Wilmington this 19th day of September 2025, **IT IS HEREBY ORDERED** that Jazz's Motion to Compel Supplemental Production (D.I. 344) is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE