IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAZZ PHARMACEUTICALS, INC.,<br><br>Defendant. | C.A. No. 22-941-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendant Jazz Pharmaceuticals, Inc.'s ("Defendant" or "Jazz") Motion for Reargument or, in the Alternative, To Certify an Appeal Under 28 U.S.C. § 1292(b) ("Jazz's Motion") (D.I. 100), which Avadel CNS Pharmaceuticals LLC ("Plaintiff" or "Avadel") has opposed (D.I. 108). Jazz's Motion has been fully briefed (D.I. 100; D.I. 108; D.I. 114). For the reasons set forth below, the Court denies Jazz's Motion.

## I. BACKGROUND

On July 15, 2022, Jazz filed a Complaint for Patent Infringement ("Complaint") in this Court alleging that Avadel infringes U.S. Patent No. 8,731,963 ("the '963 patent"). (D.I. 1 ¶ 1). On October 21, 2022, Avadel filed an Answer to Complaint for Patent Infringement, Defenses, and Counterclaims ("Counterclaims"). (D.I. 14).

In its Counterclaims, Avadel alleged that Jazz violated Section 2 of the Sherman Act by listing and refusing "to delist the '963 [P]atent – a REMS[1] patent that claims a distribution system – in the Orange Book." (D.I. 14 ¶ 136). Avadel alleged that "Jazz did this, even though

---

[1] REMS stands for Risk Evaluation and Mitigation Strategy. (*See* D.I. 247 at 6).

the owner of an FDA-approved drug product may only list in the Orange Book patents that claim the active pharmaceutical ingredient, composition or formulation, or method of using that drug." (D.I. 14 ¶ 136.) Avadel further alleged that the improper listing of the '963 Patent, and maintenance thereof, was an attempt "to impede any pharmaceutical company that may try to launch a competitive oxybate product." (D.I. 14 ¶ 137). In particular, Avadel alleged that the improper listing, and maintenance thereof, caused the FDA to decide "that it could not approve Avadel's NDA unless Avadel filed a Paragraph IV certification." (D.I. 14 ¶ 137). "That certification, in turn," according to Avadel, "allowed Jazz to file this lawsuit, further delaying the FDA's ability to grant final approval to LUMRYZ by triggering an automatic stay." (D.I. 14 ¶ 137).

On March 13, 2024, Jazz filed a supplemental motion to stay the present case.[2] (D.I. 80) ("the Motion to Stay"). Jazz moved to stay after a jury found (in a separate case) that Avadel's Lumryz "infringes a valid Jazz Patent (U.S. Patent No. 11,147,782, 'the '782 patent')." (D.I. 80 at 1). According to Jazz, Avadel therefore lacks antitrust standing to bring its counterclaims, and this case should be stayed pending final resolution of the jury verdict finding that the '782 Patent is valid and infringed by Lumryz. (*Id.* at 2 n.1).

On May 24, 2024, the Court, in a memorandum opinion, deferred ruling on the Motion to Stay until after a hearing on Jazz's then-pending motion for a permanent injunction in a related case (D.I. 94 at 22) ("the Opinion"). Specifically, the Court found that it was possible for Avadel to demonstrate antitrust standing for "a delayed market-entry theory under Section 2 of the Sherman Act," even though the delayed product infringed a valid patent, because

---

[2]    Jazz had previously filed a motion to stay until the Court resolved its then-pending motion to dismiss. (D.I. 49).

infringement of that patent would not necessarily have been enjoined. (*Id.* at 19-20). Therefore, the Court reasoned that whether Jazz was "entitled to a permanent injunction enjoining LUMRYZ from infringing the '782 [P]atent" would be relevant to "whether Jazz would have been entitled to such an injunction at or near the Alleged Launch Date." (*Id.* at 22).

Shortly after the Court decided to defer ruling on the Motion to Stay, Jazz filed the present Motion for Reargument, or, in the Alternative, to Certify an Appeal Under 28 U.S.C. § 1292(b), arguing that "Avadel lacks antitrust standing to bring its delayed-entry antitrust claims under binding Third Circuit law." (D.I. 100 at 1).

On May 29, 2025, the Court denied the Motion to Stay. (D.I. 299). The Court's denial of the Motion to Stay was based, in part, on its finding that Avadel had adequately alleged antitrust standing. (D.I. 299 at at 4-6; *see also id.* at 6 ("Avadel should have its day in court on its antitrust counterclaims against Jazz.")).

## II.  LEGAL STANDARDS

### A.  Motion for Re-Argument or Reconsideration

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *Amgen Inc. v. Amneal Pharms. LLC*, C.A. No. 16-853 (MSG), 2021 WL 4843959, at *1 (D. Del. Oct. 18, 2021) (citation omitted). "Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Adobe Inc. v. Marsh Funding LLC*, C.A. No. 24-861-GBW, 2024 WL 4751426, at *3 (D. Del. Nov. 12, 2024) (quoting *Amgen*, 2021 WL 4843959, at *1). Similarly, reconsideration is appropriate when the moving party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a

3

clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Motions for re-argument shall be sparingly granted." D. Del LR 7.1.5(a); *see also Corning Inc. v. SRU Biosystems*, C.A. No. 03-633-JJF, 2006 WL 155255, at *3 n.1 (D. Del. Jan. 20, 2006) ("Reargument, like reconsideration, is granted sparingly."). The proponent of the motion carries the burden. *See Ampro Computs., Inc. v. LXE, LLC*, C.A. No. 13-1937-LPS-MPT, 2017 WL 877301, at *2 (D. Del. Mar. 6, 2017).

**B.   Interlocutory Appeal Certification**

28 U.S.C. § 1292(b) "imposes three criteria for the district court's exercise of discretion" to grant a motion to certify an interlocutory appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The order must (1) involve 'a controlling question of law,' (2) offer 'substantial ground for a difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Id.* The burden is on the movant to demonstrate that all requirements are met. *Isbell v. Patterson*, 962 F. Supp. 2d 738, 759 (M.D. Pa. 2013). Ultimately, however, "[t]he decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification." *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 709 (D.N.J. 2013) (internal quotation marks and citations omitted); *see also Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).

**III.   DISCUSSION**

Jazz moves this Court to revisit its previous decision deferring, and ultimately denying, the Motion to Stay, or in the alternative, to certify an interlocutory appeal under 28 U.S.C. § 1292(b). (D.I. 100). For the reasons set forth below, Jazz's Motion is DENIED.

4

A.  **The Court Declines to Grant Re-Argument**

Jazz moved for re-argument on the portion of the Opinion deferring the Court's ruling on the Motion to Stay on June 07, 2024. (D.I. 100). After Jazz's Motion was filed and fully briefed, both parties filed supplemental briefing concerning the Motion to Stay throughout October 2024. (*See* D.I. 184; D.I. 189; D.I. 193). The Court subsequently denied the Motion to Stay on May 29, 2025. (D.I. 299). Therefore, the Court views the portion of Jazz's Motion seeking re-argument of the Opinion as moot and is therefore denied.

If the Court were to construe Jazz's Motion as seeking re-argument on the denial of the Motion to Stay, it would likewise be denied. As explained above, re-argument is appropriate "(1) 'where the Court has patently misunderstood a party,' (2) 'where the Court has made a decision outside the adversarial issues presented to the Court by the parties,' or (3) 'where the Court has made an error not of reasoning but of apprehension.'" *Brown v. Centurian of Delaware, LLC*, C.A. No. 22-0923-GBW, 2023 WL 3541697, at *1 (D. Del. May 18, 2023) (quoting *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998)). No such circumstance is present here. Instead, it appears that Jazz is moving for re-argument on the ground that the Court was wrong to conclude that Avadel could demonstrate antitrust standing. (*See* D.I. 100 at 4 ("The Court's articulation of a new exception to the general antitrust standing rule in delayed-entry cases rested on the erroneous belief that the plaintiffs' 'only argument' in *Wellbutrin* for why earlier entry was possible notwithstanding a blocking patent was that the patent was invalid or not infringed."); *see also id.* at 7 ("The Court likewise erred in holding that a delayed-entry plaintiff can demonstrate antitrust standing by showing that it can obtain a license rendering its sales legal, without showing it would have actually been in a position to secure that license by the time of the alleged earlier launch.")). "Since the Court has already fully considered and addressed" this argument, it does "not provide grounds to grant" Jazz's

5

Motion. *Brown*, 2023 WL 3541697, at *2; *see also Evans v. Att'y Gen. of Delaware*, C.A. No. 17-1495-RGA, 2018 WL 3580292, at *1 (D. Del. July 25, 2018); *Butamax Advanced Biofuels LLC v. Gevo Inc.*, Civ. No. 12-1036-SLR, 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015) (stating that a motion for re-argument is "not properly grounded on a request that a court rethink a decision already made."); *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991) (a motion for re-argument is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously.").

Reconsideration is likewise not appropriate here.[3] In the Court's May 29, 2025 Memorandum Order, it found that a stay was not warranted, in part due to the late stage of the litigation and the undue prejudice Avadel faced by the delay a stay would cause. (D.I. 299 at 7-8). Nearly four months later, those concerns would be exacerbated, and the Court would therefore not alter its order denying a stay. This alone is sufficient to deny reconsideration. *Ampro Computs*, 2017 WL 877301, at *2 ("[I]in no instance should reconsideration be granted if it would not result in amendment of an order."). Therefore, were the Court to consider Jazz's Motion on the merits, it would nonetheless be denied.

## B. The Court Declines to Certify an Interlocutory Appeal

Jazz alternatively asks this Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b). (D.I. 100 at 9-10). As explained above, in order for a district court to grant a § 1292(b) certificate, the order to be appealed "must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed

---

[3] Although titled (in part) as a Motion for Reargument, Jazz's Motion also appears to seek reconsideration of the Opinion. (*See* D.I. 100 ("Specifically, Jazz requests that the Court *reconsider* its erroneous determination that *Wellbutrin* does not control here. (emphasis added))); *see also Corning*, 2006 WL 155255, at *3 n.1 (differentiating re-argument and reconsideration).

immediately 'materially advance the ultimate termination of the litigation.'" *Katz*, 496 F.2d at 754.

Assuming, without deciding, that the first two criteria are satisfied, the Court concludes that an interlocutory appeal would not "materially advance the ultimate termination of the litigation." *Katz*, 496 F.2d at 754. Trial begins in less than six weeks. "[W]here discovery has been ongoing and the case is nearly ready for trial, 'an interlocutory appeal can hardly advance the ultimate termination of the litigation.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (quoting *Bradburn Parent Teacher Store v. Minn. Mining & Mfg. Co.*, C.A. No. 02–7676, 2005 WL 1819969, *4 (E.D. Pa. Aug. 2, 2005)); *see also Tomaine v. Selip & Stylianou, LLP*, No. 2:20-cv-00156 (BRM) (JBC), 2024 WL 3440170, at *4 (D.N.J. July 17, 2024) ("However, at this stage of litigation the appeal process will likely not materially advance the termination of litigation. Discovery is closed, pre-trial motions have been adjudicated, and this action is approaching trial."). Thus, an interlocutory appeal is inappropriate at this time.

Even if all three criteria were met, the Court would use its discretion to decline to certify an interlocutory appeal. *See Bachowski*, 545 F.2d at 368 ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present."). The Court has consistently held that "Avadel should have its day in court on its antitrust counterclaims against Jazz." (D.I. 299 at 6). The Court declines to revisit that statement less than six weeks before trial. The portion of Jazz's Motion seeking certification of an interlocutory appeal is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, Jazz's Motion is DENIED.

\* \* \*

WHEREFORE, at Wilmington this 23rd day of September 2025, **IT IS HEREBY ORDERED** that Jazz's Motion (D.I. 100) is **DENIED**.

                                                        GREGORY B. WILLIAMS
                                       UNITED STATES DISTRICT JUDGE